LR11.2_NOTICE

# U.S. District Court
## Eastern District of Michigan (Flint)
### CRIMINAL DOCKET FOR CASE #: 4:12-cr-20101-MAG-MJH All Defendants

| | |
|---|---|
| Case title: United States of America v. McKnight | Date Filed: 02/14/2012 |
| Related Case: 4:15-cv-13232-MAG | Date Terminated: 08/07/2013 |

Assigned to: District Judge Mark A. Goldsmith
Referred to: Magistrate Judge Michael J. Hluchaniuk

Appeals court case number: 13-2075 U.S. Court of Appeals - Sixth Circuit

### Defendant (1)

**Gregory McKnight**
*TERMINATED: 08/07/2013*

represented by **Gregory McKnight**
46755-039
YANKTON
FEDERAL PRISON CAMP
Inmate Mail/Parcels
P.O. BOX 700
YANKTON, SD 57078
*PRO SE*

**Federal Community Defender**
613 Abbott
5th Floor
Detroit, MI 48226
313-967-5555
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Sworn*

**Edward C. Wishnow**
240 Daines
Birmingham, MI 48009-6241
248-258-1991
Fax: 248-258-6007
Email: edwishnow@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*
*Bar Status: Sworn*

**Federal Community Defender**
111 E. Court Street
Suite L-100
Flint, MI 48502
810-232-9600
*TERMINATED: 03/05/2012*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Sworn*

**Benton C. Martin**
Federal Defender Office
613 Abbott Street
Detroit, MI 48226
313-967-5832
Email: benton_martin@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Sworn*

| **Pending Counts** | **Disposition** |
|---|---|
| FRAUD BY WIRE, RADIO, OR TELEVISION (1) | IMPRISONMENT: 188 Months; SUPERVISED RELEASE: 3 Years; RESTITUTION: $48,969,560; SPECIAL ASSESSMENT: $100 |

**Highest Offense Level (Opening)**
Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

<u>**Highest Offense Level (Terminated)**</u>

None

<u>**Complaints**</u>

None

<u>**Disposition**</u>

---

<u>**Plaintiff**</u>

**United States of America**

represented by **A. Tare Wigod**
U.S. Attorney's Office
211 W Fort St
Detroit, MI 48226
313 226 9191
Fax: 313 226 5464
Email: Tare.Wigod@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: U.S. Attorney*
*Bar Status: US Government Attorney*

Email All Attorneys

Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2012 | 1 | INFORMATION as to Gregory McKnight (1) count(s) 1. (DPer) (Entered: 02/14/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before Magistrate Judge Michael J. Hluchaniuk: Initial Appearance as to Gregory McKnight. Bond Info: Gregory McKnight (1) $100,000 Unsecured. Disposition: Defendant released on bond. (Tape #: FTR - Flint) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (THal) (Entered: 02/16/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before Magistrate Judge Michael J. Hluchaniuk: Arraignment as to Gregory McKnight (1) Count 1 held on 2/16/2012. Disposition: Not guilty plea entered. (Tape #: FTR - Flint) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (THal) (Entered: 02/16/2012) |
| 02/16/2012 | 2 | ORDER APPOINTING FEDERAL DEFENDER as to Gregory McKnight. The defendant is ordered to make partial payments in the amount of $50.00 monthly, commencing on 03/15/12, until this case is terminated or otherwise ordered by the Court. Signed by Magistrate Judge Michael J. Hluchaniuk. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 3 | ORDER setting conditions of release as to Gregory McKnight. Signed by Magistrate Judge Michael J. Hluchaniuk. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 4 | BOND as to Gregory McKnight in the amount of $100,000.00 unsecured entered. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 5 | ACKNOWLEDGMENT of information by Gregory McKnight. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 6 | WAIVER OF INDICTMENT by Gregory McKnight. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Plea Hearing, Plea Entered by Gregory McKnight (1) Guilty Count 1, (**Sentencing set for 6/19/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**) (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 02/21/2012) |
| 02/16/2012 | 7 | PLEA AGREEMENT as to Gregory McKnight. (Goltz, D) (Entered: 02/23/2012) |
| 03/05/2012 | 8 | CJA 20 as to Gregory McKnight: Appointment of Attorney Edward C. Wishnow for Gregory McKnight, in place of Federal Defender. Signed by Magistrate Judge Michael J. Hluchaniuk. (PMil) (Entered: 03/06/2012) |
| 06/14/2012 | 9 | STIPULATION AND ORDER to Adjourn Sentencing Hearing as to Gregory McKnight, (**Sentencing reset for 9/11/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**). Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 06/14/2012) |
| 09/05/2012 | 10 | SENTENCING MEMORANDUM by United States of America as to Gregory McKnight (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1: Legisi.com website, # 3 Exhibit 2: Monthly Consolidated Profit & Loss Analysis, # 4 Exhibit 3: Final Judgment of Permanent Injunction and Other Relief) (Wigod, A.) (Entered: 09/05/2012) |
| 09/05/2012 | 11 | SENTENCING MEMORANDUM by Gregory McKnight (Attachments: # 1 Index of Exhibits, # 2 Exhibit Letter from Cox, # 3 Exhibit Letter from Maguffee, # 4 Exhibit Letter from Gillis, # 5 Exhibit Letter from Henson, # 6 Exhibit Letter from Oakman) (Wishnow, Edward) (Entered: 09/05/2012) |
| 09/11/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Sentencing held and continued as to Gregory McKnight, (**Status Conference set for 10/23/2012 @ 9:30 AM, Sentencing continued to 11/19/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**). Disposition: Held and adjourned. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 09/12/2012) |
| 10/23/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Status Conference as to Gregory McKnight held on 10/23/2012, (**Sentencing reset for 2/5/2013 @ 1:30 PM before District Judge Mark A. Goldsmith**). Disposition: Sentencing adjourned due to defendant's depositions scheduled for 1/23 & 1/24/13. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 10/23/2012) |
| 01/24/2013 | | Set/Reset Deadlines/Hearings as to Gregory McKnight: **Status Conference set for 1/28/2013 @ 2:30 PM before District Judge Mark A. Goldsmith.** (Goltz, D) (Entered: 01/24/2013) |
| 01/28/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Status Conference as to Gregory McKnight held on 1/28/2013, (**Memorandums due by 1/30/2013 by 12:00 p.m.**) Disposition: Parties to submit memorandums re post sentencing motions to address defendant's assistance, re: restitution. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 01/28/2013) |
| 01/28/2013 | | Set/Reset Deadlines/Hearings as to Gregory McKnight: **Status Conference set for 1/31/2013 @ 1:30 PM before District Judge Mark A. Goldsmith.** (Goltz, D) (Entered: 01/28/2013) |
| 01/30/2013 | 12 | MEMORANDUM *Brief* by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 01/30/2013) |
| 01/31/2013 | 13 | MEMORANDUM *In Support of Adjournment of Sentencing* by Gregory McKnight. (Wishnow, Edward) (Entered: 01/31/2013) |
| 01/31/2013 | 14 | Oral Motion to Remove Tether by Gregory McKnight. (Goltz, D) (Entered: 01/31/2013) |

| | | |
|---|---|---|
| 01/31/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: **Sentencing reset for 5/7/2013 @ 1:30 PM before District Judge Mark A. Goldsmith**. Disposition: Sentencing to be reset to allow Defendant to particiapte in depositions. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 01/31/2013) |
| 01/31/2013 | 15 | ORDER Denying Defendant's 14 Oral Motion for to Remove Tether as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 01/31/2013) |
| 05/06/2013 | | **Sentencing reset for 8/6/2013 @ 1:30 PM **AT THE REQUEST OF COUNSEL** before District Judge Mark A. Goldsmith**. Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 05/06/2013) |
| 08/06/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Sentencing held as to Gregory McKnight. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 08/06/2013) |
| 08/07/2013 | 16 | JUDGMENT as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (KKra) (Entered: 08/08/2013) |
| 08/12/2013 | 17 | TRANSCRIPT of Sentencing, Volume 2 held on 8/6/2013 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 33) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 9/3/2013. Redacted Transcript Deadline set for 9/12/2013. Release of Transcript Restriction set for 11/12/2013. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 08/12/2013) |
| 08/12/2013 | 18 | NOTICE OF APPEAL by Gregory McKnight re 16 Judgment. Fee Status: No Fee Paid. (Wishnow, Edward) (Entered: 08/12/2013) |
| 08/13/2013 | 19 | Certificate of Service re 18 Notice of Appeal as to Gregory McKnight. (DWor) (Entered: 08/13/2013) |
| 09/06/2013 | 20 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal - Disposition: Gregory McKnight show cause for failure to file the proper form. Forms now due 9/13/13 [Appeal Case Number 13-2075] (KKra) (Entered: 09/06/2013) |
| 10/15/2013 | 21 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal [Appeal Case Number 13-2075] (KKra) (Entered: 10/18/2013) |
| 10/18/2013 | 22 | TRANSCRIPT of Plea of Guilty held on 2/16/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 30) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/8/2013. Redacted Transcript Deadline set for 11/18/2013. Release of Transcript Restriction set for 1/16/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 10/18/2013) |
| 10/18/2013 | 23 | TRANSCRIPT of Status Conference held on 10/23/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 7) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/8/2013. Redacted Transcript Deadline set for 11/18/2013. Release of Transcript Restriction set for 1/16/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 10/18/2013) |
| 02/18/2014 | 24 | TRANSCRIPT of Sentencing proceedings held on 9/11/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 36) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 3/11/2014. Redacted Transcript Deadline set for 3/21/2014. Release of Transcript Restriction set for 5/19/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 02/18/2014) |
| 06/18/2014 | 25 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal [Appeal Case Number 13-2075] (KKra) (Entered: 06/20/2014) |
| 07/10/2014 | 26 | MANDATE from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal filed by Gregory McKnight [Appeal Case Number 13-2075] (KKra) (Entered: 07/18/2014) |
| 09/12/2014 | 27 | MOTION to Request Transcripts by Gregory McKnight. (KKra) (Entered: 09/17/2014) |
| 09/18/2014 | 28 | ORDER GRANTING DEFENDANT'S 27 MOTION TO REQUEST TRANSCRIPTS. Signed by District Judge Mark A. Goldsmith. (JCur) (Entered: 09/18/2014) |
| 09/18/2014 | | TEXT-ONLY CERTIFICATE OF SERVICE re 28 Order on Motion as to Gregory McKnight. Documents mailed to Gregory N. McKnight Pris. No. 46755-039 at FCI Milan, PO Box 1000, Milan, MI 48160. (JCur) (Entered: 09/18/2014) |
| 10/16/2014 | 29 | TRANSCRIPT of Initial Appearance/Arraignment held on 2/16/2012 as to Gregory McKnight. (Court Reporter/Transcriber: Carol S. Sapala) (Number of Pages: 17) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/6/2014. Redacted Transcript Deadline set for 11/17/2014. Release of Transcript Restriction set for 1/14/2015. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Sapala, C) (Entered: 10/16/2014) |
| 09/09/2015 | 31 | MOTION to Vacate Sentence under 28 U.S.C. 2255 by Gregory McKnight. (Attachments: # 1 Document Continuation) (SSch) Civil case 4:15-cv-13232-MAG opened. (Entered: 09/14/2015) |
| 09/14/2015 | 32 | NOTICE of Filing a Motion Under 28 U.S.C. 2255 as to Gregory McKnight (SSch) (Entered: 09/14/2015) |
| 09/16/2015 | 33 | Notice Regarding Parties' Responsibility to Notify Court of Address Changes (KKra) (Entered: 09/16/2015) |
| 10/02/2015 | 34 | ORDER Requiring Response to 31 Motion to Vacate (2255) as to Gregory McKnight. **Response due by 11/2/2015** Signed by District Judge Mark A. Goldsmith. (CHad) (Entered: 10/02/2015) |
| 10/06/2015 | 35 | MOTION to Have the Court Waive the Attorney/Client Priviledge and Motion for Extension of Time by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 10/06/2015) |
| 10/09/2015 | 36 | ORDER Regarding Plaintiffs Motion For Waiver Of Attorney/Client Privilege And Extension Of Time 35 : **Defendant's Response to Motion due by 11/5/2015; Plaintiff's Response to 31 Motion to Vacate (2255) due by 1/11/2016**. Signed by District Judge Mark A. Goldsmith. (JCur) (Entered: 10/09/2015) |
| 10/27/2015 | 37 | ORDER Regarding Defendant's Response to Government's Motion as to Gregory McKnight ( **Defendant's Response due by 11/16/2015**). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 10/27/2015) |

| 10/27/2015 | | TEXT-ONLY CERTIFICATE OF SERVICE re 35 MOTION to Have the Court Waive the Attorney/Client Priviledge and Motion for Extension of Time , 37 Order, Set/Reset Motion and R&R Deadlines/Hearings, 36 Order Requiring Responsive Pleading, 34 Order Requiring Responsive Pleading as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160. (Sandusky, K) (Entered: 10/27/2015) |
|---|---|---|
| 12/15/2015 | 38 | ORDER Granting Plaintiff's Motion to Waive Attorney-Client Privilege (Dkt. 35 ) as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 12/15/2015) |
| 12/15/2015 | | TEXT-ONLY CERTIFICATE OF SERVICE re 38 Order on Motion - Free as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160. (Sandusky, K) (Entered: 12/15/2015) |
| 01/04/2016 | 39 | MOTION for Extension of Time to File Response/Reply by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 01/04/2016) |
| 01/04/2016 | | TEXT-ONLY ORDER Granting Motion for Extension of Time to File Response/Reply (dkt. 39 ) as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 01/04/2016) |
| 02/08/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/08/2016) |
| 02/09/2016 | 40 | Ex Parte MOTION for Leave to File Excess Pages by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 02/09/2016) |
| 02/11/2016 | | TEXT-ONLY ORDER Granting Ex Parte MOTION for Leave to File Excess Pages 40 as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 02/11/2016) |
| 02/11/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/11/2016) |
| 02/16/2016 | 41 | MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Vacate Sentence under 28 U.S.C. 2255, 39 MOTION for Extension of Time to File Response/Reply by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 02/16/2016) |
| 02/16/2016 | 42 | RESPONSE by United States of America as to Gregory McKnight re 31 MOTION to Vacate Sentence under 28 U.S.C. 2255 (Attachments: # 1 Index of Exhibits Government's Exhibit List, # 2 Exhibit 1 Correspondence from Fifth Third Bank, # 3 Exhibit 2 Decision from National Futures Association, # 4 Index of Exhibits 3 Letter dated January 3, 2012, from Edward Wishnow to Gregory McKnight) (Wigod, A.) (Entered: 02/16/2016) |
| 02/18/2016 | | TEXT-ONLY ORDER: ORDER Granting Motion for Extension of Time to File Response/Reply 41 as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 02/18/2016) |
| 02/18/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/18/2016) |
| 02/26/2016 | 43 | OBJECTION to 42 Response to Motion, by Gregory McKnight (SSch) (Entered: 03/02/2016) |
| 06/02/2016 | 44 | OPINION AND ORDER Denying Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (DKT. 31 ) and Denying Certificate of Appealability as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) Modified on 6/2/2016 (Sandusky, K). (Entered: 06/02/2016) |
| 06/02/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re 44 Memorandum Opinion & Order, as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 06/02/2016) |
| 04/28/2020 | 45 | Emergency MOTION for Compassionate Release by Gregory McKnight. (NAhm) (Entered: 05/21/2020) |
| 05/26/2020 | 46 | ORDER Regarding Defendant Gregory McKnight's Motion for Compassionate Release (Dkt. 45 ) ( **Notice due by 5/29/2020**). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 05/26/2020) |
| 05/26/2020 | | TEXT-ONLY CERTIFICATE OF SERVICE re 46 Order as to Gregory McKnight, 46755-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels,P.O. BOX 700, YANKTON, SD 57078 (Sandusky, K) (Entered: 05/26/2020) |
| 05/29/2020 | 47 | NOTICE *REGARDING DEFENDANTS CUSTODIAL STATUS* by United States of America as to Gregory McKnight re 46 Order, Set/Reset Motion and R&R Deadlines/Hearings (Attachments: # 1 Exhibit 1) (Wigod, A.) (Entered: 05/29/2020) |
| 06/22/2020 | 48 | ORDER Denying Gregory McKnight's Motion for Compassionate Release (Dkt. 45 ) as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 06/22/2020) |
| 06/22/2020 | | TEXT-ONLY CERTIFICATE OF SERVICE re 48 Order on Motion - Free as to Gregory McKnight, 46755-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 700, YANKTON, SD 57078 (Sandusky, K) (Entered: 06/22/2020) |
| 10/21/2020 | 49 | COPY of 48 Order mailed to Gregory McKnight and returned as undeliverable (DPer) (Entered: 10/22/2020) |
| 02/01/2021 | 50 | COPY of 46 Order mailed to Gregory McKnight and returned as undeliverable (DPer) (Entered: 02/02/2021) |
| 09/09/2021 | 51 | MOTION to Appoint Counsel by Gregory McKnight. (Martin, Benton) (Entered: 09/09/2021) |
| 09/10/2021 | 52 | ORDER granting 51 Motion to Appoint Counsel as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 09/10/2021) |
| 09/10/2021 | 53 | ORDER APPOINTING FEDERAL COMMUNITY DEFENDER as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 09/10/2021) |
| 09/10/2021 | 54 | NOTICE OF ATTORNEY APPEARANCE: Benton C. Martin appearing for Gregory McKnight (Martin, Benton) (Entered: 09/10/2021) |
| 10/13/2023 | 55 | NOTICE OF ATTORNEY APPEARANCE: Benton C. Martin appearing for Gregory McKnight (Martin, Benton) (Entered: 10/13/2023) |
| 01/29/2024 | 58 | MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* by Gregory McKnight. (Martin, Benton) (Entered: 01/29/2024) |
| 01/30/2024 | | TEXT-ONLY ORDER Government shall file a response to the motion for retroactive application of sentencing guidelines re: 821 amendment (Dkt. 58 ) by **2/5/2024**. Defendant's Reply is due by **2/7/2024** as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 01/30/2024) |
| 02/05/2024 | 59 | RESPONSE by United States of America as to Gregory McKnight re 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* (Attachments: # 1 Exhibit 1 - Victim Impact Statements) (Wigod, A.) (Entered: 02/05/2024) |
| 02/07/2024 | 60 | REPLY TO RESPONSE by Gregory McKnight re 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* (Martin, Benton) (Entered: 02/07/2024) |

| | | |
|---|---|---|
| 02/14/2024 | | TEXT-ONLY ORDER: The Government shall file a sur-reply in response to the reply brief filed by Defendant by **2/21/2024** as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 02/14/2024) |
| 02/21/2024 | 61 | SUPPLEMENTAL BRIEF re 60 Reply to Response to Motion by United States of America as to Gregory McKnight (Wininger, Craig) (Entered: 02/21/2024) |
| 02/23/2024 | 62 | RESPONSE to 61 Supplemental Brief by Gregory McKnight (Martin, Benton) (Entered: 02/23/2024) |
| 12/27/2024 | 63 | EXECUTIVE GRANT OF CLEMENCY by President Joseph R. Biden, Jr. dated 12/12/2024 as to Gregory McKnight. (JOwe) (Entered: 12/27/2024) |
| 01/02/2025 | 64 | NOTICE by Gregory McKnight of withdrawal of 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* . (Martin, Benton) (Entered: 01/02/2025) |
| 04/25/2025 | 65 | ORDER TRANSFERRING JURISDICTION to District of Wyoming as to Gregory McKnight Signed by District Judge Mark A. Goldsmith. (CJoh) (Entered: 04/25/2025) |
| 04/28/2025 | | TEXT-ONLY NOTICE to District of Wyoming of Transfer as to Gregory McKnight. Using your PACER account, you may retrieve the docket sheet and any unrestricted documents and text-only entries. Please note the following documents: 1 Information - Felony, 16 Judgment (If you require sealed documents or certified copies, please send a request to InterDistrictTransfer_mied@mied.uscourts.gov. If you require a defendant's payment history, please send a request to financial@mied.uscourts.gov.) (SSch) (Entered: 04/28/2025) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY McKNIGHT,

        Defendant.

_____/

NO.      **12 - 20101**

HON. MARK A. GOLDSMITH
United States District Judge

**FILED**

FEB 1 4 2012

U.S. DISTRICT COURT
FLINT, MICHIGAN

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### Relevant Persons and Entities

1.    At all relevant times to this Information, GREGORY McKNIGHT resided at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. McKNIGHT was the founder, owner, and president of Legisi Holdings, LLC. In that capacity, McKNIGHT controlled the day to day business activities of Legisi Holdings, LLC.

2.    At all relevant times to this Information, Legisi Holdings, LLC, had its principal place of business at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. Legisi Holdings, LLC, also conducted business from an office located at 5154 Miller Road, Flint, Eastern District of Michigan.

3.    At all relevant times to this Information, Legisi Holdings, LLC, was a company incorporated in Nevis, West Indies.

4.      Legisi.com ("Legisi") was purported by McKNIGHT to be a wholly owned subsidiary of Legisi Holdings, LLC. Legisi was an investment program offered by McKNIGHT, through Legisi Holdings, LLC, whereby members of the public would invest money in Legisi in exchange for a promised rate of return. Legisi was an acronym for Lucrative Electronic Gold Income Services International.

5.      E-bullion, Inc. ("e-bullion") was an online service that offered, among other things, to transfer money for a fee. It operated from a website called www.e-bullion.com, as well as from offices at 1330 Flynn Road, Camarillo, California. The website represented that "The e-Bullion Company is a Panama Corporation wholly owned by Goldfinger Bullion Reserve Corporation." The Goldfinger Bullion Reserve Corporation is a Delaware Corporation which was incorporated on February 23, 2001.

6.      McKNIGHT controlled multiple e-bullion accounts held in the name of various entities, such as Greg McKNIGHT (account B75831), Legisi Holdings (account B96566), Healthy Body Nutraceuticals (account B50965), and Lido Consulting (account B57108).

7.      McKNIGHT also controlled a Fifth Third Bank Account (number 7911431463) held in the name Legisi Marketing Inc., located at the Flint branch of Fifth Third Bank, Eastern District of Michigan.

<u>The Scheme to Defraud</u>

8.      From at least December 2005 through November 2007, McKNIGHT perpetrated a scheme to defraud the investors of Legisi by soliciting and obtaining millions of dollars of funds under false and fraudulent pretenses.

2

9.      To execute the scheme, in December of 2005, McKNIGHT began offering and selling interests in a pooled investment program called Legisi.  McKNIGHT promoted the offering around the world through a publicly available internet website at www.legisi.com. McKNIGHT raised money based on promises that he would invest the offering proceeds and then pay the investors each month, which payments would be funded with profits from his investments.  McKNIGHT further represented that his investing activities consistently generated a monthly profit ranging from 15% to 18%.  McKNIGHT also claimed that he set aside 10% of all his investing profits each month to create a reserve account for the benefit of investors in the event that his investments failed to earn the expected return.

10.      In truth and in fact, McKNIGHT knew that these representations were false and fraudulent.  Indeed, McKNIGHT operated a classic Ponzi scheme where the source of the money paid out to investors was not derived from the profits of McKNIGHT'S investments, but from new investor funds.  Contrary to his representations, McKNIGHT used investors' funds to meet the periodic redemption requests of other investors.  Moreover, contrary to what McKNIGHT portrayed to Legisi investors, his investments in fact generated significant losses.  Further, McKNIGHT did not establish a reserve account for the benefit of Legisi members in the event that his investments failed to earn the expected return.

11.      Through this Ponzi scheme, McKNIGHT accepted millions of dollars of investor money.  From December 2005 through November 2007, McKNIGHT raised approximately $72 million dollars from over 3,000 members of the public.  From the outset of the scheme, and continuing through its operation, McKNIGHT obtained investor funds through interstate wire transfers from financial entities located outside the Eastern District of Michigan.  The principle

3

mechanism by which McKNIGHT would obtain investor funds was through the utilization of e-bullion. McKNIGHT directed investors to create an e-bullion account, fund that account, create and activate a Legisi account, and then fund the Legisi account. An investor's Legisi account was funded by transferring funds from the investor's e-bullion account into a McKNIGHT controlled e-bullion account.

12.     Over 97% of funds, approximately $62 million, deposited into e-bullion accounts controlled by McKNIGHT were funded with investor funds.

13.     In furtherance of his scheme to defraud, McKNIGHT, from within the Eastern District of Michigan, transferred, or caused to be transferred, over $11 million from e-bullion accounts that received investor funds into his Fifth Third Bank Account Number 7911431463, located in Flint, Michigan. McKNIGHT used these funds to further the scheme to defraud and for his own personal gain.

## COUNT ONE
### (Wire Fraud)

14.     The allegations contained in paragraphs 1 through 13 above, are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

15.     From at least December 2005 through November 2007, in the Eastern District of Michigan, GREGORY McKNIGHT unlawfully, willfully, and knowingly, devised and intended to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice, to wit: on or about

4

March 28, 2007, McKNIGHT wired, or caused to be wired, $334,000.00 of investor funds from E-bullion account number B75831 to his bank account at the Flint branch of Fifth Third Bank in the Eastern District of Michigan.

(Title 18, United States Code, Section 1343.)

BARBARA L. McQUADE
United States Attorney

Dated:  February 14, 2012

s/ CRAIG F. WININGER
Assistant United States Attorney
Chief, Branch Offices

Dated:  February 14, 2012

s/ A. TARE WIGOD
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone number: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P58479

12 - 20101

## Companion Case information MUST be completed by AUSA and initialed

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

### Reassignment/Recusal Information   This matter was opened in the USAO prior to August 15, 2008  [  ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☐ No | AUSA's Initials:   atw |

**FILED**

**Case Title:** USA v. Gregory McKnight

FEB 14 2012

**County where offense occurred :**  Genesee

U.S. DISTRICT COURT
FLINT, MICHIGAN

**Check One:**   ☒ **Felony**     ☐ **Misdemeanor**     ☐ **Petty**

\_\_\_\_Indictment/ ✓ Information --- **no prior complaint.**
\_\_\_\_Indictment/\_\_\_\_Information --- based upon prior complaint [Case number: _____]
\_\_\_\_Indictment/\_\_\_\_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____    **Judge:** _____

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 14, 2012
_____
Date

s/ A. TARE WIGOD
_____

Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P 58479

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America<br>V.<br>GREGORY N. McKNIGHT | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 12CR20101-1<br>USM Number: 46755-039<br><br>Edward C. Wishnow<br>Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **1 of the Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | November, 2007 | 1 |

The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 6, 2013
Date of Imposition of Judgment

s/Mark A. Goldsmith
United States District Judge

August 7, 2013
Date Signed

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**188 months**

    **See next page for recommendations.**

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.


_____
United States Marshal


_____
Deputy United States Marshal

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## ADDITIONAL IMPRISONMENT TERMS

None

## ADDITIONAL RECOMMENDATIONS

The Court waives the cost of incarceration, due to the defendants lack of financial resources.

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the IFRP and approves the payment schedules of this program and hereby orders the defendants compliance.

The Court recommends the defendant be placed at FCI Milan.

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  **3 years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

# SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the:**restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The Court waives the cost of supervision, due to the defendants lack of financial resources.**

**Mandatory drug testing is suspended.**

**4. The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords, and Internet Service Provider(s), that you have potential and/or reasonable access to and abide by all rules of the U.S. Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the U.S. Probation Department. The defendant shall consent to the probation officer conducting periodic unannounced examinations of all computer systems, which may include computer monitoring software at your expense. For the purpose of accounting for all computers, hardware, software, and accessories; the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.)**

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

# CRIMINAL MONETARY PENALTIES

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 48,969,560.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robert Gordon, Clark Hill | $48,969,560.00 | $48,969,560.00 | |
| 151 South Old Woodward Avenue | | | |
| Suite 200 | | | |
| Birmingham, MI 48009 | | | |
| **TOTALS:** | $ 48,969,560.00 | $ 48,969,560.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.