FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 08 2026
11:22 a.n.
Margaret Botkins, Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

**United States of America,**
Plaintiff,

v.

**Gregory McKnight,**
Pro Se Defendant.

**Case No. 25-CR-00071**

## DEFENDANT'S PRO SE MOTION TO COMPEL PRODUCTION OF RESTITUTION ACCOUNTING, RECEIVER MATERIALS, AND RELATED DOCUMENTS

### INTRODUCTION

Defendant Gregory McKnight, appearing **pro se**, respectfully moves this Court to compel production of the restitution accounting and related materials required under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664.

Defendant did not initiate this matter with motion practice. Defendant attempted to resolve the issue cooperatively. Because the Court declined to provide the required materials, Defendant now brings this motion out of necessity, not preference.

**"Defendant owes a total amount of $48,969,560.00 and has paid $10,822.92."**
— *Order Denying Motion for Updated Restitution Accounting, Apr. 3, 2026.*

That one sentence does not satisfy the Court's statutory obligations. It does not disclose the basis of the restitution figure, the recoveries applied, the distributions made, or the methodology used. It does not allow Defendant to verify the accuracy of the balance. And it does not comply with § 3664(b), which requires disclosure of "all portions of the presentence or other report pertaining to restitution."

Because the informal route was refused, Defendant now proceeds more formally.

## FACTUAL BACKGROUND

### A. The restitution figure was derived from receiver materials

At sentencing, Judge Goldsmith made clear that the restitution figure came directly from the receiver's accounting:

**"One aspect of the Rule 11 Plea Agreement is an agreement to a restitution figure of almost 49 million dollars…"**
— *Sentencing Tr., Aug. 6, 2013 at 14:23–25.*

The Receiver confirmed:

**"Those claims total just over 44 million dollars in claims held by approximately 1,800 claimants."**
— *Sentencing Tr., Sept. 11, 2012 at 17:14–17.*

The sentencing record also reflects:

- **A claims process run by the Receiver**
- **Recoveries from seized accounts, futures liquidation, and real property**
- **A $1.5 million distribution to victims**
- **Ongoing civil and FINRA proceedings tied to asset recovery**

These materials were relied upon to set restitution. They were incorporated into the PSR. They were adopted by the sentencing court. Yet they have never been provided to the Defendant.

### B. The Wyoming Court denied Defendant's request for the underlying materials

The Court's April 3, 2026 order denied Defendant's request for an updated accounting and provided only a static balance. No ledger. No recoveries. No distributions. No documentation. No explanation.

Defendant cannot verify or challenge the restitution balance without the underlying materials.

## LEGAL STANDARD

### A. MVRA and § 3664(b) require disclosure of restitution-related reports

**18 U.S.C. § 3664(b)** mandates disclosure of:

**"all portions of the presentence or other report pertaining to restitution."**

Receiver reports, claims rosters, distribution schedules, and financial records are "other report[s]" within the meaning of the statute when they are used to determine restitution — as they were here.

### B. Restitution is criminal punishment and must meet procedural safeguards

The Supreme Court's decision in **_Ellingburg v. United States_** (Jan. 20, 2026) reaffirmed that restitution under the MVRA is **criminal punishment**, not a civil debt. As such, it must be imposed and administered with full procedural safeguards, including transparency and accuracy.

A restitution balance cannot be insulated from scrutiny.

### C. Defendant is entitled to the materials used to calculate restitution

Where a court relies on external materials — such as receiver reports — to determine restitution, the defendant must be given access to those materials to test the accuracy of the calculation. Courts routinely order disclosure or in-camera review to balance privacy concerns with statutory rights.

## ARGUMENT

### I. The Court cannot rely on materials it refuses to disclose

The sentencing record shows the restitution figure was built on:

- **Receiver accounting**
- **Claims rosters**
- **Distribution schedules**
- **Financial reports**
- **Civil-case recoveries**

The Court cannot adopt those materials at sentencing and then deny Defendant access to them.

### II. The Court's prior denial left Defendant with no lawful means to verify the balance

Defendant attempted the cooperative route. The Court declined.
This motion is therefore necessary to enforce statutory rights.

### III. The requested materials are narrowly tailored and subject to protective measures

Defendant seeks only the documents used to calculate restitution.
If privacy concerns exist, the Court can:

- Order **in-camera review**
- Permit **redacted public filings**
- Enter a **protective order**

These tools resolve confidentiality concerns without denying Defendant's rights.

## REQUESTED RELIEF

Defendant respectfully requests that the Court order production of:

1. The full restitution ledger
2. All receiver financial reports
3. The claims roster
4. All distribution schedules
5. Bank/transaction records supporting collections and disbursements
6. Victim documentation used to calculate restitution
7. Any civil-court accounting affecting restitution
8. A sworn declaration from the Receiver explaining the methodology

Alternatively, Defendant requests **in-camera review** and production of non-privileged portions.

## CONCLUSION

Defendant attempted to obtain this information informally. The Court declined. Defendant now invokes the rights Congress provided and the procedural protections reaffirmed in *Ellingburg*. The Court should compel production of the materials necessary to ensure that restitution — a criminal penalty — is administered lawfully, accurately, and transparently.

Respectfully submitted,

**Gregory McKnight**
Pro Se Defendant
Rawlins, Wyoming

April 7, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on **April 7, 2026**, I mailed a copy of the foregoing

Motion to Compel to the United States Attorney's Office for the District of

Wyoming, 2120 Capitol Avenue, Suite 4000, Cheyenne, WY 82001.

Gregory McKnight

Pro Se Defendant

# EXHIBIT A

## Order Denying Motion for Updated Restitution Accounting
### (April 3, 2026)



**FILED**

**3:48 pm, 4/3/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

VS.

        Case No. 25-CR-00071

GREGORY MCKNIGHT,

        Defendant,

---

## ORDER DENYING DEFENDANT'S MOTION FOR UPDATED RESTITUTION ACCOUNTING

This matter is before the Court on Defendant Gregory McKnight's Motion for Updated Restitution Accounting. (ECF No. 12). Defendant asks this Court for copies of (1) the current restitution balance; (2) the total amount of funds collected; (3) the total amount of funds distributed; (4) any final accounting or report in related civil proceedings; (5) documentation reflecting disbursements made; (6) victim-related documentation used to calculate restitution amount; and (7) any other materials used to determine present restitution balance. (*Id*. at 1). Defendant has not presented any facts or law that entitle him to this documentation.

This Court, having considered the motion, the record, and being otherwise fully advised, finds there is no legal basis entitling Defendant to the documentation he seeks. However, as a courtesy, the Court will advise Defendant that based on this Court's records, Defendant owes a total amount of $48,969,560.00 and has paid $10,822.92. Accordingly,

Defendant's total outstanding restitution balance is $48,958,737.08. The restitution has and will continue to be collected and distributed in accordance with the judgment. (ECF No. 16 at 6, *USA v. McKnight*, No. 12-20101, (E.D Mich. 2012)).

Thus, Defendant has failed to establish any factual or legal basis to support his request.

**IT IS HEREBY ORDERED** Defendant's Motion (ECF No. 12) is **DENIED.**

Dated this 3rd day of April, 2026.

Scott W. Skavdahl
United States District Judge

# EXHIBIT B

**Sentencing Transcript Excerpts**
**(Sept. 11, 2012 and Aug. 6, 2013)**

**1. Sentencing Tr. (Sept. 11, 2012) at 13:23–25:**

"One aspect of the Rule 11 Plea Agreement is an agreement to a restitution figure of almost 49 million dollars ..."

**2. Sentencing Tr. (Aug. 6, 2013) at 6:7–16:**

"... the receiver set up a claims process and identified approximately 1,800 victims or so ... the total amount was a little over 44 million dollars ... less 1.5 million dollars that the receiver has distributed back to the victims ..."

# EXHIBIT C

**Defendant's Prior Request for Restitution Accounting**

## REQUEST FOR UPDATED RESTITUTION ACCOUNTING AND SUPPORTING DOCUMENTATION

**United States v. McKnight**
Case No. 25-CR-00071-SWS

Defendant Gregory McKnight respectfully requests an updated accounting of his restitution obligations, along with the supporting documentation necessary to understand the current balance and the basis for that balance.

### 1. Purpose of the Request

This request is made solely for the purpose of obtaining clarity regarding the defendant's restitution obligations. The defendant seeks to ensure that he has accurate information regarding:

- the total restitution imposed,
- any payments credited,
- any disbursements made to alleged victims,
- any offsets or recoveries applied,
- **the total amount of funds collected to date by the receiver or any entity acting on behalf of the Court,**
- **the total amount previously distributed to victims**, and
- the current outstanding balance.

Understanding these matters is necessary for the defendant to comply with his obligations and to maintain accurate personal records.

### 2. Requested Materials

To that end, the defendant respectfully requests copies of the following:

1. The current restitution balance as reflected in the Court's records;
2. **The total amount of funds collected to date by the receiver, government, or any entity acting on behalf of the Court;**
3. **The total amount of funds previously distributed to victims, including any distributions made prior to sentencing;**
4. Any final accounting or report prepared by the receiver or custodian appointed in the related civil proceedings;
5. Any documentation reflecting payments received, disbursements made, or offsets applied;
6. Any victim-related documentation used to calculate the restitution amount; and
7. Any other materials the Court or the government relies upon to determine the present restitution balance.

## 3. Nature of the Request

This request does not seek modification, reduction, or reconsideration of the restitution order. It is made solely to obtain information necessary for the defendant to understand and comply with his obligations.

Respectfully submitted,


**Gregory McKnight**
Pro Se
Rawlins, WY
Date: _____

# EXHIBIT D

**Judgment – Restitution Page**

# EXHIBIT D

AO245B [Rev. 12/03] Judgment in a Criminal Case Case 2:12-cr-20101-MAG-MJH    ECF No. 16, PageID.114    Filed 08/07/13    Page 6 of 6
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 6 of 6

DEFENDANT: GREGORY N. McKNIGHT
CASE NUMBER: 12CR20101-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 48,969,560.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robert Gordon, Clark Hill | $48,969,560.00 | $48,969,560.00 | |
| 151 South Old Woodward Avenue | | | |
| Suite 200 | | | |
| Birmingham, MI 48009 | | | |
| **TOTALS:** | $ 48,969,560.00 | $ 48,969,560.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

United States of America,
    Plaintiff,

v.

                               **Case No. 25-CR-00071**

Gregory McKnight,
    Defendant.

## PROPOSED ORDER

Upon consideration of Defendant's Motion to Compel Production of Restitution Accounting and Related Materials, it is hereby **ORDERED** that the motion is **GRANTED**.

The United States shall produce the restitution ledger, receiver reports, claims roster, distribution schedules, and all materials relied upon to calculate restitution, or submit them for in-camera review within 30 days.

**SO ORDERED.**

_____

Hon. Scott W. Skavdahl
United States District Judge

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

Retail



UNITED STATES
POSTAL SERVICE

U.S. PO
FCM LC
RAWLIN
APR 06

82001    $2.

RDC 99    S2324W

United States District Court
District of Wyoming
ATTN: Clerk of the Court
2120 Capitol Ave., Rm, 2131
Cheyenne, WY 82001