DARIN D. SMITH
United States Attorney
C. LEVI MARTIN (WY Bar # 6-3781)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124
Christopher.martin@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Docket No. 1:25-cr-00071-SWS |
| GREGORY MCKNIGHT, | |
| Defendant. | |

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL (DOC. 14)

Plaintiff United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney C. Levi Martin, submits this response to *Defendant's Pro Se Motion to Compel Production of Restitution Accounting, Receiver Materials, and Related Documents (Doc. 14)*.

### BACKGROUND

On August 6, 2013, Defendant Gregory McKnight was sentenced by the United States District Court for the Eastern District of Michigan for wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1-1 at 13–18). In addition to a term of 188 months of incarceration and three years of supervised release, the Eastern District of Michigan ordered Defendant to pay $48,969,560 in restitution. (*Id.*). On April 28, 2025, the Eastern District of Michigan transferred jurisdiction to the

District of Wyoming for the sole purpose of Defendant's supervised release. (Doc. 1). In March 2026, Defendant filed a *Request for Updated Restitution Accounting and Supporting Documentation* with this Court. (*See* Doc. 12). This Court denied Defendant's request on April 3, 2026. (Doc. 13). Seemingly in response to the Court's order, Defendant filed a motion to compel on April 8, 2026. (Doc. 14).

**DISCUSSION**

This Court should deny Defendant's motion to compel and instruct Defendant to raise his arguments that are related to his restitution with the Eastern District of Michigan because this Court lacks jurisdiction. This case is before the Court pursuant to a limited transfer of jurisdiction provided by 18 U.S.C. § 3605. Section 3605 states:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605. Notably, subchapter C of Chapter 227, which concerns fines, is excluded from the limited grant of jurisdiction that is promulgated through Section 3605. Therefore, this Court can conclude that where a defendant resides during his term of supervised release will afford the transferee court *in personam* jurisdiction over the defendant for his term of supervision. Nothing in Section 3605 authorizes the district overseeing a defendant's supervision to decide issues concerning the restitution imposed by the sentencing court of original jurisdiction. *See, e.g.*, *United States v. Wayne*, 394 F. App'x 497, 498 (10th Cir. 2010) (court exercising jurisdiction over defendant's supervision in Colorado pursuant to 18 U.S.C. § 3605 lacked jurisdiction to set aside restitution order imposed by sentencing court in Missouri); *United States v. Lussier*, 104 F.3d 32,

37 (2d Cir. 1997) (statute permitting court to modify conditions of supervised release did not authorize court to rescind restitution imposed at sentencing on grounds of illegality); *United States v. Weiss*, 2022 WL 10667255, at *2 (S.D.N.Y. Oct. 17, 2022) ("Jurisdiction over Defendant's fine remains with the Middle District of Florida because the fine is part of his original criminal judgment and the limited grant of authority to this transferee Court did not include the power to alter it."). Accordingly, the Court should deny Defendant's motion for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, the transfer of Defendant's criminal case to this Court for the purposes of his supervision did not divest the Eastern District of Michigan District Court of jurisdiction over the restitution. Instead, the Eastern District of Michigan, as the sentencing court, retains jurisdiction over the restitution component of the Criminal Judgment until it is satisfied or Defendant's liability to pay terminates. The United States, therefore, respectfully requests this Court to deny Defendant's motion for lack of jurisdiction and instruct Defendant to pursue his requests in the Eastern District of Michigan. Defendant should also be encouraged to contact the Financial Litigation Program (FLP) of the United States Attorney's Office for the Eastern District of Michigan to obtain information related to his payment history.[1]

Dated April 14, 2026.

DARIN D. SMITH
United States Attorney

By:    */s/ C. Levi Martin*
C. LEVI MARTIN
Assistant United States Attorney

---

[1] The United States Attorney's Office for the District of Wyoming does not even have access to Defendant's payment history.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, I served a true and correct copy of the foregoing upon Defendant, *pro se*, by depositing with the United States Postal Service, first-class postage prepaid, as follows:

Gregory McKnight
405 Harshman Street
Rawlins, WY 82301

/s/ *Amanda Hudson*
AMANDA HUDSON
United States Attorney's Office