**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
Plaintiff,

v.

GREGORY McKNIGHT,
Defendant.

**Case No. 1:25-cr-00071-SWS**

# DEFENDANT'S REPLY AND REQUEST FOR ORDER IDENTIFYING RESTITUTION RECORDS

## TABLE OF AUTHORITIES

**Cases:**

- Ellingburg v. United States, 602 U.S. ___ (2026)
- United States v. Lussier, 104 F.3d 32 (2d Cir. 1997)
- United States v. Wayne, 394 F. App'x 497 (10th Cir. 2010)

**Statutes:**

- 18 U.S.C. § 3605
- 18 U.S.C. § 3664(a)
- 18 U.S.C. § 3664(k)
- 18 U.S.C. § 3664(m)(1)(A)
- 18 U.S.C. § 3664(m)(1)(B)

## I. Defendant Does Not Seek Modification of Restitution

The Government's Response (Doc. 16) repeatedly asserts that this Court lacks jurisdiction to "set aside" or "alter" restitution under 18 U.S.C. § 3605. Defendant agrees.

The Eastern District of Michigan retains exclusive jurisdiction to modify the restitution judgment.

Defendant's Motion to Compel (Doc. 14) does not seek modification. It seeks records:

- an updated restitution accounting,
- receiver materials, and
- supporting documentation.

These are documents necessary to understand and comply with the judgment being enforced. They do not require any alteration of restitution.

## II. Section 3605 Does Not Relieve the Government of Its Duty to Maintain and Produce Restitution Records

The Government's jurisdictional argument ignores its statutory obligations under 18 U.S.C. § 3664. Congress imposed on *"the Government"* — specifically the Attorney General — the duty to maintain, track, and be able to produce restitution records.

- § 3664(a) requires the Government to provide the information necessary to administer restitution.
- § 3664(k) requires the Government to notify the court of any material change in the defendant's economic circumstances.
- § 3664(m)(1)(A) requires the Government to enforce restitution as a criminal judgment.
- § 3664(m)(1)(B) assigns enforcement and record-keeping responsibilities to the Attorney General.

The Assistant United States Attorney who filed the Response is *"the Government"* for purposes of § 3664. The Government cannot simultaneously claim the authority to enforce restitution while disclaiming responsibility for the records underlying that enforcement.

## III. The Government's Filing Strongly Suggests the Records Do Not Exist

The Government admits:

**"The United States Attorney's Office for the District of Wyoming does not even have access to Defendant's payment history."**
— Doc. 16 at 3 n.1.

This is not a trivial statement. It means:

- The Government cannot verify the restitution balance.
- The Government cannot confirm whether a receiver ever filed a final report.
- The Government cannot identify the custodian of the records.
- The Government cannot produce the documents it is statutorily required to maintain.

The Government does not assert that the requested records exist. It does not identify who has them. It does not claim it can obtain them. Its silence — combined with its admission — supports the reasonable inference that the records do not exist or have not been preserved.

## IV. Ellingburg Confirms That Restitution Is Criminal Punishment and Requires Constitutional Record-Keeping

In **Ellingburg v. United States, 602 U.S. ___ (2026)**, the Supreme Court held that restitution imposed under the MVRA is criminal punishment, not a civil debt. Because restitution is punishment, the Government's obligations under § 3664 are constitutional in nature.

Under *Ellingburg*:

- The Government must maintain accurate records of criminal punishment.
- The Government must be able to account for the amounts it enforces.
- The Government must provide a defendant access to those records upon request.

The Government's admission that it *"does not even have access"* to Defendant's payment history raises a serious constitutional concern. If the Government cannot locate or verify the records underlying a criminal punishment, the enforcement of that punishment is constitutionally defective.

## V. The suggestion to "Contact the Financial Litigation Program" Is Hardly a Legal Remedy

The Government's suggestion that Defendant "contact the Financial Litigation Program" is hardly a legal remedy. It provides:

- no enforcement mechanism,
- no deadline,
- no assurance that the FLP possesses the records, and
- no indication that the records exist.

A defendant cannot be required to chase informal, non-judicial channels when the Government itself cannot confirm the existence or location of the records it is enforcing.

## VI. Requested Relief

Defendant respectfully requests that the Court issue an order requiring the United States to:

1. **State whether the requested restitution accounting and receiver records exist;**
2. **If they exist, identify the custodian and produce them;**
3. **If they do not exist, state that fact on the record.**

This relief does not modify restitution. It merely ensures transparency and compliance with statutory and constitutional obligations.

*Respectfully submitted,*

Gregory McKnight
405 Harshman Street
Rawlins, WY 82301
Pro Se Defendant