

**FILED**

**1:17 pm, 4/24/26**

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

       Plaintiff,

       VS.

GREGORY MCKNIGHT,

       Defendant,

Case No.  25-CR-0071

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND MOTION FOR ORDER IDENTIFYING RESTITUTION RECORDS

This matter is before the Court on Defendant McKnight's Motion to Compel Records. (ECF No. 14). The government responded, (ECF No. 16), and Defendant replied (ECF No. 17). Defendant's reply also included what the Court has construed as a Motion for Order Identifying Restitution Records. (*Id*.) Having considered the parties' filings and the record and being otherwise fully advised, the Court finds Defendant's motions must be denied.

This Court does not restate the facts, but rather incorporates them herein. (ECF No. 9 at 2). As this Court as previously outlined, and as relevant here, in 2013, Defendant was sentenced in the Eastern District of Michigan and his term of supervised release commenced on December 20, 2024. (ECF No. 7 at 1). In 2025, jurisdiction over Defendant's supervision was transferred to the District of Wyoming pursuant to 18 U.S.C.

§ 3605. (ECF No. 1 at 1, ECF No. 7 at 2). After this Court denied Defendant's motion for updated restitution accounting, (ECF No. 13), Defendant has filed a motion to compel "production of restitution accounting, receiver materials, and related documents." (ECF No. 14 at 1). Defendant argues this Court's prior order denying a restitution accounting "does not satisfy the Court's statutory obligations" because "it does not disclose the basis of the restitution figure, the recoveries applied, the distributions made, or the methodology used." (*Id*). Defendant argues 18 U.S.C. §§ 3663A and 3364 require this Court to provide him the requested materials. (*Id*. at 1-3). Defendant is mistaken.

While the Court cannot discern exactly which part of § 3663A to which Defendant refers, the plain meaning of the statutes cited by Defendant indicate they are inapplicable to this Court at present. 18 U.S.C. § 3663A states that it only applies at earlier stages of the criminal process, namely, at sentencing through issuance of the order of restitution. 18 U.S.C. 3663A(A)(1) ("when sentencing a defendant . . ."); 18 U.S.C. § 3663A(b) ("the order of restitution shall require . . . "); 18 U.S.C. §3663A(c)(1) ("this section shall apply in all sentencing proceedings . . ."). 18 U.S.C. § 3664 by its plain language applies to the process of compiling and issuing the presentence report and restitution order at sentencing. 18 U.S.C. § 3664(a) ("the Court shall order the probation officer to obtain and include in its presentence report . . "). Here, the Eastern District of Michigan already conducted sentencing, issued the order of restitution, and entered judgment. (ECF No. 1-1). Additionally, this Court only has limited jurisdiction over Defendant pursuant to 18 U.S.C § 3605. Accordingly, neither statute alleged is applicable to this Court's oversight of Defendant's term of supervised release.

The Court also finds *U.S. v. Wayne* instructive. 384 Fed. App'x 497 (10th Cir. 2010). In that case, Defendant Wayne plead guilty to wire fraud in U.S. District Court for the Western District of Missouri and was sentenced to thirty-seven months imprisonment, three years of supervised release, and was ordered to pay $208,117.04 in restitution. *Id.* at 498. While on supervised release, jurisdiction over Wayne's supervision was transferred to the District of Colorado based on 18 U.S.C § 3605. *Id.* Wayne then challenged the restitution order in Colorado. *Id.* The U.S. District Court for the District of Colorado denied Wayne's motion, noting such issues were the proper subject matter for an appeal and that it lacked jurisdiction to set aside the restitution order. On appeal, the Tenth Circuit affirmed, noting:

> "We agree with the district court that the challenge to the restitution order Wayne raised in her motion was required to be brought on direct appeal . . . [a]lthough jurisdiction over Wayne's term of supervised release was transferred to the Colorado district court pursuant to 18 U.S.C. § 3605, Wayne has failed to identify any statute conferring jurisdiction on the Colorado court to decide the merits of the issue raised in her motion."

*U.S. v. Wayne*, 394 Fed. App'x 497, 498 (10th Cir. 2010).

Similarly, here, McKnight has already appealed his restitution order, among other issues, arguing to the Sixth Circuit that the restitution amount was false. (ECF No. 47-1 at 8, Appeal No. 13-2075, Sixth Circuit). The Sixth Circuit affirmed the district court's ruling, noting "our independent review of the record reveals no colorable issues for appeal." (ECF No. 50-2 at 4, Appeal No. 13-2075, Sixth Circuit). McKnight has also failed to identify any statute conferring jurisdiction on this Court to provide him the requested materials so he can challenge his restitution

order. In fact, the Court does not even have access to any of the materials that Defendant requests. As the government points out, the Eastern District of Michigan retains jurisdiction over Defendant's sentence, including restitution, and any remedy would lie in the Eastern District of Michigan. (ECF No. 16 at 3). As suggested by the Government, this Court directs Defendant to the Financial Litigation Program of the U.S. Attorney's Office for the Eastern District of Michigan to obtain information related to his payment history. (ECF No. 16 at 3).

McKnight's reply argues the records he requests do not exist. (ECF No. 17). As already indicated, this Court lacks both jurisdiction and direct access to the records Defendant requests, and he should contact the sentencing court for further information.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel (ECF No. 14) and Motion for order to identify restitution records (ECF No. 17) are **DENIED**.

Dated this 24th day of April, 2026.


Scott W. Skavdahl
United States District Judge