**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
    Plaintiff,

Case No. 25-CR-00071-SWS

v.

GREGORY N. MCKNIGHT,
    Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

### Introduction

Defendant Gregory N. McKnight, proceeding pro se, respectfully moves this Court for an order suspending all conditions of supervised release pending resolution of his Motion for Relief from Void Judgment (ECF No. 66), filed in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH. This Motion is supported by the Declaration of Gregory N. McKnight (Exhibit A), the Notice of Jurisdictional Defect (Exhibit B), previously delivered by email to Sr. U.S. Probation Officer Greg Lewis. filed herewith.

### Factual Background

On April 30, 2026, the U.S. Probation Office for the District of Wyoming set up a phone meeting and called the Defendant, who spoke with the Deputy Chief of the Probation Office. Present on the call: Defendant Gregory N. McKnight, Brett Bohlender, Deputy Chief U.S. Probation Officer, Shelby Heatherly, Supervisory U.S. Probation Officer, and Greg Lewis, Sr. U.S. Probation Officer.

During the call, Defendant informed the Deputy Chief that he had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

Defendant requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

The Deputy Chief refused to suspend enforcement of supervised release conditions.

The Deputy Chief directed Defendant to "take it up with the court."

During the same conversation, the Deputy Chief stated: "We are monitoring your [restitution] payments."

On May 1, 2026, Defendant contacted the Clerk of Court for the Eastern District of Michigan. The Clerk confirmed that if any documentation relating to BOP release or commencement of supervised release had been transmitted to her office by the Probation Office, it would have been docketed. No such documentation appears on the docket.

On the same date, Defendant spoke with U.S. Probation Officer Clark of the Eastern District of Michigan Probation Office. Officer Clark confirmed that the only release information in Defendant's file is the BOP release of **December 10, 2025**. Officer Clark had no record of supervised release commencement.

## Legal Argument

### A. The Underlying Judgment Is Subject to a Pending Void Judgment Challenge

The underlying criminal judgment entered in the Eastern District of Michigan is the subject of a pending Motion for Relief from Void Judgment (ECF No. 66). That motion challenges the validity of the judgment from which all supervised release conditions in this case derive.

If the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant.

The Probation Office has refused to suspend enforcement and has directed Defendant to seek relief from this Court. Defendant has exhausted his administrative remedy and now brings this matter before the Court as directed.

The Court has the authority under 18 U.S.C. § 3583 to modify or suspend conditions of supervised release. Given the pending challenge to the validity of the underlying judgment, suspension of all conditions is warranted to prevent irreparable harm during the pendency of the EDMI motion.

### B. Supervised Release Never Formally Commenced in the Sentencing District

A separate and independent basis for relief exists. Supervised release never formally commenced in the sentencing district. On May 1, 2026, both the Clerk of Court for the Eastern District of Michigan and EDMI Probation Officer Clark confirmed that no supervised release commencement documentation has been docketed or recorded. The only documented event in the Sentencing District's Probation records is Defendant's release from BOP custody on **December 10, 2025**.

Under 18 U.S.C. § 3605, a sentencing court may transfer jurisdiction over a person **on supervised release** to another district. That transfer presupposes that supervised release has formally commenced in the sentencing district and exists as a matter of record. Where no commencement of supervised release has been docketed or recorded in the sentencing district, **there is nothing to transfer**.

Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction from the sentencing court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

**Prayer for Relief**

WHEREFORE, Defendant Gregory N. McKnight, having presented the foregoing to the U.S. Probation Office for the District of Wyoming and now the U.S. District Court for the District of Wyoming, respectfully requests that this Court enter an order:

  a. Suspending all conditions of supervised release pending resolution of the Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan;

  b. Directing the U.S. Probation Office for the District of Wyoming to cease enforcement of all supervised release conditions during the pendency of the EDMI motion; and

  c. Granting such other and further relief as this Court deems just and proper.

**Due to the ongoing and irreparable nature of the harm described herein, Defendant requests that this motion be considered on an emergency basis.**

Respectfully submitted,
Date: May 1, 2026

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

**UNITED STATES OF AMERICA,**
   **Plaintiff,**

**v.**

**GREGORY N. MCKNIGHT,**
   **Defendant.**

**Case No. 25-CR-00071-SWS**

**CERTIFICATE OF SERVICE**

I, Gregory N. McKnight, proceeding pro se, hereby certify that on May 1, 2026, I caused a true and correct copy of the foregoing Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment, together with all supporting documents, to be served upon the following parties by placing the same in the United States Mail, first-class postage prepaid, addressed as follows:

**Office of the United States Attorney
District of Wyoming
2120 Capitol Avenue, Suite 4002
Cheyenne, WY 82001**

**U.S. Probation Office
District of Wyoming
2120 Capitol Avenue, Room 7008
Cheyenne, WY 82001**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2026

Gregory N. McKnight
Pro Se Defendant
405 Harshman St.
Rawlins, WY 82301

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
  Plaintiff,

**Case No. 25-CR-00071-SWS**

v.

GREGORY N. MCKNIGHT,
  Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

# EXHIBIT A

**Declaration of Gregory N. McKnight**

## DECLARATION OF GREGORY N. MCKNIGHT IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE

I, Gregory N. McKnight, make this Declaration pursuant to 28 U.S.C. § 1746, under penalty of perjury. The following statements are true and correct to the best of my knowledge and belief. I am the Defendant in the above-captioned case and am proceeding pro se.

1. On April 30, 2026, I placed a telephone call to the U.S. Probation Office for the District of Wyoming. I spoke with the Deputy Chief of the Probation Office.

2. During the call, I informed the Deputy Chief that I had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

3. I requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

4. The Deputy Chief refused to suspend enforcement of supervised release conditions.

5. The Deputy Chief directed me to "take it up with the court."

6. During the same conversation, the Deputy Chief stated: "We are monitoring your payments."

This Declaration is submitted in support of Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2026, at Rawlins, Wyoming.

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301
mcgreg22060@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
  Plaintiff,

Case No. 25-CR-00071-SWS

v.

GREGORY N. MCKNIGHT,
  Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

# EXHIBIT B

**Notice of Jurisdictional Defect**

# JURISDICTIONAL DEFECT NOTICE

**To:** U.S. Probation Office, District of Wyoming

**From:** Gregory N. McKnight

**Re:** Request for Supervisory Review – Supervised-Release Commencement and Jurisdiction

I am providing formal notice of a jurisdictional defect affecting my supervised release. This notice is not a refusal to comply. I am complying with all instructions while this issue is reviewed. My intent is to ensure that the record accurately reflects the statutory requirements governing commencement and jurisdiction.

**1. Supervised release can begin only in the sentencing district, and only after BOP releases the person from imprisonment.**

Under **18 U.S.C. § 3624(e)**, supervised release begins **only** when:

1. BOP releases the individual from imprisonment, and
2. The **sentencing district's probation office** receives the BOP Release Notification and initiates supervision.

I was not released from imprisonment on **12/20/2024**. I remained in **BOP custody** under the Federal Location Monitoring Program (FLMP). FLMP is legally considered **imprisonment**, not supervised release. Because I remained in BOP custody, supervised release could not begin on that date.

**2. The sentencing district (EDMI) never initiated supervision.**

The Eastern District of Michigan (EDMI) docket contains:

- **no BOP release notice**,
- **no probation intake**,
- **no supervised-release commencement entry**, and
- **no § 3605 transfer order**.

If EDMI had initiated supervision, the Clerk would have been required to docket a commencement entry. No such entry exists. This confirms that EDMI never initiated supervised release under § 3624(e).

**3. Wyoming cannot initiate supervised release for a sentence imposed in another district.**

Under **18 U.S.C. § 3605**, a receiving district may accept jurisdiction **only after** the sentencing district has:

1. lawfully commenced supervision, and
2. transferred jurisdiction.

Because EDMI never commenced supervision and never (lawfully) transferred jurisdiction, Wyoming had no statutory authority to initiate supervision or assign a start date.

**4. The PROB-22 form is circular and cannot establish jurisdiction.**

The PROB-22 lists a supervised-release start date of **12/20/2024**, but that date did **not** originate from EDMI. It appears to have been generated in Wyoming.

Wyoming then used that Wyoming-generated date to:

- treat supervision as already "in effect,"
- justify accepting a transfer, and
- enforce conditions.

This is circular:

**Wyoming supplied the start date → Wyoming used the start date to justify the transfer → Wyoming used the transfer to justify the start date.**

A receiving district cannot create the very condition (a valid, existing term of supervised release) that § 3605 requires **before** a transfer can occur.

**5. Clemency does not authorize Wyoming to initiate supervised release.**

If the 12/20/2024 date was derived from the Presidential clemency grant, that reliance is misplaced. Clemency may end imprisonment, but it does **not**:

- commence supervised release,
- assign a supervised-release start date,
- transfer jurisdiction, or
- empower a receiving district to initiate supervision.

**Only the sentencing district may commence supervision under § 3624(e).**

**6. Wyoming's intake cannot substitute for EDMI's commencement.**

There are two types of intake:

- **Sentencing-district intake (EDMI)** – jurisdictional, administrative, and required to start supervision.
- **Receiving-district intake (Wyoming)** – procedural only, and valid **only after** EDMI has commenced and transferred supervision.

Wyoming's intake cannot cure the absence of EDMI's commencement.

**7. I am complying under protest until the Court resolves this issue.**

I am **not** refusing supervision or lawful authority. I am requesting clarification because the statutory prerequisites for supervised-release commencement and transfer do not appear to have been met.

**8. Request for supervisory review and transmission to the Court.**

Because this issue concerns **jurisdiction**, not conduct, it is outside the authority of an individual probation officer to resolve. I respectfully request:

1. Supervisory review, and
2. Transmission of this notice to the Court for clarification of:

   - the lawful supervised-release commencement date,
   - whether EDMI initiated supervision under § 3624(e), and
   - whether jurisdiction validly transferred under § 3605.

Thank you for your attention to this matter.


/s/ **Gregory N. McKnight**
**405 Harshman St.**
**Rawlins, WY 82301**

**Date: 4/27/2026**