
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.

GREGORY MCKNIGHT,

Defendant,

Case No. 25-CR-00071

**ORDER DENYING DEFENDANT'S "EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT"**

This matter is before the Court on Defendant's pro se "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). More specifically, Defendant asks this Court to suspend all conditions of his supervised release while the Eastern District of Michigan considers his pending Motion for Relief from Void Judgment. (*Id*. at 2). Having reviewed Defendant's Motion and the record, and having reviewed the record in *USA v. McKnight*, No. 12-cr-20101 (E.D. Mich. 2012) (the "E.D. Mich. Docket"), for the reasons that follow, Defendant's motion is denied.

In 2013, Defendant was sentenced in the Eastern District of Michigan to 188 months followed by 3 years of supervised release for wire fraud in connection with a Ponzi scheme. (ECF No 4 at 1; ECF No. 7 at 1). Defendant incurred a grant of executive clemency which

left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (ECF No. 7 at 2). Defendant's term of supervised release commenced on December 20, 2024. (Id. at 1; ECF No. 65, E.D. Mich. Docket). In 2025, jurisdiction over Defendant's supervision was properly transferred to the District of Wyoming. (ECF No. 65, E.D. Mich. Docket; ECF Nos. 1, 7 at 2).

In Wyoming, attempting to exhaust every avenue to terminate his supervised release, Defendant has filed a slew of baseless motions in this Court. After just over a year on supervised release, Defendant filed a Motion to terminate his supervised release on December 22, 2025 (ECF No. 2), which was denied by this Court. (ECF No. 5). Thereafter, throughout February and March of 2026, Defendant filed a Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel, (ECF No. 8), both of which were denied. (ECF No. 9). On March 16, Defendant then filed a renewed Motion to Appoint Counsel (ECF No. 10), which was also denied. (ECF No. 11). On March 25, he filed a Motion for Updated Restitution Accounting and on April 8, filed a Motion to Compel "Production of Restitution Accounting, Receiver Materials, and Related Documents" (ECF No. 12, 14), which were also denied. (ECF No. 13, 18).

On May 4, 2026, Defendant filed this "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). In the motion, Defendant requests that this Court suspend the conditions of his supervised release because "if the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of

conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant." (*Id.* at 2).

Defendant also argues that because no supervised release commencement documentation was docketed or recorded on the Eastern District of Michigan Docket, "supervised release never formally commenced in the sentencing district," and his supervised release does not exist. (*Id.*). He notes:

> Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction in the sentencing Court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

(*Id.*).

This Court declines to suspend supervised release simply because Defendant has filed a Motion for Relief from Void Judgment in the Eastern District of Michigan, and there is simply no legal basis to do so.

Additionally, even if Defendant's contentions were correct that "supervised release never formally commenced in the sentencing district," this would not void this Court's jurisdiction over Defendant's supervised release. Contrary to Defendant's assertion, supervised release *did* commence in the sentencing court, and ECF No. 65 on the E.D. Mich. docket confirms Defendant's supervised release commencement date of December 20, 2024. (E.D. Mich. Case 12-CR-20201; ECF No. 65). Second, the Court has reviewed the dockets in Wyoming and the Eastern District of Michigan and confirmed jurisdiction over Defendant's supervised release was properly transferred to this Court. *Id.* (See also Wyo. Case No. 25-CR-071;

ECF No. 1—Transfer of Jurisdiction). Accordingly, there is no legal basis entitling Defendant to the relief he seeks and has only confirmed his need for continued supervision.

## CONCLUSION & ORDER

For those reasons set forth above, Defendant's "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment" (ECF No. 19) is hereby **DENIED**.

Dated this 6th day of May, 2026.

Scott W. Skavdahl
United States District Judge