APPEAL,CLOSED,PROSE

# U.S. District Court
## District of Wyoming (Casper)
## CRIMINAL DOCKET FOR CASE #: <u>1:25−cr−00071−SWS−1</u>
### *Internal Use Only*

Case title: USA v. McKnight

Date Filed: 04/28/2025

Other court case number: 4:12−cr−20101−MAG−MJH Eastern District of Michigan (Flint)

Date Terminated: 04/28/2025

Assigned to: District Judge Scott W Skavdahl

**Defendant (1)**

**Gregory McKnight**
*TERMINATED: 04/28/2025*

represented by **Gregory McKnight**
405 Harshman Street
Rawlins, WY 82301
PRO SE

**Pending Counts**

**Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

**Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

**Disposition**

18 U.S.C. § 1343 Wire Fraud

**Plaintiff**

**USA**

represented by **C Levi Martin**
UNITED STATES ATTORNEYS
OFFICE
PO Box 668
Cheyenne, WY 82003−0668

307/772–2124
Fax: 307/772–2123
Email: christopher.martin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Christyne Marie Martens**
UNITED STATES ATTORNEYS
OFFICE
District of Wyoming
PO Box 22211
100 East B Street
Suite 2211
Casper, WY 82604
307/261–5434
Fax: 307/261–5471
Email: christyne.martens@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Nicole M Romine – NO ACCESS**
UNITED STATES ATTORNEY'S
OFFICE
2120 Capitol Avenue, Fourth Floor
PO Box 668
Cheyenne, WY 82003
307/772–2124
Fax: 307/772–2123
Email: nicole.romine@usdoj.gov
*TERMINATED: 01/26/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2025 | 1 | TRANSFER OF JURISDICTION for Supervised Release Gregory McKnight from Eastern District of Michigan (Flint). (Attachments: # 1 Docket sheet, Information and Judgment) (Court Staff, stbd) (Entered: 04/28/2025) |
| 12/22/2025 | 2 | MOTION for Early Termination of Supervision by Defendant Gregory McKnight (stamped copy returned to dft in SASE) (Court Staff, sbh) Modified text on 12/22/2025 (Court Staff, sbh). (Entered: 12/22/2025) |
| 01/26/2026 | 3 | NOTICE OF ATTORNEY APPEARANCE: Christyne M. Martens appearing for USA (Martens, Christyne) (Entered: 01/26/2026) |
| 01/26/2026 | 4 | SEALED DOCUMENT – RECOMMENDATION to Motion for Early Termination of Supervised Release as to Gregory McKnight. (Court Staff, sbrr) (Entered: 01/26/2026) |
| 01/29/2026 | 5 | |

| | | |
|---|---|---|
| | | ORDER Denying 2 Motion for Early Termination of Supervision as to Gregory McKnight by the District Judge Scott W Skavdahl. Mailed to Defendant via US Mail. (Court Staff, smms) (Entered: 01/29/2026) |
| 02/11/2026 | 6 | MOTION for Reconsideration re 5 Order on Motion for Early Termination of Probation by Defendant(s) Gregory McKnight. (Attachments: # 1 Exhibit A, # 2 Proposed Order, # 3 Envelope)(Court Staff, stmo) (Entered: 02/11/2026) |
| 02/24/2026 | 7 | RESPONSE to 6 MOTION for Reconsideration re 5 Order on Motion for Early Termination of Probation by USA as to Gregory McKnight. (Martens, Christyne) (Entered: 02/24/2026) |
| 03/03/2026 | 8 | REPLY to 7 Response and MOTION to Appoint Counsel by Defendant Gregory McKnight (Attachments: # 1 Proposed Order) (Court Staff, sbh) (Entered: 03/03/2026) |
| 03/09/2026 | 9 | ORDER DENYING 6 Motion for Reconsideration and DENYING 8 MOTION to Appoint Counsel filed by Gregory McKnight by the District Judge Scott W Skavdahl. Sent copy to Defendant via US Mail. (Court Staff, smms) (Entered: 03/09/2026) |
| 03/16/2026 | 10 | MOTION to Appoint Counsel by Defendant Gregory McKnight (Attachments: # 1 Proposed Order) (Court Staff, sbh) (Entered: 03/16/2026) |
| 03/17/2026 | 11 | ORDER DENYING 10 Motion to Appoint Counsel as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 03/17/2026) |
| 03/25/2026 | 12 | MOTION for Updated Restitution Accounting by Defendant(s) Gregory McKnight. Copy to Clerk's Office Financial Department on March 25, 2026. (Attachments: # 1 Cover Letter)(Court Staff, szf) (Entered: 03/25/2026) |
| 04/03/2026 | 13 | ORDER DENYING 12 Defendant's Motion for Updated Restitution Accounting as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. CC Defendant via U.S. Mail. (Court Staff, smms) (Entered: 04/03/2026) |
| 04/08/2026 | 14 | MOTION to Compel "Production of Restitution Accounting, Receiver Materials, and Related Documents" by Defendant(s) Gregory McKnight. Copy sent to Clerk's Office Financial Department on 4/8/26.(Court Staff, smxb) (Entered: 04/08/2026) |
| 04/13/2026 | 15 | NOTICE OF ATTORNEY APPEARANCE: C. Levi Martin appearing for USA (Martin, C) (Entered: 04/13/2026) |
| 04/14/2026 | 16 | RESPONSE to 14 MOTION to Compel by USA as to Gregory McKnight. (Martin, C) (Entered: 04/14/2026) |
| 04/17/2026 | 17 | REPLY to 16 Response to Motion to Compel and MOTION for Order Identifying Restitution Records by Defendant(s) Gregory McKnight. (Attachments: # 1 Proposed Order)(Court Staff, sbrr) (Entered: 04/17/2026) |
| 04/24/2026 | 18 | ORDER DENYING 14 Motion to Compel and DENYING 17 Motion for Order as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy of Order sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 04/24/2026) |
| 05/04/2026 | 19 | *Emergency* MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment by Defendant Gregory McKnight. (Attachments: # 1 Cover Letter, # 2 Envelope)(Court Staff, sbrr) (Entered: 05/04/2026) |
| 05/05/2026 | 20 | |

|  |  | ORDER Denying 19 Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 05/05/2026) |
| --- | --- | --- |
| 05/11/2026 | 21 | NOTICE OF APPEAL as to 20 Order Denying Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment filed by Defendant Gregory McKnight. (Attachments: # 1 Envelope) (Court Staff, stmo) (Entered: 05/11/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
    Plaintiff,

v.

GREGORY N. MCKNIGHT,
    Defendant.

Case No. 25-CR-00071-SWS

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

---

### Introduction

Defendant Gregory N. McKnight, proceeding pro se, respectfully moves this Court for an order suspending all conditions of supervised release pending resolution of his Motion for Relief from Void Judgment (ECF No. 66), filed in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH. This Motion is supported by the Declaration of Gregory N. McKnight (Exhibit A), the Notice of Jurisdictional Defect (Exhibit B), previously delivered by email to Sr. U.S. Probation Officer Greg Lewis. filed herewith.

### Factual Background

On April 30, 2026, the U.S. Probation Office for the District of Wyoming set up a phone meeting and called the Defendant, who spoke with the Deputy Chief of the Probation Office. Present on the call: Defendant Gregory N. McKnight, Brett Bohlender, Deputy Chief U.S. Probation Officer, Shelby Heatherly, Supervisory U.S. Probation Officer, and Greg Lewis, Sr. U.S. Probation Officer.

During the call, Defendant informed the Deputy Chief that he had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

Defendant requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

The Deputy Chief refused to suspend enforcement of supervised release conditions.

The Deputy Chief directed Defendant to "take it up with the court."

During the same conversation, the Deputy Chief stated: "We are monitoring your [restitution] payments."

On May 1, 2026, Defendant contacted the Clerk of Court for the Eastern District of Michigan. The Clerk confirmed that if any documentation relating to BOP release or commencement of supervised release had been transmitted to her office by the Probation Office, it would have been docketed. No such documentation appears on the docket.

On the same date, Defendant spoke with U.S. Probation Officer Clark of the Eastern District of Michigan Probation Office. Officer Clark confirmed that the only release information in Defendant's file is the BOP release of **December 10, 2025**. Officer Clark had no record of supervised release commencement.

## Legal Argument

### A. The Underlying Judgment Is Subject to a Pending Void Judgment Challenge

The underlying criminal judgment entered in the Eastern District of Michigan is the subject of a pending Motion for Relief from Void Judgment (ECF No. 66). That motion challenges the validity of the judgment from which all supervised release conditions in this case derive.

If the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant.

The Probation Office has refused to suspend enforcement and has directed Defendant to seek relief from this Court. Defendant has exhausted his administrative remedy and now brings this matter before the Court as directed.

The Court has the authority under 18 U.S.C. § 3583 to modify or suspend conditions of supervised release. Given the pending challenge to the validity of the underlying judgment, suspension of all conditions is warranted to prevent irreparable harm during the pendency of the EDMI motion.

### B. Supervised Release Never Formally Commenced in the Sentencing District

A separate and independent basis for relief exists. Supervised release never formally commenced in the sentencing district. On May 1, 2026, both the Clerk of Court for the Eastern District of Michigan and EDMI Probation Officer Clark confirmed that no supervised release commencement documentation has been docketed or recorded. The only documented event in the Sentencing District's Probation records is Defendant's release from BOP custody on **December 10, 2025**.

Under 18 U.S.C. § 3605, a sentencing court may transfer jurisdiction over a person **on supervised release** to another district. That transfer presupposes that supervised release has formally commenced in the sentencing district and exists as a matter of record. Where no commencement of supervised release has been docketed or recorded in the sentencing district, **there is nothing to transfer**.

Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction from the sentencing court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

**Prayer for Relief**

WHEREFORE, Defendant Gregory N. McKnight, having presented the foregoing to the U.S. Probation Office for the District of Wyoming and now the U.S. District Court for the District of Wyoming, respectfully requests that this Court enter an order:

a. Suspending all conditions of supervised release pending resolution of the Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan;

b. Directing the U.S. Probation Office for the District of Wyoming to cease enforcement of all supervised release conditions during the pendency of the EDMI motion; and

c. Granting such other and further relief as this Court deems just and proper.

**Due to the ongoing and irreparable nature of the harm described herein, Defendant requests that this motion be considered on an emergency basis.**

Respectfully submitted,
Date: May 1, 2026

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
    Plaintiff,

v.

GREGORY N. MCKNIGHT,
    Defendant.

Case No. 25-CR-00071-SWS

## CERTIFICATE OF SERVICE

I, Gregory N. McKnight, proceeding pro se, hereby certify that on May 1, 2026, I caused a true and correct copy of the foregoing Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment, together with all supporting documents, to be served upon the following parties by placing the same in the United States Mail, first-class postage prepaid, addressed as follows:

**Office of the United States Attorney**
**District of Wyoming**
**2120 Capitol Avenue, Suite 4002**
**Cheyenne, WY 82001**

**U.S. Probation Office**
**District of Wyoming**
**2120 Capitol Avenue, Room 7008**
**Cheyenne, WY 82001**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2026

Gregory N. McKnight
Pro Se Defendant
405 Harshman St.
Rawlins, WY 82301

WYD 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
  Plaintiff,

                                      **Case No. 25-CR-00071-SWS**

v.

GREGORY N. MCKNIGHT,
  Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

# EXHIBIT A

**Declaration of Gregory N. McKnight**

## DECLARATION OF GREGORY N. MCKNIGHT IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE

I, Gregory N. McKnight, make this Declaration pursuant to 28 U.S.C. § 1746, under penalty of perjury. The following statements are true and correct to the best of my knowledge and belief. I am the Defendant in the above-captioned case and am proceeding pro se.

1. On April 30, 2026, I placed a telephone call to the U.S. Probation Office for the District of Wyoming. I spoke with the Deputy Chief of the Probation Office.

2. During the call, I informed the Deputy Chief that I had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

3. I requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

4. The Deputy Chief refused to suspend enforcement of supervised release conditions.

5. The Deputy Chief directed me to "take it up with the court."

6. During the same conversation, the Deputy Chief stated: "We are monitoring your payments."

This Declaration is submitted in support of Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2026, at Rawlins, Wyoming.

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301
mcgreg22060@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
   Plaintiff,

v.

GREGORY N. MCKNIGHT,
   Defendant.

Case No. 25-CR-00071-SWS

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

# EXHIBIT B

**Notice of Jurisdictional Defect**

# JURISDICTIONAL DEFECT NOTICE

**To:** U.S. Probation Office, District of Wyoming

**From:** Gregory N. McKnight

**Re:** Request for Supervisory Review – Supervised-Release Commencement and Jurisdiction

I am providing formal notice of a jurisdictional defect affecting my supervised release. This notice is not a refusal to comply. I am complying with all instructions while this issue is reviewed. My intent is to ensure that the record accurately reflects the statutory requirements governing commencement and jurisdiction.

**1. Supervised release can begin only in the sentencing district, and only after BOP releases the person from imprisonment.**

Under **18 U.S.C. § 3624(e)**, supervised release begins **only** when:

1. BOP releases the individual from imprisonment, and
2. The **sentencing district's probation office** receives the BOP Release Notification and initiates supervision.

I was not released from imprisonment on **12/20/2024**. I remained in **BOP custody** under the Federal Location Monitoring Program (FLMP). FLMP is legally considered **imprisonment**, not supervised release. Because I remained in BOP custody, supervised release could not begin on that date.

**2. The sentencing district (EDMI) never initiated supervision.**

The Eastern District of Michigan (EDMI) docket contains:

- **no BOP release notice**,
- **no probation intake**,
- **no supervised-release commencement entry**, and
- **no § 3605 transfer order**.

If EDMI had initiated supervision, the Clerk would have been required to docket a commencement entry. No such entry exists. This confirms that EDMI never initiated supervised release under § 3624(e).

**3. Wyoming cannot initiate supervised release for a sentence imposed in another district.**

Under **18 U.S.C. § 3605**, a receiving district may accept jurisdiction **only after** the sentencing district has:

1. lawfully commenced supervision, and
2. transferred jurisdiction.

Because EDMI never commenced supervision and never (lawfully) transferred jurisdiction, Wyoming had no statutory authority to initiate supervision or assign a start date.

**4. The PROB-22 form is circular and cannot establish jurisdiction.**

The PROB-22 lists a supervised-release start date of **12/20/2024**, but that date did **not** originate from EDMI. It appears to have been generated in Wyoming.

Wyoming then used that Wyoming-generated date to:

- treat supervision as already "in effect,"
- justify accepting a transfer, and
- enforce conditions.

This is circular:

**Wyoming supplied the start date → Wyoming used the start date to justify the transfer → Wyoming used the transfer to justify the start date.**

A receiving district cannot create the very condition (a valid, existing term of supervised release) that § 3605 requires **before** a transfer can occur.

**5. Clemency does not authorize Wyoming to initiate supervised release.**

If the 12/20/2024 date was derived from the Presidential clemency grant, that reliance is misplaced. Clemency may end imprisonment, but it does **not**:

- commence supervised release,
- assign a supervised-release start date,
- transfer jurisdiction, or
- empower a receiving district to initiate supervision.

**Only the sentencing district may commence supervision under § 3624(e).**

**6. Wyoming's intake cannot substitute for EDMI's commencement.**

There are two types of intake:

- **Sentencing-district intake (EDMI)** – jurisdictional, administrative, and required to start supervision.
- **Receiving-district intake (Wyoming)** – procedural only, and valid **only after** EDMI has commenced and transferred supervision.

Wyoming's intake cannot cure the absence of EDMI's commencement.

**7. I am complying under protest until the Court resolves this issue.**

I am **not** refusing supervision or lawful authority. I am requesting clarification because the statutory prerequisites for supervised-release commencement and transfer do not appear to have been met.

**8. Request for supervisory review and transmission to the Court.**

Because this issue concerns **jurisdiction**, not conduct, it is outside the authority of an individual probation officer to resolve. I respectfully request:

1. Supervisory review, and
2. Transmission of this notice to the Court for clarification of:

    - the lawful supervised-release commencement date,
    - whether EDMI initiated supervision under § 3624(e), and
    - whether jurisdiction validly transferred under § 3605.

Thank you for your attention to this matter.


/s/ **Gregory N. McKnight**
**405 Harshman St.**
**Rawlins, WY 82301**

**Date: 4/27/2026**

WYD 14

Gregory N. McKnight
Pro Se Defendant
405 Harshman St.
Rawlins, WY
May 1, 2026



Clerk of Court
United States District Court
District of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

**Re: United States v. McKnight, Case No. 25-CR-00071-SWS — Filing of Defendant's Emergency Motion to Suspend Supervised Release**

Dear Clerk of Court:

Defendant Gregory N. McKnight, proceeding pro se, respectfully submits for filing the enclosed Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment, together with all supporting documents, in the above-captioned matter. Mr. McKnight respectfully requests that the Clerk docket the enclosed materials at the Court's earliest convenience.

The following documents are enclosed herewith for filing:

- Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment
- Exhibit A Cover Sheet
- Declaration of Gregory N. McKnight (Exhibit A)
- Exhibit B Cover Sheet
- Notice of Jurisdictional Defect (Exhibit B)
- Certificate of Service

Mr. McKnight sincerely thanks the Clerk of Court for their time and valued assistance in this matter. Should the Court require any additional information, clarification, or documentation, Mr. McKnight is available at the address set forth above and will respond promptly to any inquiry. He genuinely appreciates the Court's attention to this filing and the professionalism with which the Office of the Clerk serves all parties.

Respectfully submitted,

Gregory N. McKnight
Pro Se Defendant
Rawlins, WY

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service; February 2014; All rights reserved.

Retail


UNITED STATES POSTAL SERVICE®


82001

RDC 03     0 Lb 5.60 Oz

U.S. POSTAGE PAID
PM
RAWLINS, WY 82301
MAY 02, 2026

**$13.25**

S2324W500621-11

PRESS FIRMLY TO SEAL


TY®

.★

SPECIFIED*

NCLUDED*

)ED*

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

**Clerk of Court**
**United States District Court**
**District of Wyoming**
**2120 Capitol Avenue, Room 2131**
**Cheyenne, WY 82001**

EXPECTED DELIVERY DAY: 05/06/26
USPS TRACKING® #



9505 5106 0597 6122 6661 57

SIT US AT USPS.COM®
)ER FREE SUPPLIES ONLINE


**UNITED STATES POSTAL SERVICE®**

WYD 16

**FILED**



**4:14 pm, 5/5/26**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.

GREGORY MCKNIGHT,

Defendant,

Case No. 25-CR-00071

**ORDER DENYING DEFENDANT'S "EMERGENCY MOTION TO SUSPEND
SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR
RELIEF FROM VOID JUDGMENT"**

This matter is before the Court on Defendant's pro se "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). More specifically, Defendant asks this Court to suspend all conditions of his supervised release while the Eastern District of Michigan considers his pending Motion for Relief from Void Judgment. (*Id*. at 2). Having reviewed Defendant's Motion and the record, and having reviewed the record in *USA v. McKnight*, No. 12-cr-20101 (E.D. Mich. 2012) (the "E.D. Mich. Docket"), for the reasons that follow, Defendant's motion is denied.

In 2013, Defendant was sentenced in the Eastern District of Michigan to 188 months followed by 3 years of supervised release for wire fraud in connection with a Ponzi scheme. (ECF No 4 at 1; ECF No. 7 at 1). Defendant incurred a grant of executive clemency which

left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (ECF No. 7 at 2). Defendant's term of supervised release commenced on December 20, 2024. (Id. at 1; ECF No. 65, E.D. Mich. Docket). In 2025, jurisdiction over Defendant's supervision was properly transferred to the District of Wyoming. (ECF No. 65, E.D. Mich. Docket; ECF Nos. 1, 7 at 2).

In Wyoming, attempting to exhaust every avenue to terminate his supervised release, Defendant has filed a slew of baseless motions in this Court. After just over a year on supervised release, Defendant filed a Motion to terminate his supervised release on December 22, 2025 (ECF No. 2), which was denied by this Court. (ECF No. 5). Thereafter, throughout February and March of 2026, Defendant filed a Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel, (ECF No. 8), both of which were denied. (ECF No. 9). On March 16, Defendant then filed a renewed Motion to Appoint Counsel (ECF No. 10), which was also denied. (ECF No. 11). On March 25, he filed a Motion for Updated Restitution Accounting and on April 8, filed a Motion to Compel "Production of Restitution Accounting, Receiver Materials, and Related Documents" (ECF No. 12, 14), which were also denied. (ECF No. 13, 18).

On May 4, 2026, Defendant filed this "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). In the motion, Defendant requests that this Court suspend the conditions of his supervised release because "if the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of

conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant." (*Id*. at 2).

Defendant also argues that because no supervised release commencement documentation was docketed or recorded on the Eastern District of Michigan Docket, "supervised release never formally commenced in the sentencing district," and his supervised release does not exist. (*Id*.). He notes:

> Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction in the sentencing Court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

(*Id*.).

This Court declines to suspend supervised release simply because Defendant has filed a Motion for Relief from Void Judgment in the Eastern District of Michigan, and there is simply no legal basis to do so.

Additionally, even if Defendant's contentions were correct that "supervised release never formally commenced in the sentencing district," this would not void this Court's jurisdiction over Defendant's supervised release. Contrary to Defendant's assertion, supervised release *did* commence in the sentencing court, and ECF No. 65 on the E.D. Mich. docket confirms Defendant's supervised release commencement date of December 20, 2024. (E.D. Mich. Case 12-CR-20201; ECF No. 65). Second, the Court has reviewed the dockets in Wyoming and the Eastern District of Michigan and confirmed jurisdiction over Defendant's supervised release was properly transferred to this Court. *Id*. (See also Wyo. Case No. 25-CR-071;

ECF No. 1—Transfer of Jurisdiction). Accordingly, there is no legal basis entitling Defendant to the relief he seeks and has only confirmed his need for continued supervision.

## CONCLUSION & ORDER

For those reasons set forth above, Defendant's "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment" (ECF No. 19) is hereby **DENIED**.

Dated this <u>6th</u> day of May, 2026.

Scott W. Skavdahl
United States District Judge

# NOTICE OF APPEAL
## United States District Court District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 11 2026
1:40 p.m.
Margaret Botkins, Clerk
Cheyenne

**United States of America,**
**Plaintiff,**

**v.**

**Gregory N. McKnight,**
**Defendant.**

Case No. **25-CR-00071**

## NOTICE OF APPEAL

Notice is hereby given that **Gregory N. McKnight**, Defendant in the above-captioned case, appeals to the **United States Court of Appeals for the Tenth Circuit** from the district court's order entered on **5/5/2026**, denying Defendant's **Emergency Motion to Suspend Supervised Release Pending Resolution of Jurisdictional Challenge** and related relief.

The order appealed from is final and appealable.
Dated: **5/8/2026**

Respectfully submitted,

**Gregory N. McKnight**
Defendant, pro se

G. McKnight
405 Harshman St.
Rawlins, WY 82301



RAWLINS WY

MAY 07 2026

USPS

Clerk of Court
U.S. District Court for the
District of Wyoming
2120 Capitol Avenue
Room 2131
Cheyenne, WY 82001

82001$3658 C015

WYD 22