APPEAL,CLOSED,PROSE

# U.S. District Court
## District of Wyoming (Casper)
## CRIMINAL DOCKET FOR CASE #: <u>1:25–cr–00071–SWS–1</u>
### *Internal Use Only*

Case title: USA v. McKnight                    Date Filed: 04/28/2025

Other court case number: 4:12–cr–20101–MAG–MJH Eastern    Date Terminated: 04/28/2025
District of Michigan (Flint)

---

Assigned to: District Judge Scott W
Skavdahl

Appeals court case number:
26–8020 USCA 10th Circuit

### Defendant (1)

**Gregory McKnight**                    represented by    **Gregory McKnight**
*TERMINATED: 04/28/2025*                                   405 Harshman Street
                                                           Rawlins, WY 82301
                                                           PRO SE

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 1343 Wire Fraud | |

---

### Plaintiff

**USA**                    represented by    **C Levi Martin**
                                             UNITED STATES ATTORNEYS

OFFICE
PO Box 668
Cheyenne, WY 82003–0668
307/772–2124
Fax: 307/772–2123
Email: christopher.martin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Christyne Marie Martens**
UNITED STATES ATTORNEYS
OFFICE
District of Wyoming
PO Box 22211
100 East B Street
Suite 2211
Casper, WY 82604
307/261–5434
Fax: 307/261–5471
Email: christyne.martens@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Nicole M Romine – NO ACCESS**
UNITED STATES ATTORNEY'S
OFFICE
2120 Capitol Avenue, Fourth Floor
PO Box 668
Cheyenne, WY 82003
307/772–2124
Fax: 307/772–2123
Email: nicole.romine@usdoj.gov
*TERMINATED: 01/26/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2025 | 1 | TRANSFER OF JURISDICTION for Supervised Release Gregory McKnight from Eastern District of Michigan (Flint). (Attachments: # 1 Docket sheet, Information and Judgment) (Court Staff, stbd) (Entered: 04/28/2025) |
| 12/22/2025 | 2 | MOTION for Early Termination of Supervision by Defendant Gregory McKnight (stamped copy returned to dft in SASE) (Court Staff, sbh) Modified text on 12/22/2025 (Court Staff, sbh). (Entered: 12/22/2025) |
| 01/26/2026 | 3 | NOTICE OF ATTORNEY APPEARANCE: Christyne M. Martens appearing for USA (Martens, Christyne) (Entered: 01/26/2026) |
| 01/26/2026 | 4 | |

| | | |
|---|---|---|
| | | SEALED DOCUMENT – RECOMMENDATION to Motion for Early Termination of Supervised Release as to Gregory McKnight. (Court Staff, sbrr) (Entered: 01/26/2026) |
| 01/29/2026 | 5 | ORDER Denying 2 Motion for Early Termination of Supervision as to Gregory McKnight by the District Judge Scott W Skavdahl. Mailed to Defendant via US Mail. (Court Staff, smms) (Entered: 01/29/2026) |
| 02/11/2026 | 6 | MOTION for Reconsideration re 5 Order on Motion for Early Termination of Probation by Defendant(s) Gregory McKnight. (Attachments: # 1 Exhibit A, # 2 Proposed Order, # 3 Envelope)(Court Staff, stmo) (Entered: 02/11/2026) |
| 02/24/2026 | 7 | RESPONSE to 6 MOTION for Reconsideration re 5 Order on Motion for Early Termination of Probation by USA as to Gregory McKnight. (Martens, Christyne) (Entered: 02/24/2026) |
| 03/03/2026 | 8 | REPLY to 7 Response and MOTION to Appoint Counsel by Defendant Gregory McKnight (Attachments: # 1 Proposed Order) (Court Staff, sbh) (Entered: 03/03/2026) |
| 03/09/2026 | 9 | ORDER DENYING 6 Motion for Reconsideration and DENYING 8 MOTION to Appoint Counsel filed by Gregory McKnight by the District Judge Scott W Skavdahl. Sent copy to Defendant via US Mail. (Court Staff, smms) (Entered: 03/09/2026) |
| 03/16/2026 | 10 | MOTION to Appoint Counsel by Defendant Gregory McKnight (Attachments: # 1 Proposed Order) (Court Staff, sbh) (Entered: 03/16/2026) |
| 03/17/2026 | 11 | ORDER DENYING 10 Motion to Appoint Counsel as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 03/17/2026) |
| 03/25/2026 | 12 | MOTION for Updated Restitution Accounting by Defendant(s) Gregory McKnight. Copy to Clerk's Office Financial Department on March 25, 2026. (Attachments: # 1 Cover Letter)(Court Staff, szf) (Entered: 03/25/2026) |
| 04/03/2026 | 13 | ORDER DENYING 12 Defendant's Motion for Updated Restitution Accounting as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. CC Defendant via U.S. Mail. (Court Staff, smms) (Entered: 04/03/2026) |
| 04/08/2026 | 14 | MOTION to Compel "Production of Restitution Accounting, Receiver Materials, and Related Documents" by Defendant(s) Gregory McKnight. Copy sent to Clerk's Office Financial Department on 4/8/26.(Court Staff, smxb) (Entered: 04/08/2026) |
| 04/13/2026 | 15 | NOTICE OF ATTORNEY APPEARANCE: C. Levi Martin appearing for USA (Martin, C) (Entered: 04/13/2026) |
| 04/14/2026 | 16 | RESPONSE to 14 MOTION to Compel by USA as to Gregory McKnight. (Martin, C) (Entered: 04/14/2026) |
| 04/17/2026 | 17 | REPLY to 16 Response to Motion to Compel and MOTION for Order Identifying Restitution Records by Defendant(s) Gregory McKnight. (Attachments: # 1 Proposed Order)(Court Staff, sbrr) (Entered: 04/17/2026) |
| 04/24/2026 | 18 | ORDER DENYING 14 Motion to Compel and DENYING 17 Motion for Order as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy of Order sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 04/24/2026) |
| 05/04/2026 | 19 | *Emergency* MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment by Defendant Gregory McKnight. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Cover Letter, # 2 Envelope)(Court Staff, sbrr) (Entered: 05/04/2026) |
| 05/05/2026 | 20 | ORDER Denying 19 Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment as to Gregory McKnight (1) by the District Judge Scott W Skavdahl. Copy sent to Defendant via U.S. Mail. (Court Staff, smms) (Entered: 05/05/2026) |
| 05/11/2026 | 21 | NOTICE OF APPEAL as to 20 Order Denying Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment filed by Defendant Gregory McKnight. (Attachments: # 1 Envelope) (Court Staff, stmo) (Entered: 05/11/2026) |
| 05/12/2026 | 22 | Preliminary Record of appeal sent to USCA and counsel as to Gregory McKnight re 21 Notice of Appeal (Court) **The procedures and appeals forms may be obtained from the U.S. Court of Appeals website: www.ca10.uscourts.gov.** (Attachments: # 1 Preliminary Record on Appeal Including Notice of Appeal) (Court Staff, smms) (Entered: 05/12/2026) |
| 05/12/2026 | 23 | APPEAL NUMBER **26–8020** received from USCA as to Gregory McKnight for 21 Notice of Appeal (Court) filed by Gregory McKnight. Criminal case docketed. Preliminary record filed. DATE RECEIVED: 05/12/2026. Fee or ifp forms and notice of appearance due 06/11/2026 for Gregory McKnight. Disclosure statement and notice of appearance due on 05/26/2026 for United States of America. [26–8020] (Court Staff, smms) (Entered: 05/12/2026) |
| 05/20/2026 | 24 | USCA Appeal Fees received $605 receipt number 2–6114 as to Gregory McKnight re 21 Notice of Appeal. (Court Staff, stmo) (Entered: 05/20/2026) |

| PROB 22<br>(Rev. 01/24) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| TRANSFER OF JURISDICTION | | 0645 4:12CR20101 |
| | | DOCKET NUMBER *(Rec. Court)*<br>25CR71.SWS |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Gregory McKnight | Eastern District of Michigan | Detroit |

| | NAME OF SENTENCING JUDGE |
|---|---|
| | Honorable Mark A. Goldsmith |

| | | FROM | TO |
|---|---|---|---|
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | 12/20/2024 | 12/19/2027 |

**OFFENSE**

Count 1: 18 U.S.C. § 1343 - Wire Fraud

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision).
Transfer of Jurisdiction will provide economic and administrative advantages. It would also aid in protecting public safety by helping ensure violations or non-compliant behaviors are addressed in a timely fashion and with the most efficiency.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ EASTERN _____ DISTRICT OF _____ MICHIGAN _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the  District of Wyoming _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| March 9, 2025 | s/Mark A. Goldsmith |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| April 4, 2025 | |
|---|---|
| *Effective Date* | *United States District Judge* |

CM/ECF - U.S. District Court:mied                                           https://mied-ecf.sso/dom/cgi-bin/DktRpt.pl?287644784766798-L_1_0-1

LR11.2_NOTICE

**U.S. District Court**
**Eastern District of Michigan (Flint)**
**CRIMINAL DOCKET FOR CASE #: 4:12-cr-20101-MAG-MJH All Defendants**

Case title: United States of America v. McKnight                Date Filed: 02/14/2012

Related Case: 4:15-cv-13232-MAG                                 Date Terminated: 08/07/2013

---

Assigned to: District Judge Mark A. Goldsmith
Referred to: Magistrate Judge Michael J. Hluchaniuk

Appeals court case number: 13-2075 U.S. Court of Appeals -
Sixth Circuit

**Defendant (1)**

**Gregory McKnight**                        represented by    **Gregory McKnight**
*TERMINATED: 08/07/2013*                                     46755-039
                                                            YANKTON
                                                            FEDERAL PRISON CAMP
                                                            Inmate Mail/Parcels
                                                            P.O. BOX 700
                                                            YANKTON, SD 57078
                                                            PRO SE

                                                            **Federal Community Defender**
                                                            613 Abbott
                                                            5th Floor
                                                            Detroit, MI 48226
                                                            313-967-5555
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Public Defender or Community Defender*
                                                            *Appointment*
                                                            *Bar Status: Sworn*

                                                            **Edward C. Wishnow**
                                                            240 Daines
                                                            Birmingham, MI 48009-6241
                                                            248-258-1991
                                                            Fax: 248-258-6007
                                                            Email: edwishnow@aol.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: CJA Appointment*
                                                            *Bar Status: Sworn*

                                                            **Federal Community Defender**
                                                            111 E. Court Street
                                                            Suite L-100
                                                            Flint, MI 48502
                                                            810-232-9600
                                                            *TERMINATED: 03/05/2012*
                                                            *Designation: Public Defender or Community Defender*
                                                            *Appointment*
                                                            *Bar Status: Sworn*

                                                            **Benton C. Martin**
                                                            Federal Defender Office
                                                            613 Abbott Street
                                                            Detroit, MI 48226
                                                            313-967-5832
                                                            Email: benton_martin@fd.org
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Public Defender or Community Defender*
                                                            *Appointment*
                                                            *Bar Status: Sworn*

**Pending Counts**                                          **Disposition**

FRAUD BY WIRE, RADIO, OR TELEVISION                         IMPRISONMENT: 188 Months; SUPERVISED RELEASE: 3
(1)                                                         Years; RESTITUTION: $48,969,560; SPECIAL
                                                            ASSESSMENT: $100

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                       **Disposition**

None

WYD 6

**Highest Offense Level (Terminated)**

None

.

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**United States of America**      represented by **A. Tare Wigod**
U.S. Attorney's Office
211 W Fort St
Detroit, MI 48226
313 226 9191
Fax: 313 226 5464
Email: Tare.Wigod@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: U.S. Attorney*
*Bar Status: US Government Attorney*

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 02/14/2012 | 1 | INFORMATION as to Gregory McKnight (1) count(s) 1. (DPer) (Entered: 02/14/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before Magistrate Judge Michael J. Hluchaniuk: Initial Appearance as to Gregory McKnight. Bond Info: Gregory McKnight (1) $100,000 Unsecured. Disposition: Defendant released on bond. (Tape #: FTR - Flint) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (THal) (Entered: 02/16/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before Magistrate Judge Michael J. Hluchaniuk: Arraignment as to Gregory McKnight (1) Count 1 held on 2/16/2012. Disposition: Not guilty plea entered. (Tape #: FTR - Flint) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (THal) (Entered: 02/16/2012) |
| 02/16/2012 | 2 | ORDER APPOINTING FEDERAL DEFENDER as to Gregory McKnight. The defendant is ordered to make partial payments in the amount of $50.00 monthly, commencing on 03/15/12, until this case is terminated or otherwise ordered by the Court. Signed by Magistrate Judge Michael J. Hluchaniuk. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 3 | ORDER setting conditions of release as to Gregory McKnight. Signed by Magistrate Judge Michael J. Hluchaniuk. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 4 | BOND as to Gregory McKnight in the amount of $100,000.00 unsecured entered. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 5 | ACKNOWLEDGMENT of information by Gregory McKnight. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | 6 | WAIVER OF INDICTMENT by Gregory McKnight. (DPer) (Entered: 02/16/2012) |
| 02/16/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Plea Hearing, Plea Entered by Gregory McKnight (1) Guilty Count 1, (**Sentencing set for 6/19/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**) (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 02/21/2012) |
| 02/16/2012 | 7 | PLEA AGREEMENT as to Gregory McKnight. (Goltz, D) (Entered: 02/23/2012) |
| 03/05/2012 | 8 | CJA 20 as to Gregory McKnight: Appointment of Attorney Edward C. Wishnow for Gregory McKnight, in place of Federal Defender. Signed by Magistrate Judge Michael J. Hluchaniuk. (PMil) (Entered: 03/06/2012) |
| 06/14/2012 | 9 | STIPULATION AND ORDER to Adjourn Sentencing Hearing as to Gregory McKnight, (**Sentencing reset for 9/11/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**). Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 06/14/2012) |
| 09/05/2012 | 10 | SENTENCING MEMORANDUM by United States of America as to Gregory McKnight (Attachments: # 1 Index of Exhibits, # 2 Exhibit 1: Legisi.com website, # 3 Exhibit 2: Monthly Consolidated Profit & Loss Analysis, # 4 Exhibit 3: Final Judgment of Permanent Injunction and Other Relief) (Wigod, A.) (Entered: 09/05/2012) |
| 09/05/2012 | 11 | SENTENCING MEMORANDUM by Gregory McKnight (Attachments: # 1 Index of Exhibits, # 2 Exhibit Letter from Cox, # 3 Exhibit Letter from Maguffee, # 4 Exhibit Letter from Gillis, # 5 Exhibit Letter from Henson, # 6 Exhibit Letter from Oakman) (Wishnow, Edward) (Entered: 09/05/2012) |
| 09/11/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Sentencing held and continued as to Gregory McKnight, (**Status Conference set for 10/23/2012 @ 9:30 AM, Sentencing continued to 11/19/2012 @ 1:30 PM before District Judge Mark A. Goldsmith**). Disposition: Held and adjourned. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 09/12/2012) |
| 10/23/2012 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Status Conference as to Gregory McKnight held on 10/23/2012, (**Sentencing reset for 2/5/2013 @ 1:30 PM before District Judge Mark A. Goldsmith**). Disposition: Sentencing adjourned due to defendant's depositions scheduled for 1/23 & 1/24/13. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: A. Tare Wigod) (Goltz, D) (Entered: 10/23/2012) |
| 01/24/2013 | | Set/Reset Deadlines/Hearings as to Gregory McKnight: **Status Conference set for 1/28/2013 @ 2:30 PM before District Judge Mark A. Goldsmith.** (Goltz, D) (Entered: 01/24/2013) |
| 01/28/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Status Conference as to Gregory McKnight held on 1/28/2013, (**Memorandums due by 1/30/2013 by 12:00 p.m.**) Disposition: Parties to submit memorandums re post sentencing motions to address defendant's assistance, re: restitution. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 01/28/2013) |
| 01/28/2013 | | Set/Reset Deadlines/Hearings as to Gregory McKnight: **Status Conference set for 1/31/2013 @ 1:30 PM before District Judge Mark A. Goldsmith.** (Goltz, D) (Entered: 01/28/2013) |
| 01/30/2013 | 12 | MEMORANDUM */Brief* by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 01/30/2013) |
| 01/31/2013 | 13 | MEMORANDUM *In Support of Adjournment of Sentencing* by Gregory McKnight. (Wishnow, Edward) (Entered: 01/31/2013) |
| 01/31/2013 | 14 | Oral Motion to Remove Tether by Gregory McKnight. (Goltz, D) (Entered: 01/31/2013) |

| | | |
|---|---|---|
| 01/31/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: **Sentencing reset for 5/7/2013 @ 1:30 PM before District Judge Mark A. Goldsmith.** Disposition: Sentencing to be reset to allow Defendant to particiapte in depositions. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 01/31/2013) |
| 01/31/2013 | 15 | ORDER Denying Defendant's 14 Oral Motion for to Remove Tether as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 01/31/2013) |
| 05/06/2013 | | **Sentencing reset for 8/6/2013 @ 1:30 PM **AT THE REQUEST OF COUNSEL** before District Judge Mark A. Goldsmith.** Signed by District Judge Mark A. Goldsmith. (Goltz, D) (Entered: 05/06/2013) |
| 08/06/2013 | | Minute Entry for proceedings held before District Judge Mark A. Goldsmith: Sentencing held as to Gregory McKnight. (Court Reporter: David Yarbrough) (Defendant Attorney: Edward Wishnow) (AUSA: Tare Wigod) (Goltz, D) (Entered: 08/06/2013) |
| 08/07/2013 | 16 | JUDGMENT as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (KKra) (Entered: 08/08/2013) |
| 08/12/2013 | 17 | TRANSCRIPT of Sentencing, Volume 2 held on 8/6/2013 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 33) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 9/3/2013. Redacted Transcript Deadline set for 9/12/2013. Release of Transcript Restriction set for 11/12/2013. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 08/12/2013) |
| 08/12/2013 | 18 | NOTICE OF APPEAL by Gregory McKnight re 16 Judgment. Fee Status: No Fee Paid. (Wishnow, Edward) (Entered: 08/12/2013) |
| 08/13/2013 | 19 | Certificate of Service re 18 Notice of Appeal as to Gregory McKnight. (DWor) (Entered: 08/13/2013) |
| 09/06/2013 | 20 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal - Disposition: Gregory McKnight show cause for failure to file the proper form. Forms now due 9/13/13 [Appeal Case Number 13-2075] (KKra) (Entered: 09/06/2013) |
| 10/15/2013 | 21 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal [Appeal Case Number 13-2075] (KKra) (Entered: 10/18/2013) |
| 10/18/2013 | 22 | TRANSCRIPT of Plea of Guilty held on 2/16/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 30) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/8/2013. Redacted Transcript Deadline set for 11/18/2013. Release of Transcript Restriction set for 1/16/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 10/18/2013) |
| 10/18/2013 | 23 | TRANSCRIPT of Status Conference held on 10/23/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 7) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/8/2013. Redacted Transcript Deadline set for 11/18/2013. Release of Transcript Restriction set for 1/16/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 10/18/2013) |
| 02/18/2014 | 24 | TRANSCRIPT of Sentencing proceedings held on 9/11/2012 as to Gregory McKnight. (Court Reporter/Transcriber: David B. Yarbrough) (Number of Pages: 36) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 3/11/2014. Redacted Transcript Deadline set for 3/21/2014. Release of Transcript Restriction set for 5/19/2014. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Yarbrough, David) (Entered: 02/18/2014) |
| 06/18/2014 | 25 | ORDER from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal [Appeal Case Number 13-2075] (KKra) (Entered: 06/20/2014) |
| 07/10/2014 | 26 | MANDATE from U.S. Court of Appeals - Sixth Circuit as to Gregory McKnight re 18 Notice of Appeal filed by Gregory McKnight [Appeal Case Number 13-2075] (KKra) (Entered: 07/18/2014) |
| 09/12/2014 | 27 | MOTION to Request Transcripts by Gregory McKnight. (KKra) (Entered: 09/17/2014) |
| 09/18/2014 | 28 | ORDER GRANTING DEFENDANT'S 27 MOTION TO REQUEST TRANSCRIPTS. Signed by District Judge Mark A. Goldsmith. (JCur) (Entered: 09/18/2014) |
| 09/18/2014 | | TEXT-ONLY CERTIFICATE OF SERVICE re 28 Order on Motion as to Gregory McKnight. Documents mailed to Gregory N. McKnight Pris. No. 46755-039 at FCI Milan, PO Box 1000, Milan, MI 48160. (JCur) (Entered: 09/18/2014) |
| 10/16/2014 | 29 | TRANSCRIPT of Initial Appearance/Arraignment held on 2/16/2012 as to Gregory McKnight. (Court Reporter/Transcriber: Carol S. Sapala) (Number of Pages: 17) (Appeal Purposes) The parties have 21 days to file with the court and Court Reporter/Transcriber a Redaction Request of this transcript. If no request is filed, the transcript may be made remotely electronically available to the public without redaction after 90 days. Redaction Request due 11/6/2014. Redacted Transcript Deadline set for 11/17/2014. Release of Transcript Restriction set for 1/14/2015. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, the transcript is publicly available. (Sapala, C) (Entered: 10/16/2014) |
| 09/09/2015 | 31 | MOTION to Vacate Sentence under 28 U.S.C. 2255 by Gregory McKnight. (Attachments: # 1 Document Continuation) (SSch) Civil case 4:15-cv-13232-MAG opened. (Entered: 09/14/2015) |
| 09/14/2015 | 32 | NOTICE of Filing a Motion Under 28 U.S.C. 2255 as to Gregory McKnight (SSch) (Entered: 09/14/2015) |
| 09/16/2015 | 33 | Notice Regarding Parties' Responsibility to Notify Court of Address Changes (KKra) (Entered: 09/16/2015) |
| 10/02/2015 | 34 | ORDER Requiring Response to 31 Motion to Vacate (2255) as to Gregory McKnight. **Response due by 11/2/2015** Signed by District Judge Mark A. Goldsmith. (CHad) (Entered: 10/02/2015) |
| 10/06/2015 | 35 | MOTION to Have the Court Waive the Attorney/Client Priviledge and Motion for Extension of Time by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 10/06/2015) |
| 10/09/2015 | 36 | ORDER Regarding Plaintiffs Motion For Waiver Of Attorney/Client Privilege And Extension Of Time 35 : **Defendant's Response to Motion due by 11/5/2015; Plaintiff's Response to 31 Motion to Vacate (2255) due by 1/11/2016.** Signed by District Judge Mark A. Goldsmith. (JCur) (Entered: 10/09/2015) |
| 10/27/2015 | 37 | ORDER Regarding Defendant's Response to Government's Motion as to Gregory McKnight ( **Defendant's Response due by 11/16/2015**). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 10/27/2015) |

| | | |
|---|---|---|
| 10/27/2015 | | TEXT-ONLY CERTIFICATE OF SERVICE re 35 MOTION to Have the Court Waive the Attorney/Client Priviledge and Motion for Extension of Time , 37 Order, Set/Reset Motion and R&R Deadlines/Hearings, 36 Order Requiring Responsive Pleading, 34 Order Requiring Responsive Pleading as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160. (Sandusky, K) (Entered: 10/27/2015) |
| 12/15/2015 | 38 | ORDER Granting Plaintiff's Motion to Waive Attorney-Client Privilege (Dkt. 35 ) as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 12/15/2015) |
| 12/15/2015 | | TEXT-ONLY CERTIFICATE OF SERVICE re 38 Order on Motion - Free as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160. (Sandusky, K) (Entered: 12/15/2015) |
| 01/04/2016 | 39 | MOTION for Extension of Time to File Response/Reply by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 01/04/2016) |
| 01/04/2016 | | TEXT-ONLY ORDER Granting Motion for Extension of Time to File Response/Reply (dkt. 39 ) as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 01/04/2016) |
| 02/08/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/08/2016) |
| 02/09/2016 | 40 | Ex Parte MOTION for Leave to File Excess Pages by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 02/09/2016) |
| 02/11/2016 | | TEXT-ONLY ORDER Granting Ex Parte MOTION for Leave to File Excess Pages 40 as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 02/11/2016) |
| 02/11/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/11/2016) |
| 02/16/2016 | 41 | MOTION for Extension of Time to File Response/Reply as to 31 MOTION to Vacate Sentence under 28 U.S.C. 2255, 39 MOTION for Extension of Time to File Response/Reply by United States of America as to Gregory McKnight. (Wigod, A.) (Entered: 02/16/2016) |
| 02/16/2016 | 42 | RESPONSE by United States of America as to Gregory McKnight re 31 MOTION to Vacate Sentence under 28 U.S.C. 2255 (Attachments: # 1 Index of Exhibits Government's Exhibit List, # 2 Exhibit 1 Correspondence from Fifth Third Bank, # 3 Exhibit 2 Decision from National Futures Association, # 4 Index of Exhibits 3 Letter dated January 3, 2012, from Edward Wishnow to Gregory McKnight) (Wigod, A.) (Entered: 02/16/2016) |
| 02/18/2016 | | TEXT-ONLY ORDER: ORDER Granting Motion for Extension of Time to File Response/Reply 41 as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 02/18/2016) |
| 02/18/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re Text-Only Order as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 02/18/2016) |
| 02/26/2016 | 43 | OBJECTION to 42 Response to Motion, by Gregory McKnight (SSch) (Entered: 03/02/2016) |
| 06/02/2016 | 44 | OPINION AND ORDER Denying Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (DKT. 31 ) and Denying Certificate of Appealability as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (Sandusky, K) Modified on 6/2/2016 (Sandusky, K). (Entered: 06/02/2016) |
| 06/02/2016 | | TEXT-ONLY CERTIFICATE OF SERVICE re 44 Memorandum Opinion & Order, as to Gregory McKnight, 46755-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 (Sandusky, K) (Entered: 06/02/2016) |
| 04/28/2020 | 45 | Emergency MOTION for Compassionate Release by Gregory McKnight. (NAhm) (Entered: 05/21/2020) |
| 05/26/2020 | 46 | ORDER Regarding Defendant Gregory McKnight's Motion for Compassionate Release (Dkt. 45 ) ( **Notice due by 5/29/2020**). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 05/26/2020) |
| 05/26/2020 | | TEXT-ONLY CERTIFICATE OF SERVICE re 46 Order as to Gregory McKnight, 46755-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels,P.O. BOX 700, YANKTON, SD 57078 (Sandusky, K) (Entered: 05/26/2020) |
| 05/29/2020 | 47 | NOTICE *REGARDING DEFENDANTS CUSTODIAL STATUS* by United States of America as to Gregory McKnight re 46 Order, Set/Reset Motion and R&R Deadlines/Hearings (Attachments: # 1 Exhibit 1) (Wigod, A.) (Entered: 05/29/2020) |
| 06/22/2020 | 48 | ORDER Denying Gregory McKnight's Motion for Compassionate Release (Dkt. 45 ) as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (Sandusky, K) (Entered: 06/22/2020) |
| 06/22/2020 | | TEXT-ONLY CERTIFICATE OF SERVICE re 48 Order on Motion - Free as to Gregory McKnight, 46755-039, YANKTON FEDERAL PRISON CAMP, Inmate Mail/Parcels, P.O. BOX 700, YANKTON, SD 57078 (Sandusky, K) (Entered: 06/22/2020) |
| 10/21/2020 | 49 | COPY of 48 Order mailed to Gregory McKnight and returned as undeliverable (DPer) (Entered: 10/22/2020) |
| 02/01/2021 | 50 | COPY of 46 Order mailed to Gregory McKnight and returned as undeliverable (DPer) (Entered: 02/02/2021) |
| 09/09/2021 | 51 | MOTION to Appoint Counsel by Gregory McKnight. (Martin, Benton) (Entered: 09/09/2021) |
| 09/10/2021 | 52 | ORDER granting 51 Motion to Appoint Counsel as to Gregory McKnight (1). Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 09/10/2021) |
| 09/10/2021 | 53 | ORDER APPOINTING FEDERAL COMMUNITY DEFENDER as to Gregory McKnight. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 09/10/2021) |
| 09/10/2021 | 54 | NOTICE OF ATTORNEY APPEARANCE: Benton C. Martin appearing for Gregory McKnight (Martin, Benton) (Entered: 09/10/2021) |
| 10/13/2023 | 55 | NOTICE OF ATTORNEY APPEARANCE: Benton C. Martin appearing for Gregory McKnight (Martin, Benton) (Entered: 10/13/2023) |
| 01/29/2024 | 58 | MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* by Gregory McKnight. (Martin, Benton) (Entered: 01/29/2024) |
| 01/30/2024 | | TEXT-ONLY ORDER Government shall file a response to the motion for retroactive application of sentencing guidelines re: 821 amendment (Dkt. 58 ) by **2/5/2024**. Defendant's Reply is due by **2/7/2024** as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 01/30/2024) |
| 02/05/2024 | 59 | RESPONSE by United States of America as to Gregory McKnight re 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* (Attachments: # 1 Exhibit 1 - Victim Impact Statements) (Wigod, A.) (Entered: 02/05/2024) |
| 02/07/2024 | 60 | REPLY TO RESPONSE by Gregory McKnight re 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* (Martin, Benton) (Entered: 02/07/2024) |

Appellate Case: 26-8020    Document: 9    Date Filed: 05/21/2026    Page: 10    https://mied.pacer.psc.uscourts/cgi-bin/DktRpt.pl?287644781766798-L_1_0-1

| 02/14/2024 | | TEXT-ONLY ORDER: The Government shall file a sur-reply in response to the reply brief filed by Defendant by **2/21/2024** as to Gregory McKnight. SO ORDERED. Signed by District Judge Mark A. Goldsmith. (KSan) (Entered: 02/14/2024) |
|---|---|---|
| 02/21/2024 | 61 | SUPPLEMENTAL BRIEF re 60 Reply to Response to Motion by United States of America as to Gregory McKnight (Wininger, Craig) (Entered: 02/21/2024) |
| 02/23/2024 | 62 | RESPONSE to 61 Supplemental Brief by Gregory McKnight (Martin, Benton) (Entered: 02/23/2024) |
| 12/27/2024 | 63 | EXECUTIVE GRANT OF CLEMENCY by President Joseph R. Biden, Jr. dated 12/12/2024 as to Gregory McKnight. (JOwe) (Entered: 12/27/2024) |
| 01/02/2025 | 64 | NOTICE by Gregory McKnight of withdrawal of 58 MOTION for Retroactive Application of Sentencing Guidelines re: 821 Amendment *and to Set an Expedited Briefing Schedule* . (Martin, Benton) (Entered: 01/02/2025) |
| 04/25/2025 | 65 | ORDER TRANSFERRING JURISDICTION to District of Wyoming as to Gregory McKnight Signed by District Judge Mark A. Goldsmith. (CJoh) (Entered: 04/25/2025) |
| 04/28/2025 | | TEXT-ONLY NOTICE to District of Wyoming of Transfer as to Gregory McKnight. Using your PACER account, you may retrieve the docket sheet and any unrestricted documents and text-only entries. Please note the following documents: 1 Information - Felony, 16 Judgment (If you require sealed documents or certified copies, please send a request to InterDistrictTransfer_mied@mied.uscourts.gov. If you require a defendant's payment history, please send a request to financial@mied.uscourts.gov.) (SSch) (Entered: 04/28/2025) |

       WYD 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GREGORY McKNIGHT,

      Defendant.

_____/

NO.        **12 - 20101**

HON. MARK A. GOLDSMITH
United States District Judge

**FILED**

FEB 1 4 2012

U.S. DISTRICT COURT
FLINT, MICHIGAN

## **INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

<u>Relevant Persons and Entities</u>

1. At all relevant times to this Information, GREGORY McKNIGHT resided at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. McKNIGHT was the founder, owner, and president of Legisi Holdings, LLC. In that capacity, McKNIGHT controlled the day to day business activities of Legisi Holdings, LLC.

2. At all relevant times to this Information, Legisi Holdings, LLC, had its principal place of business at 5360 Winshall Drive, Swartz Creek, Eastern District of Michigan. Legisi Holdings, LLC, also conducted business from an office located at 5154 Miller Road, Flint, Eastern District of Michigan.

3. At all relevant times to this Information, Legisi Holdings, LLC, was a company incorporated in Nevis, West Indies.

WYD 11

4. Legisi.com ("Legisi") was purported by McKNIGHT to be a wholly owned subsidiary of Legisi Holdings, LLC. Legisi was an investment program offered by McKNIGHT, through Legisi Holdings, LLC, whereby members of the public would invest money in Legisi in exchange for a promised rate of return. Legisi was an acronym for Lucrative Electronic Gold Income Services International.

5. E-bullion, Inc. ("e-bullion") was an online service that offered, among other things, to transfer money for a fee. It operated from a website called www.e-bullion.com, as well as from offices at 1330 Flynn Road, Camarillo, California. The website represented that "The e-Bullion Company is a Panama Corporation wholly owned by Goldfinger Bullion Reserve Corporation." The Goldfinger Bullion Reserve Corporation is a Delaware Corporation which was incorporated on February 23, 2001.

6. McKNIGHT controlled multiple e-bullion accounts held in the name of various entities, such as Greg McKNIGHT (account B75831), Legisi Holdings (account B96566), Healthy Body Nutraceuticals (account B50965), and Lido Consulting (account B57108).

7. McKNIGHT also controlled a Fifth Third Bank Account (number 7911431463) held in the name Legisi Marketing Inc., located at the Flint branch of Fifth Third Bank, Eastern District of Michigan.

The Scheme to Defraud

8. From at least December 2005 through November 2007, McKNIGHT perpetrated a scheme to defraud the investors of Legisi by soliciting and obtaining millions of dollars of funds under false and fraudulent pretenses.

WYD 12

9.      To execute the scheme, in December of 2005, McKNIGHT began offering and selling interests in a pooled investment program called Legisi. McKNIGHT promoted the offering around the world through a publicly available internet website at www.legisi.com. McKNIGHT raised money based on promises that he would invest the offering proceeds and then pay the investors each month, which payments would be funded with profits from his investments. McKNIGHT further represented that his investing activities consistently generated a monthly profit ranging from 15% to 18%. McKNIGHT also claimed that he set aside 10% of all his investing profits each month to create a reserve account for the benefit of investors in the event that his investments failed to earn the expected return.

10.     In truth and in fact, McKNIGHT knew that these representations were false and fraudulent. Indeed, McKNIGHT operated a classic Ponzi scheme where the source of the money paid out to investors was not derived from the profits of McKNIGHT'S investments, but from new investor funds. Contrary to his representations, McKNIGHT used investors' funds to meet the periodic redemption requests of other investors. Moreover, contrary to what McKNIGHT portrayed to Legisi investors, his investments in fact generated significant losses. Further, McKNIGHT did not establish a reserve account for the benefit of Legisi members in the event that his investments failed to earn the expected return.

11.     Through this Ponzi scheme, McKNIGHT accepted millions of dollars of investor money. From December 2005 through November 2007, McKNIGHT raised approximately $72 million dollars from over 3,000 members of the public. From the outset of the scheme, and continuing through its operation, McKNIGHT obtained investor funds through interstate wire transfers from financial entities located outside the Eastern District of Michigan. The principle

3

WYD 13

mechanism by which McKNIGHT would obtain investor funds was through the utilization of e-bullion. McKNIGHT directed investors to create an e-bullion account, fund that account, create and activate a Legisi account, and then fund the Legisi account. An investor's Legisi account was funded by transferring funds from the investor's e-bullion account into a McKNIGHT controlled e-bullion account.

12. Over 97% of funds, approximately $62 million, deposited into e-bullion accounts controlled by McKNIGHT were funded with investor funds.

13. In furtherance of his scheme to defraud, McKNIGHT, from within the Eastern District of Michigan, transferred, or caused to be transferred, over $11 million from e-bullion accounts that received investor funds into his Fifth Third Bank Account Number 7911431463, located in Flint, Michigan. McKNIGHT used these funds to further the scheme to defraud and for his own personal gain.

**COUNT ONE**
**(Wire Fraud)**

14. The allegations contained in paragraphs 1 through 13 above, are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

15. From at least December 2005 through November 2007, in the Eastern District of Michigan, GREGORY McKNIGHT unlawfully, willfully, and knowingly, devised and intended to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, and sounds, for the purpose of executing such scheme and artifice, to wit: on or about

WYD 14

Case 1:25-cr-00071-SWS   Document 251   Filed 05/21/26   Page 15 of 110
Appellate Case: 26-8020   Document: 9   Date Filed: 05/21/2026   Page: 15
Case 4:12-cr-20101-MAG-MJH   ECF No. 1, PageID.5   Filed 02/14/12   Page 5 of 6

March 28, 2007, McKNIGHT wired, or caused to be wired, $334,000.00 of investor funds from

E-bullion account number B75831 to his bank account at the Flint branch of Fifth Third Bank in

the Eastern District of Michigan.

(Title 18, United States Code, Section 1343.)

BARBARA L. McQUADE
United States Attorney

Dated:  February 14, 2012

s/ CRAIG F. WININGER
Assistant United States Attorney
Chief, Branch Offices

Dated:  February 14, 2012

s/ A. TARE WIGOD
Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone number: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P58479

WYD 15

**12 - 20101**

Companion Case information MUST be completed by AUSA and initialed

| United States District Court Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [ ]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes      ☐ No | AUSA's Initials:  atw |

**FILED FEB 14 2012 U.S. DISTRICT COURT FLINT, MICHIGAN**

Case Title: USA v.  Gregory McKnight

County where offense occurred :  Genesee

Check One:      ☒ **Felony**            ☐ **Misdemeanor**            ☐ **Petty**

_____Indictment/__✓__Information --- **no** prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: _____]
_____Indictment/_____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

Superseding to Case No: _____      Judge: _____

☐      Original case was terminated; no additional charges or defendants.
☐      Corrects errors; no additional charges or defendants.
☐      Involves, for plea purposes, different charges or adds counts.
☐      Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

February 14, 2012
          Date

s/ A. TARE WIGOD _____

Assistant United States Attorney
210 Federal Building
600 Church Street
Flint, Michigan 48502
Telephone: (810) 766-5177
Email: Tare.Wigod@usdoj.gov
P 58479

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09

WYD 16

Judgment-Page 1 of 6

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| GREGORY N. McKNIGHT | Case Number: 12CR20101-1 |
| | USM Number: 46755-039 |

Edward C. Wishnow
Defendant's Attorney

**THE DEFENDANT:**

■ Pleaded guilty to count(s)  **1 of the Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | November, 2007 | 1 |

   The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 6, 2013
Date of Imposition of Judgment

s/Mark A. Goldsmith
United States District Judge

August 7, 2013
Date Signed

Case 1:25-cr-00071-SWS   Document 251   Filed 05/21/26   Page 183 of 110

Appellate Case: 26-8020   Document: 9   Date Filed: 05/21/2026   Page: 18

AO245B [Rev. 12/03] Judgment in a Criminal Case
Case 1:12-cr-20101-MAG-MJH   ECF No. 16, PageID.110   Filed 08/07/13   Page 2 of 6
Sheet 2 - Imprisonment

Judgment-Page 2 of 6

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**188 months**

**See next page for recommendations.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

WYD 18

AO245B  [Rev. 12/03] Judgment in a Criminal Case
Sheet 2A - Imprisonment

Judgment-Page 3 of 6

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## ADDITIONAL IMPRISONMENT TERMS

None

## ADDITIONAL RECOMMENDATIONS

The Court waives the cost of incarceration, due to the defendants lack of financial resources.

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the IFRP and approves the payment schedules of this program and hereby orders the defendants compliance.

The Court recommends the defendant be placed at FCI Milan.

WYD 19

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release

Judgment-Page 4 of 6

DEFENDANT: GREGORY N. McKNIGHT
CASE NUMBER: 12CR20101-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state or local crime.

    If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

WYD 20

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment-Page 5 of 6

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the:**restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

■ The defendant shall provide the probation officer access to any requested financial information.

**The Court waives the cost of supervision, due to the defendants lack of financial resources.**

**Mandatory drug testing is suspended.**

**4. The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords, and Internet Service Provider(s), that you have potential and/or reasonable access to and abide by all rules of the U.S. Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the U.S. Probation Department. The defendant shall consent to the probation officer conducting periodic unannounced examinations of all computer systems, which may include computer monitoring software at your expense. For the purpose of accounting for all computers, hardware, software, and accessories; the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the U.S. Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.)**

WYD 21

AO245B  [Rev. 12/03] Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 6 of 6

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 48,969,560.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robert Gordon, Clark Hill | $48,969,560.00 | $48,969,560.00 | |
| 151 South Old Woodward Avenue | | | |
| Suite 200 | | | |
| Birmingham, MI 48009 | | | |
| **TOTALS:** | $ 48,969,560.00 | $ 48,969,560.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.



## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

**United States of America,**
**v.**
**Gregory N. McKnight**, Defendant Pro Se.

Case No.: **1:25-cr-0007**

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

COMES NOW the Defendant, **Gregory N. McKnight**, appearing **pro se**, and respectfully moves this Court pursuant to **18 U.S.C. § 3583(e)(1)** for an order terminating the remaining term of supervised release and discharging the Defendant from further supervision.

## BACKGROUND

**Name:** Gregory N. McKnight
**BOP Registration Number:** 46755-039
**Date of Birth:** February 20, 1960
**Sentencing date:** On or about August 6, 2013, this Court sentenced Defendant in Case No. 12-CR-20101.
**Term of supervised release:** Three (3) years.
**Supervised release commenced:** December 20, 2024, following executive clemency.
**Requested effective termination date:** December 20, 2025, after at least one year of supervision.

## LEGAL STANDARD

Under **18 U.S.C. § 3583(e)(1)**, the Court may terminate a term of supervised release after the expiration of one year if it is satisfied that such action is warranted by the conduct of the defendant and is in the interest of justice. The Court should consider the factors set forth in **18 U.S.C. § 3553(a)** when deciding the motion.

## STATEMENT OF COMPLIANCE AND CIRCUMSTANCES

Since commencing supervised release, Defendant has complied with the conditions of supervision and reports the following circumstances relevant to the Court's consideration:

- **No new arrests or criminal charges** since the commencement of supervised release.
- **Regular reporting** to U.S. Probation and full cooperation with supervision requirements.
- **CARES Act home confinement** served from May 2020 through December 2025.

- **Executive clemency** granted on December 20, 2024.
- **Veteran status:** 100 percent Permanent and Total disabled veteran of the United States Navy, served 1981–1986.
- **Stable residence and family circumstances:** Homeowner at **405 Harshman St., Rawlins, WY 82301**; reunited with spouse following prior forced separation.
- **Separation history:** Separated from wife of 39 years and from son and daughter's family, including grandchildren, from May 2020 through September 2022, during which Defendant complied with confinement and supervision conditions.
- **Employment and community ties:** Employment and community connections that support reintegration and reduce any risk of recidivism.
- **Financial obligations:** Financial responsibilities, including restitution where applicable, are being addressed. Repayment plan is in effect.

## REASONS SUPPORTING EARLY TERMINATION

Early termination of supervised release is warranted because:

- Defendant's conduct since commencement of supervision demonstrates rehabilitation and a very low risk of recidivism.
- Executive clemency and the extended period of CARES Act home confinement reflect recognition of rehabilitation and a lengthy period of confinement-like conditions already served.
- Veteran status, prior SSI receipt, SSA retirement benefits commenced at age 62, stable housing and family support reduce any need for continued court supervision.
- The prolonged family separation endured by Defendant during the period of confinement and supervision underscores the rehabilitative progress and the stability now present in Defendant's life.
- Continued supervision is not necessary to protect the public, to deter future criminal conduct, or to provide correctional treatment.

---

## REQUEST FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and enter an order terminating the remaining term of supervised release in Case No. 1:25-cr-0007 and discharge the Defendant from further supervision.

Respectfully submitted,

Gregory N. McKnight
405 Harshman St.
Rawlins, WY 82301 Phone: **810-252-7451**
Email: **mcgreg22060@gmail.com**

## CERTIFICATE OF SERVICE

I hereby certify that on 12/20/2025, a true and correct copy of the foregoing Motion for Early Termination of Supervised Release was served on the United States Attorney's Office for the District of Wyoming and the U.S. Probation Office, Greg Lewis, by first-class mail.

Gregory N. McKnight

## PROPOSED ORDER

IT IS HEREBY ORDERED the Defendant's Motion for Early Termination of Supervised Release is GRANTED. The remaining term of supervised release in Case No. 12-CR-20101 is TERMINATED, and the Defendant is discharged from further supervision.

Dated this ___ day of _____, 2025.


**Hon. SCOTT W. SKAVDAHL**
United States District Judge

**Gregory N. McKnight**
405 Harshman Street
Rawlins, WY 82301
**810-252-7451**
**mcgreg22060@gmail.com**

RECEIVED

DEC 22 2025

CLERK, U.S.D.C.
CHEYENNE, WYOMING

**Date:** 12/20/2025

**Clerk of Court**
United States District Court
District of Wyoming
Joseph C. O'Mahoney Federal Center
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

**Re:** *United States v. Gregory N. McKnight*
Case No. **1:25-cr-00071**
Motion to Terminate Supervised Release

Dear Clerk of Court:

Enclosed for filing in the above-captioned matter is my **Motion to Terminate Supervised Release** pursuant to 18 U.S.C. § 3583(e)(1). I am proceeding pro se.

Also enclosed are:

- One original signed motion
- A proposed order for the Court's consideration
- A Certificate of Service
- Two additional copies of the motion packet
- A self-addressed stamped envelope for return of a conformed copy

Please file the original and return a file-stamped copy to me in the enclosed envelope. If there are any issues with this filing, I may be reached at the contact information above.

Thank you for your time and attention to this matter.

Respectfully,

Gregory N. McKnight
Defendant, pro se

G. McKnight
405 Harshman St.
Rawlins, WY 82301




CERTIFIED MAIL

7022 2410 0003 0576 4841

Retail

RDC 99

82001

U.S. POSTAGE PAID
FCM LG ENV
RAWLINS, WY 82301
DEC 20, 2025

$7.74

S2324H502821-05

ATTN: Clerk of the Court
US District Court
District of Wyoming
Joseph C. O'Mahoney Fed. Ctr.
2120 Capitol Ave., Rm. 2131
Cheyenne, WY ~~82001~~
82001

Water and Tear Resistant



**FILED**

1:08 pm, 1/29/26

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.

GREGORY MCKNIGHT,

Defendant,

Case No.  25-CR-00071-SWS

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION

This matter comes before the Court on Defendant Gregory McKnight's Motion for Early Termination of Supervision. (ECF No. 2). Mr. McKnight's probation officer also submitted a notice that includes an update on his conduct and progress while under supervision. (ECF No. 4). That report notes that both Defendant's probation officer and the U.S. Attorney's Office objects to Defendant's early release from supervision at this time. (*Id.* at 2). Having examined the motion, reviewed the record herein, and considered the relevant factors set forth in 18 U.S.C. §§ 3583(e) and 3553(a), the Court finds the motion must be denied.

## BACKGROUND

In 2013, Defendant was sentenced to 188 months for wire fraud, followed by 3 years of supervised release. (ECF No 4 at 1). Defendant was also ordered, as a condition of

supervised release, not to incur any new credit charges or open additional lines of credit without his probation officer's approval. (*Id.* at 2). Defendant's term of supervised release commenced on December 20, 2024. (*Id.* at 1).

Defendant's probation officer notes that, Defendant without prior approval of his probation officer, Defendant opened or reactivated credit cards in March 2025 and November 2025. (*Id.* at 2.) After just over a year on supervision, Defendant seeks to terminate his supervised release. (ECF No. 2).

## DISCUSSION

"Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing S. Rep. No. 98–225, at 124). Title 18 U.S.C. § 3583(e) gives the Court authority to terminate supervised release early. It provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).

Considering the factors identified in §§ 3583(e) and 3553(a), the Court is not satisfied at this time that terminating Defendant's supervised release is warranted by his conduct and the interests of justice. According to Defendant and his probation officer, Defendant has not incurred any new arrests or criminal charges, he has regularly reported

to U.S. Probation, and he is currently being supervised on the low-risk caseload. (ECF No. 2 at 1-2; ECF No. 4 at 2). Defendant is a homeowner, has community connections, and, while not currently employed, he receives monthly income through VA disability, Social Security, and pension income, and he is currently on a payment plan whereby his monthly restitution payments are garnished from his Social Security, and he has paid over $10,000 to date in restitution. (ECF No. 2 at 2; ECF No. 4 at 1-2). These positive steps are encouraging.

That said, Defendant violated a condition of his supervised release on multiple occasions when he opened or reactivated credit cards without prior approval of his probation officer in March 2025 and November 2025. (ECF No. 4 at 2). The credit card opened in November currently has a balance of nearly $6,000, with the majority of the purchases related to online gaming and gambling. (*Id.*). Defendant's probation officer believes he could benefit from some continued supervision (*id.*), and the Court agrees.

In considering Defendant's conduct on supervision as well as the various factors under § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," and the need "to protect the public from further crimes of the defendant," the Court finds Defendant has not eliminated the thinking difficulties that led to his crime. Consequently, continued supervision is of benefit to Defendant and termination of supervised release is not warranted at this time. Defendant should be proud of the positive steps he has taken to correct his prior behavior, and perhaps someday supervised release will have fulfilled all its rehabilitative purposes for him.  Such is not the case yet, though.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Gregory McKnight's

Motion for Early Termination of Supervision (ECF No. 2) is **DENIED**.

Dated this <u>29th</u> day of January, 2026.

Scott W. Skavdahl
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 1 1 2026
11:46 a.m.
Margaret Botkins, Clerk
Cheyenne

United States of America,
Plaintiff,
v.
Gregory McKnight,
Defendant.

Case No. 25-CR-00071-SWS

**DEFENDANT'S PRO SE MOTION FOR RECONSIDERATION OF ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant **Gregory McKnight**, appearing **pro se**, respectfully moves for reconsideration of the Court's January 29, 2026 *Order Denying Defendant's Motion for Early Termination of Supervision* (ECF No. 5). This motion is submitted with full respect for the Court's analysis and appreciation for the time and attention already devoted to this matter.

As a pro se litigant, Defendant did not previously raise the constitutional issue presented here: that the credit-restriction condition applied in this case is the **post-2008 expanded version**, which did not exist at the time of **his November 2007** offense. The Judgment in a Criminal Case confirms that Defendant's offense conduct concluded in **2007**. (Exhibit A). Because the Ex Post Facto Clause prohibits retroactive increases in punishment, only the 2007 version of the credit-restriction condition may lawfully apply.

Additionally, under the 2007 version of the condition, Defendant was **in compliance** with restitution obligations at all relevant times due to ongoing SSA garnishment initiated by the government. These facts were not before the Court at the time of its ruling.

This motion is therefore necessary to ensure that the Court's decision rests on a complete and accurate legal foundation, not to challenge the Court's reasoning or discretion.

## I. Legal Standard for Reconsideration

Reconsideration is appropriate where necessary to correct a clear error of law, prevent manifest injustice, or ensure compliance with constitutional requirements. The Ex Post Facto Clause prohibits retroactive increases in punishment. *Johnson v. United States*, 529 U.S. 694, 699–701 (2000). Because supervised release is part of the original sentence, any increase in the burdens or restrictions associated with supervised release after the offense date violates the Clause.

## II. The Offense Date Controls the Permissible Version of the Credit-Restriction Condition

The Court's order correctly notes that Defendant was sentenced in 2013 and that the judgment included a condition prohibiting new credit without probation approval. (Order at 1–2). However, Defendant's offense occurred in **November 2007**, as reflected in the Judgment (Exhibit A). Under the Ex Post Facto Clause, the Court may apply only the version of the condition in effect at that time.

### A. The 2007 Version Was Narrow and Conditional

The 2007 Administrative Office model language provided:

*"The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule."*

This version:

- Applied **only** when a defendant was not in compliance with restitution payments
- Did **not** prohibit credit activity for compliant defendants
- Did **not** include "financial contracts"
- Did **not** authorize automatic credit checks or third-party financial monitoring

### B. The 2013 Version Was Materially More Burdensome

By 2013, the federal judiciary had adopted an expanded version that:

- Required **universal prior approval** for all credit activity
- Added new categories of prohibited conduct ("financial contracts")
- Authorized credit checks and third-party financial monitoring
- Delegated broad veto authority to probation

These additions significantly increased the deprivation of liberty compared to the 2007 version.

Under *Johnson*, the Court may not retroactively impose a more punitive version of a supervised-release condition than the version in effect at the time of the offense.

## III. Defendant Was "In Compliance" Under the 2007 Standard Because the Government Was Garnishing His SSA Benefits

The Court's order notes that Defendant is "currently on a payment plan whereby his monthly restitution payments are garnished from his Social Security, and he has paid over $10,000 to date in restitution." (Order at 2).

This is critical.

Even though the SSA garnishment was initiated administratively by the U.S. Attorney, the government:

- Collected funds

- Applied them to restitution

- Reported them as payments

- Reduced the outstanding balance

This constitutes **compliance** under the 2007 model condition.

The 2007 condition did **not** require voluntary payments, a court-ordered schedule, or a specific payment plan. It required only that the defendant be **making payments**. Because the government was actively collecting restitution, Defendant was not delinquent and was therefore **"in compliance"** for purposes of the 2007 condition.

**Under the 2007 version of the credit-restriction condition — the only version constitutionally permissible for a 2007 offense — a defendant is restricted from incurring credit only when he is not in compliance with restitution obligations. Here, as the Court's order acknowledges, Defendant's monthly restitution payments were being garnished from his Social Security benefits and applied toward his balance, resulting in over $10,000 paid to date. Because the United States was actively collecting restitution, Defendant was "in compliance" under the 2007 standard. Accordingly, even if the 2007 version applied, it would not have restricted Defendant's ability to incur credit, and the conduct cited in the Court's order would not have constituted a violation.**

## IV. The 2013 Condition Imposes a Greater Deprivation of Liberty Than Necessary

Federal appellate courts have repeatedly held that special conditions must be narrowly tailored and impose no greater deprivation of liberty than necessary.

- *United States v. Carter,* 463 F.3d 526, 530–31 (6th Cir. 2006)

- *United States v. Scott,* 270 F.3d 632, 636 (8th Cir. 2001)

The 2013 version's universal prior-approval requirement, expanded prohibitions, and enhanced monitoring authority far exceed what was necessary to enforce restitution— particularly where Defendant was already compliant through SSA garnishment.

## V. The 2013 Version Delegates Excessive Authority to Probation

The 2013 condition grants probation open-ended veto power over all credit activity. Courts have cautioned that special conditions may not delegate excessive authority to probation officers. *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir. 2000). The 2007 version limited probation's authority to situations where the defendant was behind on restitution. The 2013 version's delegation did not exist at the time of the offense.

## VI. The Expanded Condition Was Not Supported by Individualized Findings

Special conditions must be supported by individualized findings and cannot be imposed reflexively. *United States v. Mike*, 632 F.3d 686, 695 (10th Cir. 2011). The expanded 2013 condition reflects post-2008 boilerplate language that was not part of the supervised-release framework at the time of the offense.

## VII. Because the Expanded Condition Cannot Apply, the Basis for Denying Early Termination Falls Away

The Court's order relied in part on Defendant's alleged violations of the credit-restriction condition. (Order at 2–3). Because:

1. The 2013 version cannot constitutionally apply to a 2007 offense; and
2. Defendant was "in compliance" under the 2007 version due to SSA garnishment;

…the factual predicate for the denial no longer exists.

Under 18 U.S.C. § 3583(e)(1), Defendant's sustained compliance, stability, and absence of risk to the community fully support early termination.

## VIII. Requested Relief

Defendant respectfully requests that the Court:

1. **Reconsider its denial of early termination of supervised release;**
2. **Modify or strike the credit-restriction condition** to reflect the 2007 version; and
3. **Grant early termination**, as Defendant has been compliant under the only constitutionally permissible version of the condition.

This request is made respectfully and solely to ensure that the supervised-release conditions and the Court's ruling conform to constitutional requirements.

**Respectfully submitted,**

Gregory McKnight, Pro Se
405 Harshman St.
Rawlins, WY 82301

WYD 38

## CERTIFICATE OF SERVICE

I certify that on this date, I mailed a copy of the foregoing **Pro Se
Motion for Reconsideration** to:

- United States Attorney's Office, District of Wyoming
- United States Probation Office, District of Wyoming

Dated: 2/9/2026

Gregory McKnight, Pro Se

# Exhibit A

**Excerpt from Judgment in a Criminal Case**

**Showing Offense Conduct Date (2007)**

**United States v. Gregory McKnight**

**Case No. 25-CR-00071-SWS**

**U.S. District Court for the District of Wyoming**

Case 4:12-cr-20101-MAG-MJH   ECF No. 18, PageID.109   Filed 08/07/13   Page 1 of 6

AO245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| GREGORY N. McKNIGHT | Case Number: 12CR20101-1 |
| | USM Number: 46755-039 |

Edward C. Wishnow
Defendant's Attorney

## THE DEFENDANT:

■ Pleaded guilty to count(s) **1 of the Information**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | November, 2007 | 1 |

The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 6, 2013
Date of Imposition of Judgment

s/Mark A. Goldsmith
United States District Judge

August 7, 2013
Date Signed

# PROPOSED ORDER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

United States of America,

Plaintiff,

v.

Gregory McKnight,

Defendant.

Case No. 25-CR-00071-SWS

### ORDER GRANTING DEFENDANT'S PRO SE MOTION FOR RECONSIDERATION

Upon consideration of Defendant's **pro se** Motion for Reconsideration of the Court's January 29, 2026 Order Denying Early Termination of Supervised Release, and for good cause shown, the Court hereby ORDERS:

- The Motion for Reconsideration is **GRANTED;**
- The credit-restriction condition is **modified** to reflect the 2007 version, or in the alternative **stricken;**
- Defendant's Motion for Early Termination of Supervised Release is **GRANTED.**

**SO ORDERED.**

Dated: _____


Scott W. Skavdahl

United States District Judge

CERTIFIED MAIL

7022 2410 0003 0572 5743



Retail

U.S. POSTAGE PAID
FCM LG ENV
RAWLINS, WY 82301
FEB 09, 2026

82001   **$8.02**

RDC 99   S2322P500903-10

G. McKnight
405 Harshman St.
Rawlins, NY 82301

Clerk of Court
U.S. District Court for the District of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

Christyne M. Martens WSB #7-5044
Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY  82602-5010
307-261-5434 (phone)
307-261-5471 (fax)
christyne.martens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Criminal No. 25-CR-71-S** |
| **GREGORY MCKNIGHT** Defendant. | |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION

On February 11, 2026, the defendant, Gregory McKnight, filed a motion asking this court to reconsider its earlier denial of his *pro se* motion to terminate his term of supervised release. (Doc. 6). This court should similarly deny McKnight's motion to reconsider because it amounts to an improper attack on a condition of his supervised release.

### I.    Factual and Procedural Background

McKnight was charged in the Eastern District of Michigan with wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1-1 at 9-10). McKnight's wire fraud scheme involved the use of a fraudulent pooled investment program, which included a website, that promised investors that he would invest their money and pay them monthly profits. (*Id.* at 8). But it was really a Ponzi scheme.

(*Id*.). Using this scheme, McKnight raised approximately $72 million dollars from about 3,000 people using interstate wire transfers. (*Id*. at 8).

McKnight pleaded guilty to this charge. (*Id*. at 12). The District Court for the Eastern District of Michigan sentenced him to 188 months of imprisonment to be followed by 3 years of supervised release and imposed the condition of supervised release currently at issue here. (*Id*. at 13, 16). That condition provides that the "defendant shall not incur any new credit charges or open additional lines of credit without approval of the probation officer." (*Id*. at 16). McKnight appealed. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 18). However, his counsel filed an *Anders* brief, asserting that there were no appealable issues. (Attach. 1 at 2). *Pro se*, he asserted several issues, but none of them had to do with his conditions of supervised release. (*Id*.). Finding no error, the Sixth Circuit Court of Appeals affirmed. (*Id*. at 4).

McKnight then sought relief under 28 U.S.C. § 2255. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 31). In denying his motion, the district court noted that McKnight had waived his right to appeal his conviction and sentence, either directly or by collateral attack. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 44 at 1). The court also examined each of his *pro se* claims, none of which attacked the condition of supervised release at issue here. (*See generally id.*). Undeterred, McKnight sought compassionate release and sentence reductions until his sentence was ultimately reduced and set to expire on December 22, 2024 through a grant of executive clemency. (E.D. Mich. Dkt. No. 12-CR-20101, Doc. 63). Notably, that grant of clemency left "intact and in effect for each named person the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (*Id*. at 1).

McKnight's supervision was transferred to the District of Wyoming. (Doc. 1). Then, on December 22, 2025, he asked this court to terminate his term of supervised release early. (Doc. 2).

2

This court denied his motion. (Doc. 5). In doing so, it noted that McKnight had opened a new line of credit without his probation officer's approval, which he appears to have used to gamble online and accrue nearly $6,000 in debt. (*Id.* at 2-3). While the court recognized McKnight's positive steps while on supervision, it held that he would benefit from continued supervision. (*Id.* at 3).

Now, McKnight asserts that this court should reconsider its holding. (Doc. 6). He asserts that there are a variety of legal issues with his current condition of supervised release. (*Id.*). Instead of the language of the condition imposed on him, he asserts that he should have been held to the 2007 model language of a condition limiting credit usage rather than the condition in his judgment. (*Id.*).

## II.     McKnight cannot challenge his conditions of supervised release.

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 539. "But a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Warren*, 22 F.4th 917, 927 (2022). "Thus, such motions should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.*

In its original denial, this court did not misapprehend the facts, the party's position, or the law. Nor has there been any change in any of the circumstances. Instead, McKnight's motion is an improper attempt to challenge a long-final component of his sentence.

While *pro se* pleadings should be construed liberally, courts should not fashion a defendant's argument for him or assume the role of advocate. *Trackwell v. United States*, 472 F.3d

3

1242, 1243 (10th Cir. 2007); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994); *Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008). His various challenges seem grounded in a fundamental misunderstanding of the "model language" from 2007. He seems to assert that there was some force to that language as if it were law. But it was not. It was only model language meant to help courts draft supervised release terms for criminal judgments. Therefore, it was meaningless until it was adopted in a criminal judgment at the time of an individual defendant's sentencing. Here, McKnight's sentencing court made the perfectly reasonable choice not to adopt the model language and instead craft a broader condition. While McKnight may be dissatisfied with that choice, he cannot challenge that use of sentencing discretion now.

The typical way to challenge an improper condition of supervised release is by an appeal or a collateral attack under 28 U.S.C. § 2255. *United States v. Nielsen*, No. 21-8087, ---F.4th----, 2022 WL 3226309, at *5 & n.6 (10th Cir. Aug. 10, 2022). This is because "[t]he orderly and expeditious administration of justice by the courts requires that an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *Id*. at *6 (quoting *Maness v. Meyers*, 419 U.S. 449, 459 (1975)). Here, McKnight appealed and sought relief under § 2255 without ever challenging his conditions of supervised release. Having bypassed those opportunities, he cannot do so now.

**DATED** this 24th day of February, 2026.

Respectfully submitted,

DARIN D. SMITH
United States Attorney

By:     */s/ Christyne M. Martens*
CHRISTYNE M. MARTENS
Assistant United States Attorney

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 24th day of February, 2026, I served a true and correct copy of the foregoing **United States' Response in Opposition to Defendant's Motion for Sentence Reduction** was served upon the following by depositing the same, postage prepaid, in the United States mail, addressed to:

**Gregory McKnight  #46755-039**
405 Harshman Street
Rawlins, WY 82301

> */s/ Heidi Mason*
> UNITED STATES ATTORNEY'S OFFICE

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 MAR -3 PM 1: 39

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

**United States of America,**
**Plaintiff,**
**v.**
**Gregory McKnight,**
**Defendant.**
**Case No. 25-CR-00071-SWS**

February 28, 2026

### DEFENDANT'S REPLY AND REQUEST FOR APPOINTMENT OF COUNSEL

Defendant respectfully submits this reply to address the issues raised in the United States' response and to request appointment of counsel under the **Criminal Justice Act** before the Court rules further. The government's filing confirms that the Court's prior denial of early termination rested on two financial-compliance conditions—the credit-restriction condition and the financial-monitoring condition—whose only articulated purpose is enforcement of restitution. Because the validity of the defendant's restitution order presents a substantial constitutional question under *Ellingburg v. United States, 602 U.S. ___ (2026)*, the supervised-release issue cannot be resolved without counsel.

### I. The Government's Response Confirms That the Court's Ruling Relied on Restitution-Enforcement Conditions

The United States emphasizes that the defendant allegedly opened a new line of credit and that continued supervision would "benefit" him. Both the credit-restriction condition and the financial-monitoring condition exist solely to enforce restitution obligations. Neither condition is tied to public safety, deterrence, or rehabilitation. The government's focus on these conditions underscores that the Court's prior ruling depended on the assumption that restitution enforcement remains a valid sentencing purpose.

That assumption cannot be evaluated without first determining whether the defendant's restitution order is constitutionally valid after *Ellingburg*.

## II. The Defendant's Restitution Order Is Constitutionally Defective Under *Ellingburg*

The defendant does not contend that restitution is unconstitutional in general. He contends that his restitution order is unconstitutional as applied because it was imposed:

- without jury-found facts,
- without judicial findings on loss,
- without adversarial testing, and
- based entirely on civil receivership determinations rather than evidence presented in the criminal case.

*Ellingburg* holds that restitution is **criminal punishment** and must be imposed in compliance with the U.S. Constitution. The defendant never admitted any loss amount, no jury found any loss amount, and the sentencing court adopted civil receivership figures wholesale. This is precisely the structural defect *Ellingburg* prohibits.

## III. If the Defendant's Restitution Is Constitutionally Defective, the Financial-Compliance Conditions Become Moot

Because the credit-restriction and financial-monitoring conditions exist solely to enforce restitution, they cannot serve as a lawful basis for continued supervision if the defendant's restitution order is unconstitutional. A supervised-release condition must be reasonably related to a valid sentencing purpose and impose no greater deprivation of liberty than necessary. If the defendant's restitution is invalid under Ellingburg, then there is no valid sentencing purpose for either condition.

The supervised-release analysis under **18 U.S.C. § 3583(e)(1)** therefore cannot proceed until the constitutional status of the defendant's restitution order is resolved.

## IV. The Constitutional Issue Is Substantial and Cannot Be Litigated Pro Se

The government's response does not address *Ellingburg* or the constitutional status of the defendant's restitution order. Its silence highlights the complexity and seriousness of the issue. The restitution question involves:

- constitutional requirements under *Ellingburg*,
- the Mandatory Victims Restitution Act,
- the prior civil receivership, and
- the specific sentencing record in this case.

No court expects a pro se litigant to brief and litigate such issues. Because the supervised-release determination cannot be made without resolving the restitution question, and because the restitution question cannot be resolved without counsel, appointment under the **Criminal Justice Act** is necessary.

## V. Requested Relief

The defendant respectfully requests that the Court:

1. Appoint counsel under the Criminal Justice Act to address the substantial constitutional questions concerning the validity of the defendant's restitution order under *Ellingburg*;
2. Hold the motion for reconsideration in abeyance pending counsel's appointment and further briefing; and
3. Defer ruling on supervised release until the constitutionality of the defendant's restitution order is resolved, because the financial-compliance conditions relied upon by the Court cannot be evaluated without first determining whether restitution remains a valid sentencing purpose.

Respectfully submitted,


Gregory McKnight; Pro Se
405 Harshman Street
Rawlins, WY 82301

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of _____, 2026, I placed a true and correct copy of the foregoing in the United States Mail, first-class postage prepaid, addressed to:

**United States Attorney's Office**
**District of Wyoming**
**2120 Capitol Avenue, Suite 4000**
**Cheyenne, WY 82001**

This constitutes service under Fed. R. Crim. P. 49.

/s/ Gregory McKnight
Gregory McKnight, Pro Se
405 Harshman Street
Rawlins, WY 82301

Case 2:25-cv-00073-SWS Document 58 Filed 05/20/26 Page 53 of 510

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

CHEYENNE WY  820

2 MAR 2026  AM 1  L

**Clerk of Court**
**U.S. District Court for the District of Wyoming**
**2120 Capitol Avenue, Room 2131**
**Cheyenne, WY 82001**

82001-365831

WYD 53

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

United States of America,
Plaintiff,
v.
Gregory McKnight,
Defendant.
Case No. 25-CR-00071-SWS

### PROPOSED ORDER APPOINTING COUNSEL AND HOLDING MOTION IN ABEYANCE

Upon consideration of the defendant's Reply and Request for Appointment of Counsel, and for good cause shown, the Court finds that the defendant has raised a substantial constitutional question concerning the validity of his restitution order under *Ellingburg v. United States*, 602 U.S. ___ (2026). The Court further finds that resolution of this issue is necessary before ruling on the defendant's pending motion for reconsideration and that the complexity of the issue warrants appointment of counsel under the **Criminal Justice Act**.

IT IS THEREFORE ORDERED that counsel shall be appointed to represent the defendant under the **Criminal Justice Act** for the purpose of addressing the constitutional status of the defendant's restitution order and any resulting impact on the financial-compliance conditions previously relied upon by the Court.

IT IS FURTHER ORDERED that the defendant's motion for reconsideration is held in abeyance pending the appearance of appointed counsel and further briefing as directed by the Court.

Dated: February 28, 2026


Hon. Scott W. Skavdahl
United States District Judge

**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**3:56 pm, 3/9/26**

**Margaret Botkins
Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| VS. | Case No.  25-CR-00071-SWS |
| GREGORY MCKNIGHT, | |
| Defendant, | |

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Defendant Gregory McKnight's Motion for Reconsideration and Request for Appointment of Counsel. (ECF No. 6, 8). Defendant asks this Court to appoint him counsel (ECF No. 8) and to reconsider its decision denying Defendant's Motion for Early Termination of Supervision. (ECF No. 5). In that order, after considering the positions of Defendant (ECF No. 2), his probation officer (ECF No. 4), and the U.S. Attorney's Office (*Id.* at 2), this Court denied Defendant's motion for early termination. (ECF No. 5 at 4). Having considered the record, Defendant's motion, the government's response (ECF No. 7), Defendant's reply (ECF No. 8), and being otherwise fully advised, for the reasons that follow, Defendant's Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel (ECF No. 8) must be denied.

## BACKGROUND

In 2013, Defendant was sentenced in the Eastern District of Michigan to 188 months followed by 3 years of supervised release for wire fraud in connection with a Ponzi scheme. (ECF No 4 at 1; ECF No. 7 at 1). Defendant was also ordered, as a condition of supervised release, not to incur any new credit charges or open additional lines of credit without his probation officer's approval. (*Id*. at 2; ECF No. 16 at 5, *USA v. McKnight*, No. 12-cr-20101 (E.D. Mich. 2013) (the "E.D. Mich. Docket"). Defendant incurred a grant of executive clemency which left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (ECF No. 7 at 2). Defendant's term of supervised release commenced on December 20, 2024. (*Id.* at 1).

In 2025, jurisdiction over Defendant's supervision was transferred to the District of Wyoming. (ECF No. 65, E.D. Mich. Docket; ECF No. 7 at 2). Defendant's probation officer noted that, without prior approval of his probation officer, Defendant opened or reactivated credit cards in March 2025 and November 2025. (ECF No. 4 at 2.) After just over a year on supervised release, Defendant filed a Motion to terminate his supervised release  (ECF No. 2), which was denied by this Court. (ECF No. 5). Thereafter, Defendant filed this Motion for Reconsideration and Request for Appointment of Counsel. (ECF No. 6, 8).

## I.    Motion for Reconsideration

### LEGAL STANDARD

The Tenth Circuit has discussed motions for reconsideration in the context of criminal cases:

> Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, "motions to reconsider in criminal prosecutions are proper." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). The Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*, 376 U.S. 75, 77–78, (1964) . . . we have recognized that criminal defendants may also move for reconsideration. *See United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989).

*United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).

Relief under a motion for reconsideration in a criminal setting is discretionary. *See United States v. Barajas–Chavez*, 358 F.3d 1263, 1266 (10th Cir. 2004) (noting that appellate review of a court's disposition of a motion for reconsideration under criminal procedure is for an "abuse of discretion"). Yet, "when the court has misapprehended the facts, a party's position, or the law," a district court may grant a motion for reconsideration. *United States v. Lewis*, 432 F. Supp. 3d 1237, 1267-68 (D. N.M. 2020) (quoting *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Reconsideration may be granted on the following bases: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Motions to reconsider "should not be used to revisit issues already

addressed or advance arguments that could have been raised earlier." *Id*. (quoting *Christy*, 739 F.3d at 539).

## DISCUSSION

Mr. McKnight's arguments can only be construed under the bases of a need to correct clear error or prevent manifest injustice. He argues that a "constitutional issue" warrants reconsideration of this Court's order. (ECF No. 6 at 1). Defendant cites *Johnson v. United States* and argues that "the credit-restriction condition applied in this case is the post-2008 expanded version,[1] which did not exist at the time of his November 2007 offense." (*Id*. at 1); 529 U.S. 699-701 (2000). Accordingly, Defendant argues "the ex post facto clause prohibits retroactive increases in punishment" and therefore "only the 2007 version[2] of the credit-restriction condition may lawfully apply." (*Id.*) Defendant is mistaken.

As an initial matter, Defendant's motion must be denied because he could have made this argument earlier. *Christy*, 739 F.3d at 539. The judgment containing Defendant's supervised release conditions was filed on August 7, 2013. (ECF No. 16, E.D. Mich. Docket). In the intervening years, Mr. McKnight has appealed his case to the Sixth Circuit, (ECF No. 18, E.D. Mich. Docket), and has filed a § 2255 motion, (ECF No. 31, E.D. Mich. Docket), a motion for compassionate release, (ECF No. 45, E.D. Mich. Docket), a motion

---

[1] The condition of supervised release that applies to Defendant and was listed in his judgment was "[t]he defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer." (ECF No. 16 at 5, E.D. Mich. Docket).

[2] Defendant alleges that the 2007 version of the condition was "The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule." (ECF No. 6 at 3).

for retroactive application of sentencing guidelines, (ECF No. 58, E.D. Mich. Docket), and a motion for early termination of supervised release, (ECF No. 2). None of those motions raised the argument that Defendant now brings before this Court. And the proper vehicle to assert such arguments was either in his appeal or his § 2255 motion. *United States v. Nielsen*, No. 21-8087, 2022 WL 3226309, at *5, n.6 (10th Cir. Aug. 10, 2022). Having failed to raise this argument at an earlier time and through a proper request, Defendant's motion must be denied.

Defendant's motion must also be denied on the merits. The Tenth Circuit has stated that District Courts have "broad discretion in setting a condition of supervised release." *United States v. Begay*, 631 F.3d 1168, 1174 (10th Cir. 2011) (quoting *United States v. Edain*, 92 F.3dd 1044, 1048 (10th Cir. 1996)). In fact, the Tenth Circuit allows a district court to modify conditions of supervised release at any time, even after such conditions have been imposed, if the new conditions meet certain requirements. *Id.* (quoting 18 U.S.C. 3583(e)(2)). And as the Government rightfully points out in their filing, the 2007 language Defendant points to "was only model language meant to help courts draft supervised release terms . . . [t]herefore, it was meaningless until . . . adopted in a criminal judgment . . . [h]ere, McKnight's sentencing court made the perfectly reasonable choice not to adopt the model language and instead craft a broader condition." (ECF No. 7 at 4). This broader conditions is certainly reasonable given the underlying offense.

Even so, Article I, § 10, of the Constitution prohibits a state from passing an ex-post facto law. *Ca. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). "[T]he Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for

criminal acts.'" (*Id.* (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990))). Moreover, "the Ex Post Facto Clause does not preclude . . . reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith v. Doe*, 538 U.S. 84, 103 (2003).

According to the U.S. Supreme Court:

> The heart of the Ex Post Facto Clause, U.S. Const., Art. I, § 9, bars application of a law "that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed ...." *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798) (emphasis deleted). To prevail on this sort of ex post facto claim, [Defendant] must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted. *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 506–507, n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995).

*Johnson v. United States*, 529 U.S. 694, 699 (2000).

Contrary to Defendant's argument, the change from the 2007 version to the 2013 version does not "raise[] the penalty from whatever the law provided when he acted." *Id.* Rather, the change from the 2007 to the 2013 condition is a mere "legislative adjustment" that does not affect Defendant's penalty. To be sure, the U.S. Supreme Court has explicitly rejected Defendant's argument. *See Calf. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 ("[Defendant] nonetheless urges us to hold that the Ex Post Facto Clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment . . . .[o]ur cases have never accepted this expansive view of the Ex Post Facto Clause, and we will not endorse it here.") Rather, permissible "legislative adjustments" create "only the most speculative and attenuated possibility of producing the prohibited effect of increasing

the measure of punishment . . . and such conjectural effects are insufficient under any threshold we might establish under the Ex Post Facto Clause." *Id*. at 509.

Defendant fails to articulate any evidence that the 2013 condition of supervised release raises his penalty and instead states general speculations and conclusions that the 2013 version of is more burdensome and more punitive. (ECF No. 6 at 3). But speculation is insufficient to invalidate this condition of supervised release under the ex-post facto clause. *Id*. at 509. There is no ex-post facto clause violation here.

## I.     Motion for Appointment of Counsel

Defendant argues anew in his latest filing (ECF No. 8) that he requires counsel "because the validity of defendant's restitution order presents a substantial constitutional question" and thus "the supervised-release issue cannot be resolved without counsel." Defendant is again mistaken. As an initial matter, and as explained above, this Court will not entertain Defendant raising new constitutional concerns with his case at this stage under the guise of a request for counsel when such arguments could have been raised in earlier motions or on appeal.

As to Defendant's request for counsel, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKlineBeecham Corp*, 393 F.3d 1111, 1115 (10th Cir. 2004). Beyond direct appeal, a criminal defendant has no constitutional right to appointment of counsel. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Accordingly, Defendant has no constitutional right to counsel here. This Court, acting in its discretion, declines to grant

Defendant counsel because he has not demonstrated a compelling need for appointed counsel. This is not a circumstance "where the lack of counsel results in fundamental unfairness." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Gregory McKnight's Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel (ECF No. 8) are **DENIED**.

Dated this 9th day of March, 2026.

Scott W. Skavdahl
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

United States of America,
Plaintiff,
v.
**Gregory McKnight,**
Pro Se Defendant.

**Case No. 25-CR-00071**

**DEFENDANT'S PRO SE MOTION TO COMPEL PRODUCTION OF RESTITUTION ACCOUNTING, RECEIVER MATERIALS, AND RELATED DOCUMENTS**

**INTRODUCTION**

Defendant Gregory McKnight, appearing **pro se**, respectfully moves this Court to compel production of the restitution accounting and related materials required under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664.

Defendant did not initiate this matter with motion practice. Defendant attempted to resolve the issue cooperatively. Because the Court declined to provide the required materials, Defendant now brings this motion out of necessity, not preference.

**"Defendant owes a total amount of $48,969,560.00 and has paid $10,822.92."**
— *Order Denying Motion for Updated Restitution Accounting, Apr. 3, 2026.*

That one sentence does not satisfy the Court's statutory obligations. It does not disclose the basis of the restitution figure, the recoveries applied, the distributions made, or the methodology used. It does not allow Defendant to verify the accuracy of the balance. And it does not comply with § 3664(b), which requires disclosure of "all portions of the presentence or other report pertaining to restitution."

Because the informal route was refused, Defendant now proceeds more formally.

## FACTUAL BACKGROUND

### A. The restitution figure was derived from receiver materials

At sentencing, Judge Goldsmith made clear that the restitution figure came directly from the receiver's accounting:

**"One aspect of the Rule 11 Plea Agreement is an agreement to a restitution figure of almost 49 million dollars…"**
— *Sentencing Tr., Aug. 6, 2013 at 14:23–25.*

The Receiver confirmed:

**"Those claims total just over 44 million dollars in claims held by approximately 1,800 claimants."**
— *Sentencing Tr., Sept. 11, 2012 at 17:14–17.*

The sentencing record also reflects:

- **A claims process run by the Receiver**
- **Recoveries from seized accounts, futures liquidation, and real property**
- **A $1.5 million distribution to victims**
- **Ongoing civil and FINRA proceedings tied to asset recovery**

These materials were relied upon to set restitution. They were incorporated into the PSR. They were adopted by the sentencing court. Yet they have never been provided to the Defendant.

### B. The Wyoming Court denied Defendant's request for the underlying materials

The Court's April 3, 2026 order denied Defendant's request for an updated accounting and provided only a static balance. No ledger. No recoveries. No distributions. No documentation. No explanation.

Defendant cannot verify or challenge the restitution balance without the underlying materials.

**LEGAL STANDARD**

**A. MVRA and § 3664(b) require disclosure of restitution-related reports**

**18 U.S.C. § 3664(b)** mandates disclosure of:

**"all portions of the presentence or other report pertaining to restitution."**

Receiver reports, claims rosters, distribution schedules, and financial records are "other report[s]" within the meaning of the statute when they are used to determine restitution — as they were here.

**B. Restitution is criminal punishment and must meet procedural safeguards**

The Supreme Court's decision in *Ellingburg v. United States* (Jan. 20, 2026) reaffirmed that restitution under the MVRA is **criminal punishment**, not a civil debt. As such, it must be imposed and administered with full procedural safeguards, including transparency and accuracy.

A restitution balance cannot be insulated from scrutiny.

**C. Defendant is entitled to the materials used to calculate restitution**

Where a court relies on external materials — such as receiver reports — to determine restitution, the defendant must be given access to those materials to test the accuracy of the calculation. Courts routinely order disclosure or in-camera review to balance privacy concerns with statutory rights.

## ARGUMENT

### I. The Court cannot rely on materials it refuses to disclose

The sentencing record shows the restitution figure was built on:

- **Receiver accounting**
- **Claims rosters**
- **Distribution schedules**
- **Financial reports**
- **Civil-case recoveries**

The Court cannot adopt those materials at sentencing and then deny Defendant access to them.

### II. The Court's prior denial left Defendant with no lawful means to verify the balance

Defendant attempted the cooperative route. The Court declined.
This motion is therefore necessary to enforce statutory rights.

### III. The requested materials are narrowly tailored and subject to protective measures

Defendant seeks only the documents used to calculate restitution.
If privacy concerns exist, the Court can:

- Order **in-camera review**
- Permit **redacted public filings**
- Enter a **protective order**

These tools resolve confidentiality concerns without denying Defendant's rights.

## REQUESTED RELIEF

Defendant respectfully requests that the Court order production of:

1. The full restitution ledger
2. All receiver financial reports
3. The claims roster
4. All distribution schedules
5. Bank/transaction records supporting collections and disbursements
6. Victim documentation used to calculate restitution
7. Any civil-court accounting affecting restitution
8. A sworn declaration from the Receiver explaining the methodology

Alternatively, Defendant requests **in-camera review** and production of non-privileged portions.

## CONCLUSION

Defendant attempted to obtain this information informally. The Court declined. Defendant now invokes the rights Congress provided and the procedural protections reaffirmed in *Ellingburg*. The Court should compel production of the materials necessary to ensure that restitution — a criminal penalty — is administered lawfully, accurately, and transparently.

Respectfully submitted,

**Gregory McKnight**
Pro Se Defendant
Rawlins, Wyoming

April 7, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on **April 7, 2026,** I mailed a copy of the foregoing

Motion to Compel to the United States Attorney's Office for the District of

Wyoming, 2120 Capitol Avenue, Suite 4000, Cheyenne, WY 82001.

Gregory McKnight

Pro Se Defendant

WYD 68

# EXHIBIT A

**Order Denying Motion for Updated Restitution Accounting
(April 3, 2026)**

WYD 69



**FILED**

3:48 pm, 4/3/26

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.

GREGORY MCKNIGHT,

Defendant,

Case No. 25-CR-00071

---

## ORDER DENYING DEFENDANT'S MOTION FOR UPDATED RESTITUTION ACCOUNTING

This matter is before the Court on Defendant Gregory McKnight's Motion for Updated Restitution Accounting. (ECF No. 12). Defendant asks this Court for copies of (1) the current restitution balance; (2) the total amount of funds collected; (3) the total amount of funds distributed; (4) any final accounting or report in related civil proceedings; (5) documentation reflecting disbursements made; (6) victim-related documentation used to calculate restitution amount; and (7) any other materials used to determine present restitution balance. (*Id*. at 1). Defendant has not presented any facts or law that entitle him to this documentation.

This Court, having considered the motion, the record, and being otherwise fully advised, finds there is no legal basis entitling Defendant to the documentation he seeks. However, as a courtesy, the Court will advise Defendant that based on this Court's records, Defendant owes a total amount of $48,969,560.00 and has paid $10,822.92. Accordingly,

Defendant's total outstanding restitution balance is $48,958,737.08. The restitution has and will continue to be collected and distributed in accordance with the judgment. (ECF No. 16 at 6, *USA v. McKnight*, No. 12-20101, (E.D Mich. 2012)).

Thus, Defendant has failed to establish any factual or legal basis to support his request.

**IT IS HEREBY ORDERED** Defendant's Motion (ECF No. 12) is **DENIED**.

Dated this 3rd day of April, 2026.

Scott W. Skavdahl
United States District Judge

# EXHIBIT B

## Sentencing Transcript Excerpts
## (Sept. 11, 2012 and Aug. 6, 2013)

**1. Sentencing Tr. (Sept. 11, 2012) at 13:23–25:**

"One aspect of the Rule 11 Plea Agreement is an agreement to a restitution figure of almost 49 million dollars ..."

**2. Sentencing Tr. (Aug. 6, 2013) at 6:7–16:**

"... the receiver set up a claims process and identified approximately 1,800 victims or so ... the total amount was a little over 44 million dollars ... less 1.5 million dollars that the receiver has distributed back to the victims ..."

# EXHIBIT C

## Defendant's Prior Request for Restitution Accounting

# REQUEST FOR UPDATED RESTITUTION ACCOUNTING AND SUPPORTING DOCUMENTATION

**United States v. McKnight**
Case No. 25-CR-00071-SWS

Defendant Gregory McKnight respectfully requests an updated accounting of his restitution obligations, along with the supporting documentation necessary to understand the current balance and the basis for that balance.

## 1. Purpose of the Request

This request is made solely for the purpose of obtaining clarity regarding the defendant's restitution obligations. The defendant seeks to ensure that he has accurate information regarding:

- the total restitution imposed,
- any payments credited,
- any disbursements made to alleged victims,
- any offsets or recoveries applied,
- **the total amount of funds collected to date by the receiver or any entity acting on behalf of the Court,**
- **the total amount previously distributed to victims**, and
- the current outstanding balance.

Understanding these matters is necessary for the defendant to comply with his obligations and to maintain accurate personal records.

## 2. Requested Materials

To that end, the defendant respectfully requests copies of the following:

1. The current restitution balance as reflected in the Court's records;
2. **The total amount of funds collected to date by the receiver, government, or any entity acting on behalf of the Court;**
3. **The total amount of funds previously distributed to victims, including any distributions made prior to sentencing;**
4. Any final accounting or report prepared by the receiver or custodian appointed in the related civil proceedings;
5. Any documentation reflecting payments received, disbursements made, or offsets applied;
6. Any victim-related documentation used to calculate the restitution amount; and
7. Any other materials the Court or the government relies upon to determine the present restitution balance.

## 3. Nature of the Request

This request does not seek modification, reduction, or reconsideration of the restitution order. It is made solely to obtain information necessary for the defendant to understand and comply with his obligations.

Respectfully submitted,


**Gregory McKnight**
Pro Se
Rawlins, WY
Date: _____

# EXHIBIT D

**Judgment – Restitution Page**

WYD 76

Case 1:25-cr-00071-SWS    Document 254    Filed 04/28/26    Page 75 of 110
Appellate Case: 26-8020    Document 9    Date Filed: 05/21/2026    Page: 77
Case 2:12-cr-20101-MAG-MJH   ECF No. 16, PageID.114   Filed 08/07/13   Page 6 of 6

AO245B  [Rev. 12/03 Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 6 of 6

DEFENDANT:  GREGORY N. McKNIGHT
CASE NUMBER:  12CR20101-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 48,969,560.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Robert Gordon, Clark Hill | $48,969,560.00 | $48,969,560.00 | |
| 151 South Old Woodward Avenue | | | |
| Suite 200 | | | |
| Birmingham, MI 48009 | | | |
| **TOTALS:** | $ 48,969,560.00 | $ 48,969,560.00 | |

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

WYD 77

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

United States of America,
  Plaintiff,

v.

Gregory McKnight,
  Defendant.

**Case No. 25-CR-00071**

## PROPOSED ORDER

Upon consideration of Defendant's Motion to Compel Production of Restitution Accounting and Related Materials, it is hereby **ORDERED** that the motion is **GRANTED**.

The United States shall produce the restitution ledger, receiver reports, claims roster, distribution schedules, and all materials relied upon to calculate restitution, or submit them for in-camera review within 30 days.

**SO ORDERED.**

_____

Hon. Scott W. Skavdahl
United States District Judge

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

 

Retail

RDC 99

82001

U.S. PO
FCM LC
RAWLIN
APR 06

$2.4

S2324W

United States District Court
District of Wyoming
ATTN: Clerk of the Court
2120 Capitol Ave., Rm. 2131
Cheyenne, WY 82001

DARIN D. SMITH
United States Attorney
C. LEVI MARTIN (WY Bar # 6-3781)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124
Christopher.martin@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY MCKNIGHT,

Defendant.

Docket No. 1:25-cr-00071-SWS

---

### UNITED STATES OF AMERICA'S RESPONSE TO
### DEFENDANT'S MOTION TO COMPEL (DOC. 14)

---

Plaintiff United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney C. Levi Martin, submits this response to *Defendant's Pro Se Motion to Compel Production of Restitution Accounting, Receiver Materials, and Related Documents (Doc. 14)*.

#### BACKGROUND

On August 6, 2013, Defendant Gregory McKnight was sentenced by the United States District Court for the Eastern District of Michigan for wire fraud, in violation of 18 U.S.C. § 1343. (Doc. 1-1 at 13–18). In addition to a term of 188 months of incarceration and three years of supervised release, the Eastern District of Michigan ordered Defendant to pay $48,969,560 in restitution. (*Id.*). On April 28, 2025, the Eastern District of Michigan transferred jurisdiction to the

District of Wyoming for the sole purpose of Defendant's supervised release. (Doc. 1). In March 2026, Defendant filed a *Request for Updated Restitution Accounting and Supporting Documentation* with this Court. (*See* Doc. 12). This Court denied Defendant's request on April 3, 2026. (Doc. 13). Seemingly in response to the Court's order, Defendant filed a motion to compel on April 8, 2026. (Doc. 14).

### DISCUSSION

This Court should deny Defendant's motion to compel and instruct Defendant to raise his arguments that are related to his restitution with the Eastern District of Michigan because this Court lacks jurisdiction. This case is before the Court pursuant to a limited transfer of jurisdiction provided by 18 U.S.C. § 3605. Section 3605 states:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605. Notably, subchapter C of Chapter 227, which concerns fines, is excluded from the limited grant of jurisdiction that is promulgated through Section 3605. Therefore, this Court can conclude that where a defendant resides during his term of supervised release will afford the transferee court *in personam* jurisdiction over the defendant for his term of supervision. Nothing in Section 3605 authorizes the district overseeing a defendant's supervision to decide issues concerning the restitution imposed by the sentencing court of original jurisdiction. *See, e.g.*, *United States v. Wayne*, 394 F. App'x 497, 498 (10th Cir. 2010) (court exercising jurisdiction over defendant's supervision in Colorado pursuant to 18 U.S.C. § 3605 lacked jurisdiction to set aside restitution order imposed by sentencing court in Missouri); *United States v. Lussier*, 104 F.3d 32,

37 (2d Cir. 1997) (statute permitting court to modify conditions of supervised release did not authorize court to rescind restitution imposed at sentencing on grounds of illegality); *United States v. Weiss*, 2022 WL 10667255, at *2 (S.D.N.Y. Oct. 17, 2022) ("Jurisdiction over Defendant's fine remains with the Middle District of Florida because the fine is part of his original criminal judgment and the limited grant of authority to this transferee Court did not include the power to alter it."). Accordingly, the Court should deny Defendant's motion for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, the transfer of Defendant's criminal case to this Court for the purposes of his supervision did not divest the Eastern District of Michigan District Court of jurisdiction over the restitution. Instead, the Eastern District of Michigan, as the sentencing court, retains jurisdiction over the restitution component of the Criminal Judgment until it is satisfied or Defendant's liability to pay terminates. The United States, therefore, respectfully requests this Court to deny Defendant's motion for lack of jurisdiction and instruct Defendant to pursue his requests in the Eastern District of Michigan. Defendant should also be encouraged to contact the Financial Litigation Program (FLP) of the United States Attorney's Office for the Eastern District of Michigan to obtain information related to his payment history.[1]

Dated April 14, 2026.

DARIN D. SMITH
United States Attorney

By:   */s/ C. Levi Martin*
C. LEVI MARTIN
Assistant United States Attorney

---

[1] The United States Attorney's Office for the District of Wyoming does not even have access to Defendant's payment history.

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I served a true and correct copy of the foregoing

upon Defendant, *pro se*, by depositing with the United States Postal Service, first-class postage

prepaid, as follows:

Gregory McKnight
405 Harshman Street
Rawlins, WY 82301

/s/ *Amanda Hudson*
AMANDA HUDSON
United States Attorney's Office

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 APR 17 PM 12: 27
MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
Plaintiff,

v.

GREGORY McKNIGHT,
Defendant.

Case No. 1:25-cr-00071-SWS

## DEFENDANT'S REPLY AND REQUEST FOR ORDER IDENTIFYING RESTITUTION RECORDS

### TABLE OF AUTHORITIES

**Cases:**

- Ellingburg v. United States, 602 U.S. ___ (2026)
- United States v. Lussier, 104 F.3d 32 (2d Cir. 1997)
- United States v. Wayne, 394 F. App'x 497 (10th Cir. 2010)

**Statutes:**

- 18 U.S.C. § 3605
- 18 U.S.C. § 3664(a)
- 18 U.S.C. § 3664(k)
- 18 U.S.C. § 3664(m)(1)(A)
- 18 U.S.C. § 3664(m)(1)(B)

## I. Defendant Does Not Seek Modification of Restitution

The Government's Response (Doc. 16) repeatedly asserts that this Court lacks jurisdiction to "set aside" or "alter" restitution under 18 U.S.C. § 3605. Defendant agrees.

The Eastern District of Michigan retains exclusive jurisdiction to modify the restitution judgment.

Defendant's Motion to Compel (Doc. 14) does not seek modification. It seeks records:

- an updated restitution accounting,
- receiver materials, and
- supporting documentation.

These are documents necessary to understand and comply with the judgment being enforced. They do not require any alteration of restitution.

## II. Section 3605 Does Not Relieve the Government of Its Duty to Maintain and Produce Restitution Records

The Government's jurisdictional argument ignores its statutory obligations under 18 U.S.C. § 3664. Congress imposed on *"the Government"* — specifically the Attorney General — the duty to maintain, track, and be able to produce restitution records.

- § 3664(a) requires the Government to provide the information necessary to administer restitution.
- § 3664(k) requires the Government to notify the court of any material change in the defendant's economic circumstances.
- § 3664(m)(1)(A) requires the Government to enforce restitution as a criminal judgment.
- § 3664(m)(1)(B) assigns enforcement and record-keeping responsibilities to the Attorney General.

The Assistant United States Attorney who filed the Response is *"the Government"* for purposes of § 3664. The Government cannot simultaneously claim the authority to enforce restitution while disclaiming responsibility for the records underlying that enforcement.

### III. The Government's Filing Strongly Suggests the Records Do Not Exist

The Government admits:

***"The United States Attorney's Office for the District of Wyoming does not even have access to Defendant's payment history."***
— Doc. 16 at 3 n.1.

This is not a trivial statement. It means:

- The Government cannot verify the restitution balance.
- The Government cannot confirm whether a receiver ever filed a final report.
- The Government cannot identify the custodian of the records.
- The Government cannot produce the documents it is statutorily required to maintain.

The Government does not assert that the requested records exist. It does not identify who has them. It does not claim it can obtain them. Its silence — combined with its admission — supports the reasonable inference that the records do not exist or have not been preserved.

### IV. Ellingburg Confirms That Restitution Is Criminal Punishment and Requires Constitutional Record-Keeping

In ***Ellingburg v. United States, 602 U.S. ___ (2026)***, the Supreme Court held that restitution imposed under the MVRA is criminal punishment, not a civil debt. Because restitution is punishment, the Government's obligations under § 3664 are constitutional in nature.

Under *Ellingburg*:

- The Government must maintain accurate records of criminal punishment.
- The Government must be able to account for the amounts it enforces.
- The Government must provide a defendant access to those records upon request.

The Government's admission that it *"does not even have access"* to Defendant's payment history raises a serious constitutional concern. If the Government cannot locate or verify the records underlying a criminal punishment, the enforcement of that punishment is constitutionally defective.

## V. The suggestion to "Contact the Financial Litigation Program" Is Hardly a Legal Remedy

The Government's suggestion that Defendant "contact the Financial Litigation Program" is hardly a legal remedy. It provides:

- no enforcement mechanism,
- no deadline,
- no assurance that the FLP possesses the records, and
- no indication that the records exist.

A defendant cannot be required to chase informal, non-judicial channels when the Government itself cannot confirm the existence or location of the records it is enforcing.

## VI. Requested Relief

Defendant respectfully requests that the Court issue an order requiring the United States to:

1.   **State whether the requested restitution accounting and receiver records exist;**
2.   **If they exist, identify the custodian and produce them;**
3.   **If they do not exist, state that fact on the record.**

This relief does not modify restitution. It merely ensures transparency and compliance with statutory and constitutional obligations.

*Respectfully submitted,*

Gregory McKnight
405 Harshman Street
Rawlins, WY 82301
Pro Se Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
    Plaintiff,

v.                        **Case No. 1:25-cr-00071-SWS**

GREGORY McKNIGHT,
    Defendant.

## [PROPOSED] ORDER IDENTIFYING RESTITUTION RECORDS

Upon consideration of Defendant's "Reply and Request for Order Identifying Restitution Records," and for good cause shown, the Court hereby ORDERS as follows:

**1. The United States shall state whether the restitution accounting, payment history,**
   **and any receiver reports or related records exist.**

**2. If such records exist, the United States shall identify the custodian of the records**
   **and produce them to Defendant within 21 days of this Order.**

**3. If such records do not exist, the United States shall file a notice with the Court**
   **stating that fact.**

This Order does not modify the restitution judgment. It merely ensures transparency and compliance with statutory and constitutional obligations governing the enforcement of restitution.

**IT IS SO ORDERED.**

Dated this ___ day of _____, 2026.


_____
Hon. Scott W. Skavdahl
United States District Judge

**FILED**



**1:17 pm, 4/24/26**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.                                                            Case No.  25-CR-0071

GREGORY MCKNIGHT,

Defendant,

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND MOTION FOR ORDER IDENTIFYING RESTITUTION RECORDS

This matter is before the Court on Defendant McKnight's Motion to Compel Records. (ECF No. 14). The government responded, (ECF No. 16), and Defendant replied (ECF No. 17). Defendant's reply also included what the Court has construed as a Motion for Order Identifying Restitution Records. (*Id*.) Having considered the parties' filings and the record and being otherwise fully advised, the Court finds Defendant's motions must be denied.

This Court does not restate the facts, but rather incorporates them herein. (ECF No. 9 at 2). As this Court as previously outlined, and as relevant here, in 2013, Defendant was sentenced in the Eastern District of Michigan and his term of supervised release commenced on December 20, 2024. (ECF No. 7 at 1). In 2025, jurisdiction over Defendant's supervision was transferred to the District of Wyoming pursuant to 18 U.S.C.

§ 3605. (ECF No. 1 at 1, ECF No. 7 at 2). After this Court denied Defendant's motion for updated restitution accounting, (ECF No. 13), Defendant has filed a motion to compel "production of restitution accounting, receiver materials, and related documents." (ECF No. 14 at 1). Defendant argues this Court's prior order denying a restitution accounting "does not satisfy the Court's statutory obligations" because "it does not disclose the basis of the restitution figure, the recoveries applied, the distributions made, or the methodology used." (*Id*). Defendant argues 18 U.S.C. §§ 3663A and 3364 require this Court to provide him the requested materials. (*Id*. at 1-3). Defendant is mistaken.

While the Court cannot discern exactly which part of § 3663A to which Defendant refers, the plain meaning of the statutes cited by Defendant indicate they are inapplicable to this Court at present. 18 U.S.C. § 3663A states that it only applies at earlier stages of the criminal process, namely, at sentencing through issuance of the order of restitution. 18 U.S.C. 3663A(A)(1) ("when sentencing a defendant . . ."); 18 U.S.C. § 3663A(b) ("the order of restitution shall require . . . "); 18 U.S.C. §3663A(c)(1) ("this section shall apply in all sentencing proceedings . . ."). 18 U.S.C. § 3664 by its plain language applies to the process of compiling and issuing the presentence report and restitution order at sentencing. 18 U.S.C. § 3664(a) ("the Court shall order the probation officer to obtain and include in its presentence report . . "). Here, the Eastern District of Michigan already conducted sentencing, issued the order of restitution, and entered judgment. (ECF No. 1-1). Additionally, this Court only has limited jurisdiction over Defendant pursuant to 18 U.S.C § 3605. Accordingly, neither statute alleged is applicable to this Court's oversight of Defendant's term of supervised release.

The Court also finds *U.S. v. Wayne* instructive. 384 Fed. App'x 497 (10th Cir. 2010). In that case, Defendant Wayne plead guilty to wire fraud in U.S. District Court for the Western District of Missouri and was sentenced to thirty-seven months imprisonment, three years of supervised release, and was ordered to pay $208,117.04 in restitution. *Id*. at 498. While on supervised release, jurisdiction over Wayne's supervision was transferred to the District of Colorado based on 18 U.S.C § 3605. *Id*. Wayne then challenged the restitution order in Colorado. *Id*. The U.S. District Court for the District of Colorado denied Wayne's motion, noting such issues were the proper subject matter for an appeal and that it lacked jurisdiction to set aside the restitution order. On appeal, the Tenth Circuit affirmed, noting:

> "We agree with the district court that the challenge to the restitution order Wayne raised in her motion was required to be brought on direct appeal . . . [a]lthough jurisdiction over Wayne's term of supervised release was transferred to the Colorado district court pursuant to 18 U.S.C. § 3605, Wayne has failed to identify any statute conferring jurisdiction on the Colorado court to decide the merits of the issue raised in her motion."

*U.S. v. Wayne*, 394 Fed. App'x 497, 498 (10th Cir. 2010).

Similarly, here, McKnight has already appealed his restitution order, among other issues, arguing to the Sixth Circuit that the restitution amount was false. (ECF No. 47-1 at 8, Appeal No. 13-2075, Sixth Circuit). The Sixth Circuit affirmed the district court's ruling, noting "our independent review of the record reveals no colorable issues for appeal." (ECF No. 50-2 at 4, Appeal No. 13-2075, Sixth Circuit). McKnight has also failed to identify any statute conferring jurisdiction on this Court to provide him the requested materials so he can challenge his restitution

order. In fact, the Court does not even have access to any of the materials that Defendant requests. As the government points out, the Eastern District of Michigan retains jurisdiction over Defendant's sentence, including restitution, and any remedy would lie in the Eastern District of Michigan. (ECF No. 16 at 3). As suggested by the Government, this Court directs Defendant to the Financial Litigation Program of the U.S. Attorney's Office for the Eastern District of Michigan to obtain information related to his payment history. (ECF No. 16 at 3).

McKnight's reply argues the records he requests do not exist. (ECF No. 17). As already indicated, this Court lacks both jurisdiction and direct access to the records Defendant requests, and he should contact the sentencing court for further information.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel (ECF No. 14) and Motion for order to identify restitution records (ECF No. 17) are **DENIED**.

Dated this 24th day of April, 2026.

Scott W. Skavdahl
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
    Plaintiff,

                                         **Case No. 25-CR-00071-SWS**

v.

GREGORY N. MCKNIGHT,
    Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

### Introduction

Defendant Gregory N. McKnight, proceeding pro se, respectfully moves this Court for an order suspending all conditions of supervised release pending resolution of his Motion for Relief from Void Judgment (ECF No. 66), filed in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH. This Motion is supported by the Declaration of Gregory N. McKnight (Exhibit A), the Notice of Jurisdictional Defect (Exhibit B), previously delivered by email to Sr. U.S. Probation Officer Greg Lewis. filed herewith.

### Factual Background

On April 30, 2026, the U.S. Probation Office for the District of Wyoming set up a phone meeting and called the Defendant, who spoke with the Deputy Chief of the Probation Office. Present on the call: Defendant Gregory N. McKnight, Brett Bohlender, Deputy Chief U.S. Probation Officer, Shelby Heatherly, Supervisory U.S. Probation Officer, and Greg Lewis, Sr. U.S. Probation Officer.

During the call, Defendant informed the Deputy Chief that he had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

Defendant requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

The Deputy Chief refused to suspend enforcement of supervised release conditions.

The Deputy Chief directed Defendant to "take it up with the court."

During the same conversation, the Deputy Chief stated: "We are monitoring your [restitution] payments."

On May 1, 2026, Defendant contacted the Clerk of Court for the Eastern District of Michigan. The Clerk confirmed that if any documentation relating to BOP release or commencement of supervised release had been transmitted to her office by the Probation Office, it would have been docketed. No such documentation appears on the docket.

On the same date, Defendant spoke with U.S. Probation Officer Clark of the Eastern District of Michigan Probation Office. Officer Clark confirmed that the only release information in Defendant's file is the BOP release of **December 10, 2025**. Officer Clark had no record of supervised release commencement.

**Legal Argument**

**A. The Underlying Judgment Is Subject to a Pending Void Judgment Challenge**

The underlying criminal judgment entered in the Eastern District of Michigan is the subject of a pending Motion for Relief from Void Judgment (ECF No. 66). That motion challenges the validity of the judgment from which all supervised release conditions in this case derive.

If the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant.

The Probation Office has refused to suspend enforcement and has directed Defendant to seek relief from this Court. Defendant has exhausted his administrative remedy and now brings this matter before the Court as directed.

The Court has the authority under 18 U.S.C. § 3583 to modify or suspend conditions of supervised release. Given the pending challenge to the validity of the underlying judgment, suspension of all conditions is warranted to prevent irreparable harm during the pendency of the EDMI motion.

**B. Supervised Release Never Formally Commenced in the Sentencing District**

A separate and independent basis for relief exists. Supervised release never formally commenced in the sentencing district. On May 1, 2026, both the Clerk of Court for the Eastern District of Michigan and EDMI Probation Officer Clark confirmed that no supervised release commencement documentation has been docketed or recorded. The only documented event in the Sentencing District's Probation records is Defendant's release from BOP custody on **December 10, 2025**.

Under 18 U.S.C. § 3605, a sentencing court may transfer jurisdiction over a person **on supervised release** to another district. That transfer presupposes that supervised release has formally commenced in the sentencing district and exists as a matter of record. Where no commencement of supervised release has been docketed or recorded in the sentencing district, **there is nothing to transfer**.

Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction from the sentencing court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

**Prayer for Relief**

WHEREFORE, Defendant Gregory N. McKnight, having presented the foregoing to the U.S. Probation Office for the District of Wyoming and now the U.S. District Court for the District of Wyoming, respectfully requests that this Court enter an order:

a. Suspending all conditions of supervised release pending resolution of the Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan;

b. Directing the U.S. Probation Office for the District of Wyoming to cease enforcement of all supervised release conditions during the pendency of the EDMI motion; and

c. Granting such other and further relief as this Court deems just and proper.

**Due to the ongoing and irreparable nature of the harm described herein, Defendant requests that this motion be considered on an emergency basis**.

Respectfully submitted,
Date: May 1, 2026

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
   Plaintiff,

v.                                                    **Case No. 25-CR-00071-SWS**

GREGORY N. MCKNIGHT,
   Defendant.


**CERTIFICATE OF SERVICE**

I, Gregory N. McKnight, proceeding pro se, hereby certify that on May 1, 2026, I caused a true and correct copy of the foregoing Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment, together with all supporting documents, to be served upon the following parties by placing the same in the United States Mail, first-class postage prepaid, addressed as follows:

**Office of the United States Attorney**
**District of Wyoming**
**2120 Capitol Avenue, Suite 4002**
**Cheyenne, WY 82001**

**U.S. Probation Office**
**District of Wyoming**
**2120 Capitol Avenue, Room 7008**
**Cheyenne, WY 82001**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2026

_____
Gregory N. McKnight
Pro Se Defendant
405 Harshman St.
Rawlins, WY 82301

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,
   Plaintiff,

v.                                                          Case No. 25-CR-00071-SWS

GREGORY N. MCKNIGHT,
   Defendant.

## DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM VOID JUDGMENT

## EXHIBIT A

**Declaration of Gregory N. McKnight**

## DECLARATION OF GREGORY N. MCKNIGHT IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED RELEASE

I, Gregory N. McKnight, make this Declaration pursuant to 28 U.S.C. § 1746, under penalty of perjury. The following statements are true and correct to the best of my knowledge and belief. I am the Defendant in the above-captioned case and am proceeding pro se.

1. On April 30, 2026, I placed a telephone call to the U.S. Probation Office for the District of Wyoming. I spoke with the Deputy Chief of the Probation Office.

2. During the call, I informed the Deputy Chief that I had filed a Motion for Relief from Void Judgment (ECF No. 66) in the Eastern District of Michigan, Case No. 4:12-cr-20101-MAG-MJH, challenging the validity of the underlying criminal judgment.

3. I requested that the Probation Office suspend enforcement of all supervised release conditions pending resolution of the EDMI motion.

4. The Deputy Chief refused to suspend enforcement of supervised release conditions.

5. The Deputy Chief directed me to "take it up with the court."

6. During the same conversation, the Deputy Chief stated: "We are monitoring your payments."

This Declaration is submitted in support of Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2026, at Rawlins, Wyoming.

Gregory N. McKnight, Pro Se
405 Harshman Street
Rawlins, Wyoming 82301
mcgreg22060@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

UNITED STATES OF AMERICA,
  Plaintiff,

                                         **Case No. 25-CR-00071-SWS**

v.

GREGORY N. MCKNIGHT,
  Defendant.


**DEFENDANT'S EMERGENCY MOTION TO SUSPEND SUPERVISED
RELEASE PENDING RESOLUTION OF MOTION FOR RELIEF FROM
VOID JUDGMENT**


# EXHIBIT B

**Notice of Jurisdictional Defect**

# JURISDICTIONAL DEFECT NOTICE

**To:** U.S. Probation Office, District of Wyoming

**From:** Gregory N. McKnight

**Re:** Request for Supervisory Review – Supervised-Release Commencement and Jurisdiction

I am providing formal notice of a jurisdictional defect affecting my supervised release. This notice is not a refusal to comply. I am complying with all instructions while this issue is reviewed. My intent is to ensure that the record accurately reflects the statutory requirements governing commencement and jurisdiction.

**1. Supervised release can begin only in the sentencing district, and only after BOP releases the person from imprisonment.**

Under **18 U.S.C. § 3624(e)**, supervised release begins **only** when:

1. BOP releases the individual from imprisonment, and
2. The **sentencing district's probation office** receives the BOP Release Notification and initiates supervision.

I was not released from imprisonment on **12/20/2024**. I remained in **BOP custody** under the Federal Location Monitoring Program (FLMP). FLMP is legally considered **imprisonment**, not supervised release. Because I remained in BOP custody, supervised release could not begin on that date.

**2. The sentencing district (EDMI) never initiated supervision.**

The Eastern District of Michigan (EDMI) docket contains:

- **no BOP release notice**,
- **no probation intake**,
- **no supervised-release commencement entry**, and
- **no § 3605 transfer order**.

If EDMI had initiated supervision, the Clerk would have been required to docket a commencement entry. No such entry exists. This confirms that EDMI never initiated supervised release under § 3624(e).

**3. Wyoming cannot initiate supervised release for a sentence imposed in another district.**

Under **18 U.S.C. § 3605**, a receiving district may accept jurisdiction **only after** the sentencing district has:

1. lawfully commenced supervision, and
2. transferred jurisdiction.

Because EDMI never commenced supervision and never (lawfully) transferred jurisdiction, Wyoming had no statutory authority to initiate supervision or assign a start date.

**4. The PROB-22 form is circular and cannot establish jurisdiction.**

The PROB-22 lists a supervised-release start date of **12/20/2024**, but that date did **not** originate from EDMI. It appears to have been generated in Wyoming.

Wyoming then used that Wyoming-generated date to:

- treat supervision as already "in effect,"
- justify accepting a transfer, and
- enforce conditions.

This is circular:

**Wyoming supplied the start date → Wyoming used the start date to justify the transfer → Wyoming used the transfer to justify the start date.**

A receiving district cannot create the very condition (a valid, existing term of supervised release) that § 3605 requires **before** a transfer can occur.

**5. Clemency does not authorize Wyoming to initiate supervised release.**

If the 12/20/2024 date was derived from the Presidential clemency grant, that reliance is misplaced. Clemency may end imprisonment, but it does **not**:

- commence supervised release,
- assign a supervised-release start date,
- transfer jurisdiction, or
- empower a receiving district to initiate supervision.

**Only the sentencing district may commence supervision under § 3624(e).**

**6. Wyoming's intake cannot substitute for EDMI's commencement.**

There are two types of intake:

- **Sentencing-district intake (EDMI)** – jurisdictional, administrative, and required to start supervision.
- **Receiving-district intake (Wyoming)** – procedural only, and valid **only after** EDMI has commenced and transferred supervision.

Wyoming's intake cannot cure the absence of EDMI's commencement.

**7. I am complying under protest until the Court resolves this issue.**

I am **not** refusing supervision or lawful authority. I am requesting clarification because the statutory prerequisites for supervised-release commencement and transfer do not appear to have been met.

**8. Request for supervisory review and transmission to the Court.**

Because this issue concerns **jurisdiction**, not conduct, it is outside the authority of an individual probation officer to resolve. I respectfully request:

1. Supervisory review, and
2. Transmission of this notice to the Court for clarification of:

  - the lawful supervised-release commencement date,
  - whether EDMI initiated supervision under § 3624(e), and
  - whether jurisdiction validly transferred under § 3605.

Thank you for your attention to this matter.


/s/ **Gregory N. McKnight**
**405 Harshman St.**
**Rawlins, WY 82301**

**Date: 4/27/2026**

Gregory N. McKnight
Pro Se Defendant
405 Harshman St.
Rawlins, WY
May 1, 2026



Clerk of Court
United States District Court
District of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

**Re: United States v. McKnight, Case No. 25-CR-00071-SWS — Filing of Defendant's Emergency Motion to Suspend Supervised Release**

Dear Clerk of Court:

Defendant Gregory N. McKnight, proceeding pro se, respectfully submits for filing the enclosed Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment, together with all supporting documents, in the above-captioned matter. Mr. McKnight respectfully requests that the Clerk docket the enclosed materials at the Court's earliest convenience.

The following documents are enclosed herewith for filing:

- Defendant's Emergency Motion to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment
- Exhibit A Cover Sheet
- Declaration of Gregory N. McKnight (Exhibit A)
- Exhibit B Cover Sheet
- Notice of Jurisdictional Defect (Exhibit B)
- Certificate of Service

Mr. McKnight sincerely thanks the Clerk of Court for their time and valued assistance in this matter. Should the Court require any additional information, clarification, or documentation, Mr. McKnight is available at the address set forth above and will respond promptly to any inquiry. He genuinely appreciates the Court's attention to this filing and the professionalism with which the Office of the Clerk serves all parties.

Respectfully submitted,

Gregory N. McKnight
Pro Se Defendant
Rawlins, WY

Retail



U.S. POSTAGE PAID
RAWLINS, WY 82301
MAY 02, 2026

82001

**$13.25**

RDC 03    0 Lb 5.60 Oz    S2324W500621-11

*PRESS FIRMLY TO SEAL*

TY®

★

SPECIFIED*

NCLUDED*

ED*

Gregory McKnight
405 Harshman St.
Rawlins, WY 82301

**Clerk of Court**
**United States District Court**
**District of Wyoming**
**2120 Capitol Avenue, Room 2131**
**Cheyenne, WY 82001**

EXPECTED DELIVERY DAY: 05/06/26

USPS TRACKING® #



9505 5106 0597 6122 6661 57

IT US AT USPS.COM®
ER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE**®

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14L © U.S. Postal Service; February 2014; All rights reserved.

**FILED**



**4:14 pm, 5/5/26**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

Plaintiff,

VS.

GREGORY MCKNIGHT,

Defendant,

Case No.  25-CR-00071

**ORDER DENYING DEFENDANT'S "EMERGENCY MOTION TO SUSPEND
SUPERVISED RELEASE PENDING RESOLUTION OF MOTION FOR
RELIEF FROM VOID JUDGMENT"**

This matter is before the Court on Defendant's pro se "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). More specifically, Defendant asks this Court to suspend all conditions of his supervised release while the Eastern District of Michigan considers his pending Motion for Relief from Void Judgment. (*Id*. at 2). Having reviewed Defendant's Motion and the record, and having reviewed the record in *USA v. McKnight*, No. 12-cr-20101 (E.D. Mich. 2012) (the "E.D. Mich. Docket"), for the reasons that follow, Defendant's motion is denied.

In 2013, Defendant was sentenced in the Eastern District of Michigan to 188 months followed by 3 years of supervised release for wire fraud in connection with a Ponzi scheme. (ECF No 4 at 1; ECF No. 7 at 1). Defendant incurred a grant of executive clemency which

left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence." (ECF No. 7 at 2). Defendant's term of supervised release commenced on December 20, 2024. (Id. at 1; ECF No. 65, E.D. Mich. Docket). In 2025, jurisdiction over Defendant's supervision was properly transferred to the District of Wyoming. (ECF No. 65, E.D. Mich. Docket; ECF Nos. 1, 7 at 2).

In Wyoming, attempting to exhaust every avenue to terminate his supervised release, Defendant has filed a slew of baseless motions in this Court. After just over a year on supervised release, Defendant filed a Motion to terminate his supervised release on December 22, 2025 (ECF No. 2), which was denied by this Court. (ECF No. 5). Thereafter, throughout February and March of 2026, Defendant filed a Motion for Reconsideration (ECF No. 6) and Request for Appointment of Counsel, (ECF No. 8), both of which were denied. (ECF No. 9). On March 16, Defendant then filed a renewed Motion to Appoint Counsel (ECF No. 10), which was also denied. (ECF No. 11). On March 25, he filed a Motion for Updated Restitution Accounting and on April 8, filed a Motion to Compel "Production of Restitution Accounting, Receiver Materials, and Related Documents" (ECF No. 12, 14), which were also denied. (ECF No. 13, 18).

On May 4, 2026, Defendant filed this "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment." (ECF No. 19). In the motion, Defendant requests that this Court suspend the conditions of his supervised release because "if the EDMI judgment is void, the supervised release conditions imposed in this District are necessarily without legal foundation. Continued enforcement of

conditions derived from a potentially void judgment causes ongoing and irreparable harm to Defendant." (*Id.* at 2).

Defendant also argues that because no supervised release commencement documentation was docketed or recorded on the Eastern District of Michigan Docket, "supervised release never formally commenced in the sentencing district," and his supervised release does not exist. (*Id.*). He notes:

> Wyoming's authority to supervise Defendant and enforce supervised release conditions flows entirely from a valid transfer of jurisdiction in the sentencing Court. If supervised release never formally commenced in the Eastern District of Michigan, the purported transfer to Wyoming was without legal foundation, and Wyoming's current enforcement of supervised release conditions is entirely without jurisdiction.

(*Id.*).

This Court declines to suspend supervised release simply because Defendant has filed a Motion for Relief from Void Judgment in the Eastern District of Michigan, and there is simply no legal basis to do so.

Additionally, even if Defendant's contentions were correct that "supervised release never formally commenced in the sentencing district," this would not void this Court's jurisdiction over Defendant's supervised release. Contrary to Defendant's assertion, supervised release *did* commence in the sentencing court, and ECF No. 65 on the E.D. Mich. docket confirms Defendant's supervised release commencement date of December 20, 2024. (E.D. Mich. Case 12-CR-20201; ECF No. 65). Second, the Court has reviewed the dockets in Wyoming and the Eastern District of Michigan and confirmed jurisdiction over Defendant's supervised release was properly transferred to this Court. *Id.* (See also Wyo. Case No. 25-CR-071;

ECF No. 1—Transfer of Jurisdiction). Accordingly, there is no legal basis entitling Defendant to the relief he seeks and has only confirmed his need for continued supervision.

## CONCLUSION & ORDER

For those reasons set forth above, Defendant's "Emergency MOTION to Suspend Supervised Release Pending Resolution of Motion for Relief from Void Judgment" (ECF No. 19) is hereby **DENIED**.


Dated this <u>6th</u> day of May, 2026.



Scott W. Skavdahl
United States District Judge

# NOTICE OF APPEAL
## United States District Court District of Wyoming

**United States of America,**
**Plaintiff,**

v.

**Gregory N. McKnight,**
**Defendant.**

Case No. **25-CR-00071**

## NOTICE OF APPEAL

Notice is hereby given that **Gregory N. McKnight**, Defendant in the above-captioned case, appeals to the **United States Court of Appeals for the Tenth Circuit** from the district court's order entered on **5/5/2026**, denying Defendant's **Emergency Motion to Suspend Supervised Release Pending Resolution of Jurisdictional Challenge** and related relief.

The order appealed from is final and appealable.
Dated: **5/8/2026**

Respectfully submitted,

**Gregory N. McKnight**
Defendant, pro se

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAY 11 2026
1:40 p.m.
Margaret Botkins, Clerk
Cheyenne

G. McKnight
405 Harshman St,
Rawlins, WY 82301

Clerk of Court
U.S. District Court for the
District of Wyoming
2120 Capitol Avenue
Room 2131
Cheyenne, WY 82001

MAY 07 2026
USPS

8200153658 C015

WYD 110